1   GARY M. BUFF
2   Acting Regional Solicitor
    MARY K. ALEJANDRO
3   Counsel for ESA Programs
    **JAN M. COPLICK, Senior Trial Attorney**
4   *Designated Counsel for Service*
    California State Bar Number 124503
5   Office of the Solicitor
6   United States Department of Labor
    71 Stevenson Street, Suite 1110
7   San Francisco, California 94105
8
    Telephone:  (415) 975-4480
9   Facsimile:  (415) 975-4495
10
11                  UNITED STATES DISTRICT COURT

12                  EASTERN DISTRICT OF CALIFORNIA

13  ELAINE CHAO, SECRETARY OF LABOR, )   CIVIL ACTION NO.
14  UNITED STATES DEPARTMENT OF      )
    LABOR,                           )
15                                   )   COMPLAINT - LABOR
                         Plaintiff,  )
16        v.                         )
                                     )
17  JASMINE HALL CARE HOMES, INC., a )
18  corporation, HALL CARE HOMES, INC., a )
    corporation, GEORGE K. HALL, an  )
19  individual, and ESTELA HALL an individual, )
                                     )
20                       Defendants. )
21  _____ )

22                              I

23        Plaintiff brings this action, pursuant to Section 17 of the Fair Labor Standards Act of

24  1938, as amended (29 U.S.C. § 201 *et seq.,* hereinafter called "the Act" ), to enjoin Defendants

25  JASMINE HALL CARE HOMES, INC., a corporation, HALL CARE HOMES, INC., a

26  corporation, GEORGE K. HALL, an individual, and ESTELA HALL an individual (hereafter

27  collectively referred to as the "Employer" or "Defendants") from violating the provisions of

28

**COMPLAINT** *(FAIR LABOR STANDARDS ACT)*                          - 1

Sections 15(a)(2) and 15(a)(5) of the Act.  Plaintiff also separately brings this action (1)

pursuant to Section 16(c) of the Act for the recovery of a Judgment against Defendants for

unpaid minimum wage and overtime compensation due Defendants' employees and liquidated

damages in an amount equal thereto; or, in the event liquidated damages are not awarded, (2)

pursuant to Section 17 of the Act for recovery of a Judgment restraining Defendants from

withholding payment of unpaid minimum wage and overtime compensation due Defendants'

employees plus pre-judgment interest computed thereon.

II

Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act

and 28 U.S.C. § § 1331 and 1345.

III

(a)      Defendant JASMINE HALL CARE HOMES, INC. is a corporation with an office

located at 6433 South Land Park Drive, Sacramento, California, 95831, within the jurisdiction

of this Court, where it is engaged in the business of operating Residential Adult Facilities for

severely developmentally disabled adults in the Sacramento area.

(b)      Defendant HALL CARE HOMES, INC. is a corporation with an office located at

6433 South Land Park Drive, Sacramento, California, 95831, within the jurisdiction of this

Court, where it is engaged in the business of operating Residential Adult Facilities for severely

developmentally disabled adults in the Sacramento area.

(c)  Defendant GEORGE K. HALL, an individual, is the President and owner of both

defendant corporations, and also operates, as a sole proprietor, one or more additional

Residential Adult Facilities for severely developmentally disabled adults in the Sacramento

area under the fictitious business name of Jasmine Hall Residential Care Homes, which has an

office at 6433 South Land Park, Sacramento, California, 95831, within the jurisdiction of this Court.  Moreover, at all material times hereto, the said individual Defendant GEORGE K. HALL has acted and acts directly or indirectly in the interest of the Employer in relation to the employees listed on Exhibit A to this Complaint.

(d)  Defendant ESTELA HALL, an individual, is the Operations Manager of the Employer and the wife or former wife of Defendant GEORGE K. HALL.  At all material times hereto, Defendant ESTELA HALL has acted and acts directly or indirectly in the interest of the Employer in relation to the employees listed on Exhibit A to this Complaint.

IV

At all times hereinafter mentioned, Defendants have employed and are employing, employees in and about their places of business in ordering, receiving, preparing, storing and handling goods and materials that have been transported, shipped, or delivered from points outside the State of California in preparing, transmitting, mailing, or receiving transmissions, reports, letters, correspondence, billings, or remittances to and from points outside the State of California and in using the facilities of commerce.  Said employees, by reason of these activities, were and are engaged in commerce within the meaning of the Act.

V

At all times hereinafter mentioned, Defendants employed and are employing, employees in and about their places of business in handling, preparing or otherwise working on equipment and other goods or materials which have been transported, shipped or delivered to places within the State of California from places outside the state and which were produced for commerce.

\ \

VI

At all times hereinafter mentioned, the activities of Defendants (referred to in paragraphs III, IV, and V above) were and are related and performed through unified operation or common control for a common business purpose, and constitute an enterprise within the meaning of Section 3(r)(1) of the Act.

VII

Said enterprise has, and at all times relevant to this complaint has had, employees engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods or materials which have been moved in or produced for commerce, and said enterprise has, and at all times relevant to this complaint has had, an annual gross volume of sales made or business done (exclusive of any excise taxes at the retail level, if any, which were separately stated) of not less than $500,000; and said enterprise constitutes, and at all times relevant to this complaint has constituted, an "enterprise engaged in commerce or in the production of goods for commerce" as defined in Section 3(s) of the Act.

VIII

At all times hereinafter mentioned, Defendants constituted an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(B) of the Act, as Defendants were engaged in the operation of  institutions primarily engaged in the residential care of mentally ill and mentally handicapped adults who resided on the premises of such institutions.

IX

Defendants repeatedly have violated and are violating the provisions of Sections 6 and

15(a)(2) of the Act by employing many of their employees engaged in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, at wages less than the applicable minimum hourly wage.

X

Defendants repeatedly have violated and are violating the provisions of Sections 7 and 15(a)(2) of the Act by employing many of its employees engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours since June 1, 2002, without compensating said employees for their employment in excess of 40 hours in such work weeks at rates not less than one and one-half the regular rates at which they were employed.

XI

Defendants repeatedly have violated and are violating the provisions of Sections11(c) and 15(a)(5) of the Act, in that since June 1, 2002, they have failed to make, keep and preserve records of many of their employees and of the wages, hours and other conditions and practices of employment maintained by it, as prescribed by the regulations promulgated under Section 11(c) of the Act at 29 C.F.R. Part 516, in that the records kept by Defendants failed to show the hours actually worked each workday and each workweek, the basis upon which wages are paid, and the total straight time and overtime earnings for each workweek, with respect to many of its current and former employees.

XII

During the period since June 1, 2002, Defendants have willfully violated and are willfully violating the aforesaid provisions of the Act.

XIII

Defendants violated the monetary provisions of the Act as alleged in paragraphs IX and

**COMPLAINT** *(FAIR LABOR STANDARDS ACT)*                                                         - 5

X above, and, as a result, Defendants are liable for unpaid minimum wage and overtime compensation and an equal amount in liquidated damages under Section 16(c) of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for a Judgment against Defendants as follows:

(1) For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and all persons acting in their behalf and interest from prospectively violating the provisions of Sections 15(a)(2) and 15(a)(5) of the Act; and

(2) For an Order:

(a) Pursuant to Section 16(c) of the Act, finding Defendants liable for unpaid minimum wage and overtime compensation found by the Court to be due Defendants' employees, or, in the event liquidated damages are not awarded,

(b) Pursuant to Section 17 of the Act, enjoining and restraining Defendants, their officers, agents, servants, employees, and all persons acting in their behalf and interest from withholding payment of unpaid minimum wage and overtime compensation found due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621; and

(3) For an Order awarding Plaintiff the costs of this action; and

\\

\\

\\

\\

\\

(4) For an Order granting such other and further relief as may be necessary and appropriate.

DATED this _____ day of June, 2005.

HOWARD M. RADZELY
Solicitor of Labor

GARY M. BUFF
Acting Regional Solicitor

MARY K. ALEJANDRO
Counsel for ESA Programs

JAN M. COPLICK
Senior Trial Attorney


By: _____
JAN M. COPLICK

U.S. DEPARTMENT OF LABOR
Counsel for Plaintiff, U.S. Dept. of Labor

EXHIBIT A

|    | Employee Last Name | Employee First Name |
|----|--------------------|---------------------|
| 1  | ALMENDRAS          | FELICIANO           |
| 2  | ALMENDRAS          | LOURDES             |
| 3  | ALMENDRAS          | OLIVER              |
| 4  | ARREOLA            | REBECCA             |
| 5  | BAGANSA            | ERLINDA             |
| 6  | DARWIN             | ANTONIO             |
| 7  | DARWIN             | GRACE               |
| 8  | DISSANAYAKA        | PRIYANKA            |
| 9  | GLOVER             | JOYCE               |
| 10 | GREENE             | DARIN               |
| 11 | LASTIMOSA          | JOSEFA              |
| 12 | LOWERY             | VALERIE             |
| 13 | MAGPALI            | TERESITA            |
| 14 | MANGOSING          | LOZVIMINDA          |
| 15 | MANGOSING          | SERGIO              |
| 16 | MANTEAW            | SAMUEL              |
| 17 | MATA               | GLORIA              |
| 18 | MENDOZA            | LUZON               |
| 19 | MENDOZA            | ROSA                |
| 20 | PILAR              | EMILIANA            |
| 21 | PILAR              | MILIANO             |
| 22 | SADUCOS            | ADELAIDE            |
| 23 | SANTIAGO           | JOSEFINA            |
| 24 | SANTIAGO           | LARRY               |
| 25 | SANTIAGO           | LEO                 |
| 26 | SANTIAGO           | LUZ                 |

| 27 | SANTIAGO | VIRGINIA |
| 28 | STEPHENSON-MINOR | MAUREEN |
| 29 | TAMAKLOE | LENA |
| 30 | TETTEH | MABEL |
| 31 | VASQUEZ | JOSEFA |

**COMPLAINT** (FAIR LABOR STANDARDS ACT)