UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JASMINE HALL CARE HOMES, INC., a corporation, HALL CARE HOMES, INC., a corporation, GEORGE K. HALL, an individual, and ESTELA HALL, an individual,<br><br>　　　　　　　　Defendants. | 2:05-cv-01306-GEB-KJM<br><br><u>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE AND FED. R. CIV. P. 4(m) NOTICE</u> |

　　　　The Order Setting Status (Pretrial Scheduling) Conference filed on June 29, 2005, scheduled a status conference in this case for October 3, 2005, and required the parties to file a joint status report no later than fourteen days prior to the scheduling conference. The Order further required that a status report be filed regardless of whether a joint report could be procured.[1]  No status report was filed

---

[1]　　As the Order states:

　　　　The failure of one or more of the parties to participate in the preparation of the Joint Status Report does not excuse the other parties from their obligation to timely file

(continued...)

1

1 as ordered.

2      Plaintiff is Ordered to Show Cause (OSC) no later than 4:00
3 p.m. on November 28, 2005, why sanctions should not be imposed under
4 Rule 16(f) of the Federal Rules of Civil Procedure against counsel
5 and/or Plaintiff for the failure to file a timely status report, as
6 ordered.  The written response shall state whether Plaintiff or her
7 counsel is at fault and whether a hearing is requested on the OSC.[2]
8 If a hearing is requested, it will be held on December 12, 2005, at
9 9:00 a.m., just prior to the status conference, which is rescheduled
10 to that date.  In accordance with the requirements set forth in the
11 June 29 Order, the parties are to file a joint status report no later
12 than November 28, 2005.

13      Further, Plaintiff is hereby notified that any Defendant not
14 served by October 26, 2005, could be dismissed from this action
15 without prejudice under Federal Rule of Civil Procedure 4(m).  To
16 avoid dismissal, a proof of service shall be filed for each served
17 Defendant no later than October 31, 2005.  However, if Plaintiff
18 believes she has good cause to justify extension of Rule 4(m)'s 120-

---

[1](...continued)
        a status report in accordance with this
        Order.  In the event a party fails to
        participate as ordered, the party timely
        submitting the status report shall include a
        declaration explaining why it was unable to
        obtain the cooperation of the other party or
        parties.
Order filed June 29 Order at 2 n. 1.

[2] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2

1 | day service period for a defendant, that shall be shown in a
2 | declaration required to be filed no later than October 31, 2005.
3 |
4 |        IT IS SO ORDERED.
5 | Dated: September 21, 2005
6 |        /s/ Garland E. Burrell, Jr.
7 |        GARLAND E. BURRELL, JR.
       United States District Judge