1 | LINDBERGH PORTER, JR. (BAR NO. 100091)
BALDWIN J. LEE (BAR NO. 187413)
2 | ALLEN MATKINS LECK GAMBLE & MALLORY LLP
Three Embarcadero Center, 12th Floor
3 | San Francisco, CA  94111-4074
Phone:  (415) 837-1515
4 | Fax:  (415) 837-1516
E-Mail:  lporter@allenmatkins.com
5 |         blee@allenmatkins.com

6 | Attorneys for Defendants
JASMINE HALL CARE HOMES, INC., HALL
7 | CASE HOMES, INC., GEORGE K. HALL, AND
ESTELA HALL
8

9 | UNITED STATES DISTRICT COURT

10 | EASTERN DISTRICT OF CALIFORNIA

11

12 | ELAINE CHAO, SECRETARY OF | Case No. 2:05-CV-1306-GEB-KHM
LABOR, UNITED STATES |
13 | DEPARTMENT OF LABOR, | **ANSWER OF DEFENDANTS**

14 |            Plaintiffs, |

15 |      vs. |

16 | JASMINE HALL CARE HOMES, INC., a |
corporation, HALL CARE HOMES, INC., a |
17 | corporation, GEORGE K. HALL, an |
individual, and ESTELA HALL, an |
18 | individual , |

19 |            Defendants. |

20

21

22 |      Defendants Jasmine Hall Care Homes, Inc., Hall Care Homes, Inc., George K. Hall,

23 | and Estela Hall (collectively, "Defendants"), hereby answers the Complaint as follows:

24 |      1.     The allegations in Paragraph I contain statements of law to which no

25 | response is required.  To the extent that a response is required Defendants each deny the

26 | allegations contained in Paragraph 1.

27 |      2.     The allegations in Paragraph II contain statements of law to which no

28 | response is required.

Allen Matkins Leck
Gamble & Mallory LLP
attorneys at law

660633.01/SF

-1-

Case No.  3:05-CV01175 MHP
ANSWER

3.      Defendants admit that Jasmine Hall Care Homes, Inc. is a corporation with an office located at 6433 South Land Park Drive, Sacramento, California 94831. Defendants admit that Jasmine Hall Care Homes, Inc. is engaged in the business of operating residential adult facilities, including for a range of developmentally disabled adults in the Sacramento area.  Defendants admit that Jasmine Hall Care Homes, Inc. provides services in the Sacramento area and is subject to the personal jurisdiction of this Court.  Defendants admit that Hall Care Homes, Inc. is a corporation with an office located at 6433 South Land Park Drive, Sacramento, California 94831.  Defendants admit that Hall Care Homes, Inc. is engaged in the business of operating residential facilities, including for a range of developmentally disabled or impaired adults in the Sacramento area. Defendants admit that Jasmine Hall Care Homes, Inc. provides services in the Sacramento area and is subject to the personal jurisdiction of this Court.  Defendants admit that George K. Hall is president and owner of Jasmine Hall Care Homes, Inc. and Hall Care Homes, Inc.  Defendants admit that George K. Hall does business under the fictitious business name of Jasmine Hall Residential Care Homes, providing residential facilities, including for a range of developmentally disabled or impaired adults in the Sacramento area. Defendants admit that George K. Hall is subject to the personal jurisdiction of this court. Defendants admit that George Hall at times had interactions on behalf of Defendants with employees listed in Exhibit A to the complaint.  Defendants admit that Estela Hall is the wife or former wife of George K. Hall.  Defendants admit that Estela Hall is Operations Manager of the corporate defendants.  Defendants admit that at times Estella Hall had interactions on Defendants' behalf with the employees listed in Exhibit A to the complaint. To the extent there are any other allegations contained in Paragraph III, Defendants each deny those allegations.

4.      Defendants each deny the allegations contained in Paragraph IV of Plaintiff's Complaint.

5.      Defendants each deny the allegations contained in Paragraph V of Plaintiff's Complaint.

Allen Matkins Leck
Gamble & Mallory LLP
attorneys at law

660633.01/SF

-2-

Case No.  3:05-CV2722 MHP
ANSWER

6.      The allegations of Paragraph VI contain statements of law, to which no response is required.  To the extent response is required, Defendants each admit they, together or separately, engage in commerce by operating residential facilities for a range of developmentally disabled or impaired persons .

7.      Defendants admit that Jasmine Hall Care Homes receives more than $500,000 in annual gross revenue.  Defendants deny the remaining allegations of Paragraph VII of Plaintiff's Complaint.

8.      The allegations of Paragraph VIII contain statements of law, to which no response is required.  To the extent response is required, Defendants admit they, together or separately, engage in commerce by operating residential facilities for a range of developmentally disabled or impaired persons.

9.      Defendants each deny the allegations contained in Paragraph IX of Plaintiff's Complaint.

10.     Defendants each deny the allegations contained in Paragraph X of Plaintiff's Complaint.

11.     Defendants each deny the allegations contained in Paragraph XI of Plaintiff's Complaint.

12.     Defendants each deny the allegations contained in Paragraph XII of Plaintiff's Complaint.

13.     Defendants each deny the allegations contained in Paragraph XIII of Plaintiff's Complaint.

DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, Defendants allege the following defenses.  In asserting these defenses, Defendants do not assume the burden of proof as to matters that, as a matter of law, are Plaintiff's burden to prove.

Allen Matkins Leck
Gamble & Mallory LLP
attorneys at law

660633.01/SF

-3-

Case No.  3:05-CV2722 MHP
ANSWER

1

## First Defense

2 The Complaint, and each purported cause of action contained therein, is barred to

3 the extent it seeks relief and/or recovery for persons who have been paid all sums legally

4 due under the Fair Labor Standards Act ("FLSA").

5

## Second Defense

6 Some or all of the disputed time for which the Complaint seeks recovery is not

7 compensable pursuant to the doctrine of de minimis non curat lex.

8

## Third Defense

9 Some or all of the disputed time for which the Complaint seeks recovery is non-

10 compensable sleeping time or other non-compensable non-working time.

11

## Fourth Defense

12 The Complaint, and each purported cause of action alleged therein, is barred by the

13 provisions of the Portal-to-Portal Act (29 U.S.C. § 254) as to all hours which the

14 employees the Complaint seeks to cover were engaged in preliminary or postliminary

15 activities.

16

## Fifth Defense

17 The Complaint, and each purported cause of action alleged therein, is barred to the

18 extent it seeks relief and/or recovery on behalf of persons who were and are properly

19 classified as exempt employees under the executive, professional, and/or administrative

20 exemptions.

21

## Sixth Defense

22 Some or all of the purported causes of action alleged in the Complaint are barred in

23 whole or in part by the equitable doctrines of laches, avoidable consequences, waiver,

24 estoppel, and/or unclean hands.

25

## Seventh Defense

26 The Complaint, and each purported cause of action alleged therein, is barred in

27 whole or in part by all applicable statutes of limitation.

28

Allen Matkins Leck
Gamble & Mallory LLP
attorneys at law

660633.01/SF

-4-

Case No.  3:05-CV2722 MHP
ANSWER

1

**Eighth Defense**

2      Each Defendant asserts that he/she/it did not willfully fail to comply with the

3 compensation provisions of the FLSA but rather acted in good faith and had reasonable

4 grounds for believing he/she/it did not violate them.

5

**PRAYER FOR RELIEF**

6      WHEREFORE, Defendant prays as follows:

7      1.      Plaintiff takes nothing by the Complaint and the Complaint be dismissed

8 with prejudice;

9      2.      For Costs of suit and reasonable attorneys' fees incurred herein; and

10      3.      For such other and further relief as this Court deems proper.

11 Dated:  November 23, 2005                 ALLEN MATKINS LECK GAMBLE &
                                            MALLORY LLP
12                                          LINDBERGH PORTER, JR.
                                            BALDWIN J. LEE
13

14                                    By: _____

15                                          LINDBERGH PORTER, JR.
                                            Attorneys for Defendants

16

17

18

19

20

21

22

23

24

25

26

27

28

Allen Matkins Leck
Gamble & Mallory LLP
attorneys at law

660633.01/SF

Case No.  3:05-CV2722 MHP
ANSWER