IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE CHAO, SECRETARY OF LABOR UNITED STATES DEPARTMENT OF LABOR, <br><br>  Plaintiff, <br><br>  v. <br><br> JASMINE HALL CARE HOMES, INC., a corporation, HALL CARE HOMES, INC., a corporation, GEORGE K. HALL, an individual, and ESTELA HALL, an individual, <br><br>  Defendants. | 2:05-cv-1306-GEB-KJM <br><br> <u>STATUS (PRETRIAL SCHEDULING) ORDER</u> |

      The status (pretrial scheduling) conference scheduled in this case for December 12, 2005, is vacated since the Joint Status Report ("JSR") submitted by the parties indicates that the following Order should issue.

      <u>MOTION TO SET ASIDE DEFAULT AND DEFENDANTS' ANSWER</u>

      On November 23, 2005, Defendants filed a motion to set aside the default entered against Defendants on November 18, 2005. In the JSR, Plaintiff states that she does not oppose the motion. Therefore, the default entered against Defendants on November 18, 2005, is set

aside.  Defendants have five days from the date on which this Status (Pretrial Scheduling) Order is filed to file and serve the Answer attached to their November 23, 2005, Motion to Set Aside Default.[1]

### SERVICE OF PROCESS

No further service is permitted, except with leave of Court, good cause having been shown.

### JOINDER OF ADDITIONAL PARTIES/AMENDMENT

Plaintiff states in the JSR that "Plaintiff may later seek to amend her Complaint to encompass the employees of one or more additional residential care facilities that Plaintiff understands to have been recently acquired by Defendant George Hall."  (JSR at 2.) Plaintiff fails to apprize the Court when her motion seeking leave to amend would be filed.[2]  Therefore, Plaintiff has 90 days from the date

---

[1] If the Answer referenced in the JSR on page 2 is different from the Answer attached to Defendants' November 23 Motion, Defendants have leave to file the Answer referenced on page 2 of the JSR.

[2] Pursuant to Rule 16, a party has an obligation to assist the Court in "fashioning workable programmatic procedures" concerning anticipated amendments.  In re San Juan Dupont Plaza Hotel Fire Litig., 111 F.3d 220, 229 (1st Cir. 1997).

> Parties anticipating possible amendments . . . have an 'unflagging obligation' to alert the Rule 16 scheduling judge of the . . . timing of such anticipated amendments in their status reports so that the judge can consider whether such amendments may properly be sought solely under the Rule 15(a) standard, and whether structuring discovery pertinent to the parties' decision whether to amend is feasible.  See Veranda Beach [Club Ltd. Partnership v. Western Sur. Co.], 936 F.2d [1364,] 1371 [(1st Cir. 1991)]; 3 Moore's Federal Practice at § 16.36[3][c] ("Addressing these matters assertively early in the pretrial period . . . [is] essential to coherent case development planning, and can avoid the delays and the wasteful repetition of discovery events that are often
> (continued...)

this Status Order is filed to seek leave to file the amended complaint referenced above. The motion must be noticed for hearing on the undersigned judge's earliest available regular law and motion calendar, and will be decided under the standard prescribed in Federal Rule of Civil Procedure 15. No further amendments to pleadings is permitted except with leave of Court, good cause having been shown. No joinder of parties is permitted except with leave of Court, good cause having been shown.

## DISCOVERY

(a) All discovery shall be completed by December 20, 2006. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[3]

(b) Each party shall comply with the initial expert witness disclosure and report requirements of Federal Rule of Civil Procedure 26(a)(2) on or before July 3, 2006, and with the rebuttal expert disclosures authorized under the Rule on or before August 21, 2006.

---

[2](...continued)
occasioned by amendments made later in the pretrial period.").

Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999).

[3] The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes. See Local Rule 72-302(c)(1). Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a jurist resolve discovery motions pursuant to the Local Rules.

MOTION HEARING SCHEDULE

The last hearing date for motions shall be February 20, 2007, at 9:00 a.m.[4]

Motions shall be filed in accordance with Local Rule 78-230(b). Opposition papers shall be filed in accordance with Local Rule 78-230(c). <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily</u>. <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial. <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a motion is appropriate only where:

(1) The Court is presented with newly discovered evidence that could not reasonably have been discovered prior to the filing of the party's motion or opposition papers;

(2) The Court committed clear error or the initial decision was manifestly unjust; or

(3) There is an intervening change in controlling law. A motion for reconsideration based on newly discovered evidence shall set forth, in detail, the reason why said evidence could not reasonably have been discovered prior to the filing of the party's motion or opposition papers. Motions for reconsideration shall comply with Local Rule 78-230(k) in all other respects.

---

[4] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

4

1    The parties are cautioned that an untimely motion
2 characterized as a motion in limine may be summarily denied.  A motion
3 in limine addresses the admissibility of evidence.

FINAL PRETRIAL CONFERENCE

5    The final pretrial conference is set for April 23, 2007, at
6 1:30 p.m.  The parties are cautioned that the lead attorney who WILL
7 TRY THE CASE for each party shall attend the final pretrial
8 conference.  In addition, all persons representing themselves and
9 appearing in propria persona must attend the pretrial conference.

10   The parties are warned that non-trialworthy issues could be
11 eliminated *sua sponte* "[i]f the pretrial conference discloses that no
12 material facts are in dispute and that the undisputed facts entitle
13 one of the parties to judgment as a matter of law."  Portsmouth Square
14 v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

15   The parties shall file a JOINT pretrial statement with the
16 Court not later than seven (7) days prior to the final pretrial
17 conference.[5]  The joint pretrial statement shall specify the issues
18 for trial.  The Court uses the parties' joint pretrial statement to
19 prepare its final pretrial order and could issue the final pretrial
20 order without holding the scheduled final pretrial conference.  See
21 Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no
22 requirement that the court hold a pretrial conference.").  The final
23 pretrial order supersedes the pleadings and controls the facts and

---

[5]    The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

1  issues which may be presented at trial.  Issues asserted in pleadings
2  which are not preserved for trial in the final pretrial order cannot
3  be raised at trial.  <u>Hotel Emp., et al. Health Tr. v. Elks Lodge 1450</u>,
4  827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the
5  pretrial order are eliminated from the action."); <u>Valley Ranch Dev.</u>
6  <u>Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an
7  issue omitted from the pretrial order is waived, even if it appeared
8  in the pleading); cf. <u>Raney v. District of Columbia</u>, 892 F. Supp. 283
9  (D.D.C. 1995) (refusing to modify the pretrial order to allow
10 assertion of a previously-pled statute of limitations defense);
11 <u>Olympia Co. v. Celotex Corp.</u>, 597 F. Supp. 285, 289 (E.D. La. 1984)
12 (indicating that "[a]ny factual contention, legal contention, any
13 claim for relief or defense in whole or in part, or affirmative matter
14 not set forth in [the pretrial statement] shall be deemed . . .
15 withdrawn, notwithstanding the contentions of any pleadings or other
16 papers previously filed [in the action]").
17       <u>If possible, at the time of filing the joint pretrial</u>
18 <u>statement counsel shall also email it in a format compatible with</u>
19 <u>WordPerfect to: geborders@caed.uscourts.gov</u>.
20                       SETTLEMENT CONFERENCE
21       No settlement conference is currently scheduled.  The
22 parties shall address in their joint pretrial statement whether they
23 wish to have a judge-assisted settlement conference.  If counsel wish
24 the Magistrate Judge to act as settlement judge, prior to scheduling
25 the settlement conference, a written stipulation must be filed that
26 waives disqualification of the judge on that basis.  <u>See</u> L. R. 16-
27 270(b).  If the parties wish to participate in Court-assisted
28

1  settlement prior to the final pretrial conference, they should contact
2  the Deputy Clerk.

### TRIAL SETTING

Trial is set for July 24, 2007, commencing at 9:00 a.m.

### MISCELLANEOUS

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause**.

IT IS SO ORDERED.

DATED: December 6, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge