IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br>           Plaintiff, <br><br>     v. <br><br> JASMINE HALL CARE HOMES, INC., a corporation, HALL CARE HOMES, INC., corporation, GEORGE K. HALL, an individual, and ESTELLA HALL, an individual, <br><br>           Defendants. | 2:05-cv-01306-GEB-KJM <br><br> ORDER |

On September 22, 2005, an Order to Show Cause (OSC) issued requiring Plaintiff to explain why sanctions should not be imposed against Plaintiff and/or her counsel because of Plaintiff's failure to timely file a status report in compliance with the Court's June 29, 2005, Order Setting Status (Pretrial Scheduling) Conference (hereafter referenced as "Rule 16 Order").[1]  On November 28, 2005, Plaintiff filed a timely Response to OSC and Declaration in Support of Plaintiff's Response to OSC.  In the Response, Plaintiff declined the

---

[1] Unless otherwise stated, all references to "Rule" are to Federal Rule of Civil Procedure 16.

1

opportunity for a hearing on the OSC.  (Pl.'s Response to OSC ("Response") at 1.)

Plaintiff's Response reveals that the failure to timely file a status report is due to the fault of Plaintiff's counsel, not Plaintiff.  The Response states that Plaintiff's counsel inadvertently failed to recognize when the status report was due, and that this "inadvertence was compounded by an aberration in the calendaring system in counsel's office."  (Id. at 2.)  Plaintiff's counsel argues that sanctions should not be imposed because a "three-day inadvertent delay" is "not a long delay," and because "the imposition of sanctions for this isolated mistake, entirely lacking in bad faith or contumaciousness, would not be just."  (Id. at 4-5.)  In support of her argument, Plaintiff's counsel cites to out-of circuit cases and a Ninth Circuit case that assessed "a District Court's imposition of sanctions under Rule 37. . . ."  (Id. at 4.)

However, the authority on which Plaintiff relies does not address the Ninth Circuit's application of Rule 16(f) to a situation where counsel's inattentiveness resulted in counsel's failure to comply with a Rule 16 scheduling event.  In Ayers v. City of Richmond, the Ninth Circuit upheld imposition of a sanction where counsel failed to appear for a settlement conference because the date "slipped by him."  895 F.2d 1267, 1270 (9th Cir. 1990); see Martin Family Trust v. Neco-Nostalgia Entr. Co., 186 F.R.D. 601 (E.D. Cal. 1999) (sanctioning plaintiff for failure to submit a status report notwithstanding plaintiff's excuse that it failed to file the status report because it was engaged in settlement negotiations).  Therefore, Plaintiff's counsel's failure to timely file a status report due to inadvertence of counsel is sanctionable conduct, even if that failure was an

2

isolated mistake lacking in contumaciousness.  <u>Ikerd v. Lacy</u>, 852 F.2d 1256, 1258-59 (10th Cir. 1988) (stating "neither contumacious attitude nor chronic failure is a necessary threshold to the imposition of sanctions" under Rule 16).

     Plaintiff's counsel argues that despite her inadvertence, sanctions should not be imposed because the "lack of prejudice to the other parties . . . is a substantial factor weighing against their issuance, given that one of the major purposes of sanctions under Rule 16 is 'to compensate opposing parties for inconvenience and expense . . . .'"  (Response at 5, quoting <u>In re Matter of the Sanction of Jay C. Baker</u>, 744 F.2d 1438, 1440-41 (10th Cir. 1984).) However, "[t]he primary purpose of sanctions [under Rule 16(f) . . . is to insure reasonable management requirements for case preparation." <u>In re Matter of the Sanction of Jay C. Baker</u>, 744 F.2d at 1441 (stating that "the text [of Rule 16] and the Notes of the Advisory Committee make clear that concerns about burdens on the court are to receive no less attention than concerns about burdens on opposing parties").  Thus, a court has discretion to impose sanctions under Rule 16(f), despite the lack of prejudice to opposing parties, "where necessary to insure . . . that lawyers . . . fulfill their high duty to ensure the expeditious and sound management of the preparation of cases for trial."  <u>Id.</u> at 1440.

     Judges should be expected to take action when Rule 16 filing deadlines are missed -- otherwise, deadlines cease to be meaningful.

> [The] trial judge has an independent responsibility to enforce the directives he has laid down for the case. . . . "Rules are rules – and the parties must play by them.  In the final analysis, the judicial process depends heavily on the judge's credibility.  To ensure such credibility, a district judge must often be firm

>           in managing crowded dockets and demanding
>           adherence to announced deadlines.  If he or she
>           sets a reasonable due date, parties should not be
>           allowed casually to flout it or painlessly to
>           escape the foreseeable consequences of
>           noncompliance."

Legault v. Zambarano, 105 F.3d 24, 28-29 (1st Cir. 1997) (quoting Mendez v. Banco Popular de Puerto Rico, 900 F.2d 4, 7 (1st Cir. 1990)).  "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.' . . . Disregard of the order would undermine the court's ability to control its docket . . . and reward the indolent and the cavalier."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992).  Therefore, it is imperative for counsel "to focus some attention on the importance of [filing documents on time] and of devising a system which will avoid tardiness and complicating delays in the administration of the business of the Court."  In re Allis, 531 F.2d 1391, 1393 (9th Cir. 1976).

Plaintiff's counsel states that the failure to timely file the status report was due to "a substantial press of case deadlines in other active litigation matters . . . which [she] was handling [herself]."  (Coplick Decl. ¶ 15.)  However, the "excuse . . . that attorneys labor under the pressure of deadlines [usually connotes that the attorneys failed to adequately manage cases].  Time is a precious luxury which, if not carefully budgeted, can be a powerful foe."  Dela Rosa v. Scottsdale Memorial Health Sys., 136 F.3d 1241, 1244 (9th Cir. 1998).  In addition, Plaintiff's counsel indicates her "inadvertent oversight was compounded by the fact that [her] office's usual back-up calendaring systems . . . had failed to catch the deadline . . . ."  (Coplick Decl. ¶ 19.)  However, when a non-attorney is given the task

4

of scheduling a Rule 16 deadline, "it should never be forgotten that the attorney of record is ultimately responsible for . . . [compliance with the deadline]."  Dela Rosa, 136 F.3d at 1244.

The only statements made by Plaintiff's counsel clearly indicating some acknowledgment of the need to timely file documents are located in the Declaration in Support of Plaintiff's Response to the OSC.  In the declaration, counsel states she "sincerely regrets any inconvenience which may have been caused to the Court," and explains that "immediately" upon learning of the calendaring error, an "emergency office meeting" was held to correct "the calendering system omission."  (Coplick Decl. ¶¶ 19, 21.)  Unlike the declaration, however, the Response to the OSC appears to indicate that the judge should not expect counsel to file documents when they are due, and should not be bothered when a document is three days late.  This response bristles with a contemptuous tone.  Plaintiff's counsel's apparent attitude evincing indifference as to whether Plaintiff timely complies with a Rule 16 scheduling order is disturbing and indicates that sanctions should issue to ensure that Plaintiff's counsel and other attorneys are deterred from being inattentive to Rule 16 scheduling dates.

Therefore, it is clear that a sanction could be, and perhaps ought to be, imposed because Plaintiff's counsel did not provide a sufficient justification to avoid a sanction.  However, a sanction will not be imposed at this time because unlike the Response to the OSC, Plaintiff's counsel's declaration shows acknowledgment of the need to timely comply with a Rule 16 scheduling date.  Plaintiff's counsel is warned that in the future, scheduling dates are to be complied with in a timely fashion, and that sanctions jurisprudence

5

1  will be re-visited if counsel fails to heed this warning.
2          IT IS SO ORDERED.
3  Dated:   December 6, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge