ALLEN MATKINS LECK GAMBLE
    MALLORY & NATSIS LLP
BALDWIN J. LEE (BAR NO. 187413)
JENNIE L. LEE (BAR NO. 191350)
Three Embarcadero Center, 12th Floor
San Francisco, CA  94111-4074
Phone:  (415) 837-1515
Fax:  (415) 837-1516
E-Mail:  blee@allenmatkins.com
            jlee@allenmatkins.com

Attorneys for Defendants
JASMINE HALL CARE HOMES, INC., HALL
CARE HOMES, INC., GEORGE K. HALL, AND
ESTELA HALL

OFFICE OF THE SOLICITOR
UNITED STATES DEPARTMENT OF LABOR
LAWRENCE BREWSTER
MARY K. ALEJANDRO
JAN M. COPLICK (BAR NO. 124503)
71 Stevenson Street, Suite 1110
San Francisco, CA  94105
E-Mail:  coplick.jan@dol.gov

Attorneys for Plaintiffs
ELAINE CHAO, SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiffs, <br><br> vs. <br><br> JASMINE HALL CARE HOMES, INC., a corporation, HALL CARE HOMES, INC., a corporation, GEORGE K. HALL, an individual, and ESTELA HALL, an individual, <br><br> Defendants. | Case No. 2:05-CV-01306-GEB-KHM <br><br> **STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS** |

IT IS HEREBY STIPULATED by and between Plaintiff ELAINE CHAO,

UNITED STATES DEPARTMENT OF LABOR and Defendants JASMINE HALL

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

680158.01/SF

Case No.  2:05-CV-1306-GEB-KHM
STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS

CARE HOMES, INC., HALL CARE HOMES, INC., GEORGE K. HALL, and ESTELA

HALL, through their undersigned counsel of record, with respect to the exchange of

certain documents between the parties in connection with this action, as follows:

1. <u>Designation of Confidential Documents</u>.  In the course of this action, the

parties have requested, and will request, each other to produce certain documents including

records regarding the medical condition, treatment and other personal information of non-

parties who are clients of the care facilities.  The party producing documents in response to

a request may contend that certain documents produced, or to be produced, constitute,

either in whole or in part, privileged, confidential and proprietary documents,

("Confidential Documents").  If a party designates a portion of a document as confidential,

only that portion shall be deemed a Confidential Document, and the remainder

(nonconfidential portion) of the document may be used without regard to this Protective

Order so long as the confidential portion is redacted.

2. <u>No Admission Regarding Admissible Evidence</u>.  In order to facilitate the

exchange of said Confidential Documents, the parties desire to enter into this Stipulation

and Protective Order permitting the use, copying, and disclosure of the Confidential

Documents.  Nothing herein is to be construed as an admission that any of the Confidential

Documents exchanged constitute admissible evidence.

3. <u>Handling of Confidential Documents</u>.  In response to a discovery request,

any party may, in good faith, designate any document produced by or to the other party as

a Confidential Document.  Any Confidential Documents hereafter supplied in written or

documentary form shall promptly be labeled "Confidential" either directly on the

document or on a separate cover sheet by the party claiming confidentiality.  In addition, a

party may, in writing, identify by Bates-stamp number a document it has produced as a

Confidential Document.  When Confidential Documents, or information contained in

them, are incorporated in a deposition transcript, arrangements shall be made with the

reporter by the party claiming confidentiality to label the confidential portions of the

transcript "Confidential."  Unless otherwise ordered by the Court, said documents will be

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP
680158.01/SF
-2-
Case No. 2:05-CV-1306-GEB-KHM
STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS

1   deemed Confidential Documents.  In addition, when Confidential Documents, or

2   information contained in them, are incorporated or used in connection with a law and

3   motion matter, the <u>party filing any such information in connection with the matter shall</u>

4   <u>seek permission from the Court for filing the information under seal, as provided by Local</u>

5   <u>Rule.</u>  ~~motions and/or documents containing such information shall be filed under seal with~~

6   ~~the Court.~~

7        4.    <u>Non-Disclosure of Confidential Documents</u>.  Neither the Confidential

8   Documents nor any of the information contained in the Confidential Documents shall be

9   disclosed to any person except the parties and their current counsel of record, and other

10  persons employed or retained by the parties' current counsel of record, and then only under

11  the terms and conditions set forth in this Stipulation and Protective Order.  For purposes of

12  the immediately preceding sentence, "parties" shall mean ELAINE CHAO, UNITED

13  STATES DEPARTMENT OF LABOR, and those individuals employed by JASMINE

14  HALL CARE HOMES, INC., HALL CARE HOMES, INC., GEORGE K. HALL, and

15  ESTELA HALL, disclosure to whom is reasonably necessary in the defense of this case.

16  The parties' counsel of record shall assure that persons employed or retained by them shall

17  strictly maintain the confidentiality of the Confidential Documents.  Moreover, the parties

18  specifically agree that the Confidential Documents shall not be used or disclosed by the

19  parties or their counsel of record other than in connection with this litigation and shall not

20  be used by the parties or their counsel of record in any other proceeding, except as

21  compelled by legal process.

22       5.    <u>Redaction of Private Information</u>.  The parties will adhere to Local Rule 39-

23  140 of the United States District Court for the Eastern District of California when

24  producing documents that contain private information such as financial account numbers,

25  social security numbers, dates of birth, and redact any information as required under

26  federal law.  In addition, the parties wish to preserve the privacy rights of third parties,

27  including Defendants' clients and/or consumers at the care facilities.  As such, the parties

28  specifically agree that when producing documents related to Defendants' clients and/or

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

680158.01/SF

-3-

Case No.  2:05-CV-1306-GEB-KHM
STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS

consumers, the producing party shall redact information containing the client's and/or consumer's identity and identify such redactions by a code (*e.g.,* Client A, Client B, etc.) If any such documents additionally contain any private health information of the client and/or consumer, such as mental and physical medical diagnosis, mental health counseling sessions, medical treatment, any communications with physicians, and information regarding payments for health care services, each such document shall be considered a Confidential Document as described in Paragraph 1 above, unless the parties agree that the redaction of the client's or consumer's identity from the document in question is sufficient to protect any privacy interests reflected in that particular document.

6.     <u>Disposition Upon Conclusion of Litigation</u>.  The Confidential Documents, and any and all copies thereof, <u>in the possession of a receiving party or counsel</u> shall promptly be returned to the producing party's counsel of record upon final determination of the case.

7.     <u>No Admission Regarding Confidentiality</u>.  Neither this Protective Order, nor any action taken by any attorney pursuant to this Protective Order, shall be deemed to have the effect of any admission or waiver by any party hereto regarding the confidentiality of the Confidential Documents.

8.     <u>Alteration or Enlargement of Protective Order</u>.  This Protective Order may be altered or enlarged by written stipulation and revised order, or by the Court following an appropriate motion.

9.     <u>Acknowledgment of Receipt</u>.  Any person (other than <u>the Court, Court personnel,</u> the parties' counsel and persons employed by them) to whom access to a Confidential Document is given, shall receive a copy of this Stipulation and Order and shall sign and date it at the end hereof, acknowledging his/her agreement to be bound by its terms.  Copies of such signatures need not be disclosed to the other side except as otherwise agreed or ordered by the Court in a circumstance in which breach of this Stipulation and Order is alleged.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

680158.01/SF

-4-

Case No.  2:05-CV-1306-GEB-KHM
STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS

1    10.    If any party becomes aware of a document which appears to be privileged or

2 contain privileged or confidential information but which was not withheld on grounds of

3 privilege nor designated as Confidential, that party shall immediately notify counsel for the

4 opposing party and refrain from further disclosing or making use of the document or

5 information until the parties have determined whether any privilege properly applies

6 thereto, or if it should be designated as a Confidential Document subject to the terms of

7 this Order.

8    11.    In light of the efforts that the parties hereto have made, and are continuing to

9 make, to exchange voluminous discovery in a manner which protects applicable privileges

10 and privacy rights, including those of third parties, any party's accidental or inadvertent

11 disclosure of privileged documents or information shall not, without more, be considered

12 to waive any privileges or protections otherwise attaching thereto.

13 Dated:  September 22, 2006          ALLEN MATKINS LECK GAMBLE
                                         MALLORY & NATSIS LLP
14                                      BALDWIN J. LEE
                                        JENNIE L. LEE
15

16                                      By: */s/ Baldwin.Lee*
17                                         BALDWIN J. LEE
                                           Attorneys for Defendants
18                                         JASMINE HALL CARE HOMES, INC.,
                                           HALL CARE HOMES, INC., GEORGE
                                           K. HALL, AND ESTELA HALL
19

20 Dated:  September 22, 2006          OFFICE OF THE SOLICITOR
                                        UNITED STATES DEPARTMENT OF
21                                      LABOR
                                        LAWRENCE BREWSTER
22                                      MARY K. ALEJANDRO
                                        JAN M. COPLICK
23

24                                      By: */s/ Jan.Coplick*
25                                         JAN M. COPLICK
                                           Attorneys for Plaintiffs
26                                         ELAINE CHAO, SECRETARY OF
                                           LABOR
27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP
680158.01/SF
-5-
Case No.  2:05-CV-1306-GEB-KHM
STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS

1

2                              O R D E R

3          Based upon the stipulation of the parties, the terms of the Stipulation and Protective

4  Order, as modified herein, are so ORDERED.

5

6  Dated:  October 2, 2006.

7

8                              _____
                               UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

680158.01/SF

-6-
Case No.  2:05-CV-1306-GEB-KHM
STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS