1  <u>**RESPONSE TO INTERROGATORY NO. 4**</u>:

2     Defendants object to this interrogatory on the grounds that it is compound, and comprises

3  in itself well over 25 interrogatories, in addition to the other interrogatories that precede it.

4  <u>**INTERROGATORY NO. 5**</u>:

5     Describe in detail all work and pay policies and procedures applicable to all Defendants'

6  RCA's during the relevant time period, including those relating to hours of work, timekeeping,

7  compensability of hours, night hour obligations, whether you provided any employee with private

8  sleeping quarters for use during night hours, what job responsibilities or monitoring obligations (if

9  any) employees had during said night hours, and whether employees were compensated for work

10  interruptions during night hours; whether there was any obligation to remain on premises or to

11  monitor patients during the evening hours, including any policies which directly or indirectly

12  imposed or created any restrictions or obligations on the RCA's during any portion of their duty

13  shift during which they were not actively performing work duties, and identify all documents

14  which were part of this timekeeping or scheduling system.

15  <u>**RESPONSE TO INTERROGATORY NO. 5**</u>:

16     Defendants object to this "interrogatory" on the grounds that it is compound. This

17  discovery request in fact comprises multiple interrogatories propounded by Plaintiff. Defendants

18  object to these interrogatories on the grounds that they are ambiguous, overly broad and unduly

19  burdensome. Defendants further object to these interrogatories because they seek disclosure of

20  information protected by the attorney-client privilege and work product doctrine. Subject to these

21  objections and without waiver thereof, Defendants state the following:

22     Jasmine Hall Care Homes are licensed Adult Residential Facilities, more commonly

23  known as "group homes," that have arrangements with its employees to live at the respective

24  group homes on a permanent basis. Employees who choose not to reside at the group homes on a

25  permanent basis agree to reside at the group home for extended periods of time. These employees

26  typically share the home with one and no more than six clients. The employees reside in a

27  separate bedroom than the clients.

28

Exhibit   F
Page   9

LAW OFFICES
llen Matkins Leck Gamble
Mallory & Natsis LLP

1      The employees agree to the terms and conditions of work, including by signing an

2 agreement prior to starting work. The agreement provides that duty shifts are scheduled for 24-

3 hours and that not all hours at the home will be work time. The agreement is that the employee is

4 permitted while present at the home to engage in personal activities, such as taking meals and

5 scheduled sleep periods of at least eight hours, such time will not be paid. While residing at the

6 group home, each employee is able to engage in normal private pursuits, including eating,

7 sleeping, entertaining, watching TV and other periods of freedom from all duties.

8      An employee's duties may include providing certain care and supervision of the group

9 home clients, enforce house rules, and maintain conditions which insure the health, safety and

10 personal rights of the residents. Employees are informed and agree, including in the written

11 agreement, that their sleep time of up to eight hours is not work time. Employees are further told

12 that any time they are disrupted during their sleep time where they are called to duty, they should

13 alert the administrator and report it.

14      Time spent on duties by employees are recorded by the employees on the staff service hour

15 forms. Employees are required to fill out the form indicating the start and stop time for each tasks.

16 Even though the employees only spend less than eight hours a day performing their duties,

17 Jasmine Hall pays the employees for eight hours of work. Jasmine Hall also pays for the

18 employee's food and lodging.

19      .Documents that support the above facts are found in those documents listed in Defendants

20 Initial Disclosure and those that have or will be made available to Plaintiff in response to its

21 Requests for Production.

22 **INTERROGATORY NO. 6**:

23      For the relevant time period, describe with specificity and detail the nature, length and

24 duration of a typical weekday RCA work shift, including the start and end times, and further

25 identify all duty periods, all work hours, any break periods, all compensable hours, any non-

26 compensable hours, all awake hours, all sleeping hours, all hours spent in residence at the assigned

27 facility, and further identify all documents in which any such differentiation in work status or pay

28 status within a shift was documented, scheduled or reflected.

1 **RESPONSE TO INTERROGATORY NO. 6:**

2 Defendants object to this "interrogatory" on the grounds that it is compound. This
3 discovery request in fact comprises multiple interrogatories propounded by Plaintiff. Defendants
4 object to these interrogatories on the grounds that they are ambiguous, overly broad and unduly
5 burdensome. Defendants further object to these interrogatories because they seek disclosure of
6 information protected by the attorney-client privilege and work product doctrine. Subject to these
7 objections and without waiver thereof, Defendants state the following:

8 Jasmine Hall Care Homes are licensed Adult Residential Facilities, more commonly
9 known as "group homes," that have arrangements with its employees to live at the respective
10 group homes on a permanent basis. Employees who choose not to reside at the group homes on a
11 permanent basis agree to reside at the group home for extended periods of time. These employees
12 typically share the home with one and no more than six clients. The employees reside in a
13 separate bedroom than the clients.

14 The employees agree to the terms and conditions of work, including by signing an
15 agreement prior to starting work. The agreement provides that duty shifts are scheduled for 24-
16 hours and that not all hours at the home will be work time. The agreement is that the employee is
17 permitted while present at the home to engage in personal activities, such as taking meals and
18 scheduled sleep periods of at least eight hours, such time will not be paid. While residing at the
19 group home, each employee is able to engage in normal private pursuits, including eating,
20 sleeping, entertaining, watching TV and other periods of freedom from all duties.

21 An employee's duties may include providing certain care and supervision of the group
22 home clients, enforce house rules, and maintain conditions which insure the health, safety and
23 personal rights of the residents. Employees are informed and agree, including in the written
24 agreement, that their sleep time of up to eight hours is not work time. Employees are further told
25 that any time they are disrupted during their sleep time where they are called to duty, they should
26 alert the administrator and report it.

27 Time spent on duties by employees are recorded by the employees on the staff service hour
28 forms. Employees are required to fill out the form indicating the start and stop time for each tasks.

LAW OFFICES
in Matkins Leck Gamble
Mallory & Natsis LLP

Exhibit F
Page 11

108

Case No. 2:05-CV-1306-GEB-KJM
RESPONSE TO PLAINTIFF'S FIRST SET OF

1   Even though the employees only spend less than eight hours a day performing their duties,

2   Jasmine Hall pays the employees for eight hours of work. Jasmine Hall also pays for the

3   employee's food and lodging.

4        Documents that support the above facts are found in those documents listed in Defendants

5   Initial Disclosure and those that have been produced or will be produced to Plaintiff in response to

6   the its Requests for Production.

7   **INTERROGATORY NO. 7**:

8        For the relevant time period, describe with specificity and detail the duties, work

9   requirements, and care obligations required of an RCA during the course of a typical weekday

10  work period, including all resident care duties, facility management duties, cooking, meetings, and

11  charting.

12  **RESPONSE TO INTERROGATORY NO. 7**:

13       Defendants object to this "interrogatory" on the grounds that it is compound. This

14  discovery request in fact comprises multiple interrogatories propounded by Plaintiff. Defendants

15  object to these interrogatories on the grounds that they are ambiguous, overly broad, and unduly

16  burdensome. Defendants further object to these interrogatories because they seek disclosure of

17  information protected by the attorney-client privilege and work product doctrine. Subject to these

18  objections and without waiver thereof, Defendants state the following:

19       An employee's duties may include providing certain care and supervision of the group

20  home clients, enforce house rules, and maintain conditions which insure the health, safety and

21  personal rights of the residents. Time spent on actual duties by employees are recorded by the

22  employees on the staff service hour forms. Employees are required to fill out the form indicating

23  the start and stop time for each tasks. Even though the employees only spend less than eight hours

24  performing their duties, Jasmine Hall pays the employees for eight hours of work.

25       Documents that support the above facts are found in those documents listed in Defendants

26  Initial Disclosure and those that have or will be produced to Plaintiff in response to the its

27  Requests for Production.

28

Exhibit  F           109
Page  12

1   **INTERROGATORY NO. 8**:

2          Identify each of Defendants' employees who worked or were on site for any 24-hour duty

3   shifts during any portion of the relevant time period, including present or former managers or

4   supervisors, specifically including each person's name, his/her work site locations while employed

5   by Defendants, current employer, business or personal address, current business or personal

6   telephone number and job title.

7   **RESPONSE TO INTERROGATORY NO. 8:**

8          Defendants object to this interrogatory on the grounds that it seeks private and confidential

9   employee and third party information.  Notwithstanding these objections, but without waiving

10  same, Defendant responds as follows:  Defendant will produce documents that show the names,

11  worksite locations, and job title of its employees.

12  **INTERROGATORY NO. 9:**

13         Describe in detail any steps taken by or on behalf of Defendants to ensure that Defendants'

14  pay practices were in accordance with the requirements of the Fair Labor Standards Act, detailing

15  all references and identifying all persons or authorities consulted, the dates they were so consulted,

16  and provide a summary of the material learned therefrom. Identify all documents and tangible

17  evidence to support your response, and identify all persons who have knowledge of the steps so

18  taken.

19  **RESPONSE TO INTERROGATORY NO. 9**:

20         Defendants object to this "interrogatory" on the grounds that it is compound.  This

21  discovery request in fact comprises multiple interrogatories propounded by Plaintiff.  Defendants

22  object to these interrogatories on the grounds that they are ambiguous, overly broad, and unduly

23  burdensome.  Defendants further object to these interrogatories because they seeks disclosure of

24  information protected by the attorney-client privilege and work product doctrine.  Defendants

25  further object to these interrogatories on the grounds that they call for a legal conclusion.  Subject

26  to these objections and without waiver thereof, Defendants state the following:

27         Jasmine Hall Care Homes are licensed Adult Residential Facilities, more commonly

28  known as "group homes," that have arrangements with its employees to live at the respective

1   group homes on a permanent basis. Employees who choose not to reside at the group homes on a

2   permanent basis agree to reside at the group home for extended periods of time. These employees

3   typically share the home with one and no more than six clients. The employees reside in a

4   separate bedroom than the clients.

5          The employees agree to the terms and conditions of work, including by signing an

6   agreement prior to starting work. The agreement provides that duty shifts are scheduled for 24-

7   hours and that not all hours at the home will be work time. The agreement is that the employee is

8   permitted while present at the home to engage in personal activities, such as taking meals and

9   scheduled sleep periods of at least eight hours, such time will not be paid. While residing at the

10  group home, each employee is able to engage in normal private pursuits, including eating,

11  sleeping, entertaining, watching TV and other periods of freedom from all duties.

12         An employee's duties may include providing certain care and supervision of the group

13  home clients, enforce house rules, and maintain conditions which insure the health, safety and

14  personal rights of the residents. Employees are informed and agree, including in the written

15  agreement, that their sleep time of up to eight hours is not work time. Employees are further told

16  that any time they are disrupted during their sleep time where they are called to duty, they should

17  alert the administrator and report it.

18         Time spent on duties by employees are recorded by the employees on the staff service hour

19  forms. Employees are required to fill out the form indicating the start and stop time for each tasks.

20  Even though the employees only spend less than eight hours a day performing their duties,

21  Jasmine Hall pays the employees for eight hours of work. Jasmine Hall also pays for the

22  employee's food and lodging.

23         Jasmine Hall's employment and pay policies comply with applicable law, including Title

24  29 of the Code of Federal Regulations section 785.23. Jasmine Hall Care Homes' employment

25  policies and pay practices have been reviewed by the California Labor Commissioner's Division of

26  Labor Standards Enforcement during a wage and hour complaint filed by two former employees.

27  The DLSE dismissed the employees' action in its entirety. Dr. George K. Hall has had numerous

28  communications with the DLSE as well as the Department of Labor regarding the company's

LAW OFFICES
n Matkins Leck Gamble
Mallory & Natsis LLP

Exhibit  F
Page  14

111

Case No.  2:05-CV-1306-GEB-KJM
RESPONSE TO PLAINTIFF'S FIRST SET OF

1  employment and pay practices.  The Department of Labor examined **the employment** policies and

2  pay practices of Jasmine Hall Care Homes in 1992 and did not issue **any citations** or institute any

3  other proceedings regarding Residential Care Associates.

4  **INTERROGATORY NO. 10**:

5      State whether each policy or procedure identified in your responses **to Interrogatory** No. 3

6  above was communicated to your employees, and, if it was, describe **in detail how,** by whom, and

7  when the policy or procedure was communicated to them and summarize **the substance** of the

8  communication, and all explanations, training and enforcement thereof; **identify all** documents

9  relating to such communication, explanations, training and enforcement.

10  **RESPONSE TO INTERROGATORY NO. 10**:

11      Defendants object to this "interrogatory" on the grounds that **it is compound.** This

12  discovery request in fact comprises multiple interrogatories propounded **by Plaintiff.** Defendants

13  object to these interrogatories on the grounds that they are ambiguous, **overly broad,** and unduly

14  burdensome.  Defendants further object to these interrogatories because **they seek disclosure** of

15  information protected by the attorney-client privilege and work product **doctrine.**  Subject to these

16  objections and without waiver thereof, Defendants state the following:

17      The employees agree to the terms and conditions of work, **including by signing** an

18  agreement prior to starting work.  The agreement provides that duty **shifts are scheduled** for 24-

19  hours and that not all hours at the home will be work time.  The agreement **is that the employee** is

20  permitted while present at the home to engage in personal activities, **such as taking meals** and

21  scheduled sleep periods of at least eight hours, such time will not be paid.  **While residing at the**

22  group home, each employee is able to engage in normal private pursuits, **including eating,**

23  sleeping, entertaining, watching TV and other periods of freedom from all duties.

24      Upon hire, all employees are also provided copies of Jasmine Hall Care's employment

25  policies and sign an acknowledgment of receipt.  Furthermore, employment policies and practices

26  are communicated to employees throughout their employment with the company.

27      Exhibit  F

28      Page  15

LAW OFFICES
llen Matkins Leck Gamble
Mallory & Natsis LLP

112

Case No.  2:05-CV-1306-GEB-KJM
RESPONSE TO PLAINTIFF'S FIRST SET OF

1       Documents that support the above facts are found in those documents listed in Defendants

2   Initial Disclosure and those that have or will be produced to Plaintiff in response to the its

3   Requests for Production.

4   **INTERROGATORY NO. 11**:

5       Describe in detail any employee complaints you received or were aware of regarding any

6   component of the policy or procedure identified in Interrogatory No. 3 above and describe how

7   you became aware of these complaints, any response you made, and how such complaint(s) were

8   resolved; identify all documents relating thereto.

9   **RESPONSE TO INTERROGATORY NO. 11**:

10      Defendants object to this "interrogatory" on the grounds that it is compound. This

11  discovery request in fact comprises multiple interrogatories propounded by Plaintiff. Defendants

12  object to these interrogatories on the grounds that they are neither relevant nor reasonably

13  calculated to lead to the discovery of admissible evidence. Defendants object to these

14  interrogatories on the grounds that they are overbroad and not reasonably limited in time or scope.

15  Defendants further object to these interrogatories on the grounds that they seek information

16  protected by the right to privacy of Defendants' employees. Subject to these objections and

17  without waiver thereof, Defendants state the following:

18      In 1991, two former employees filed claims with the California Employment Development

19  Department and the California Labor Commissioner's Division of Labor Standards Enforcement

20  ("DLSE"). The employees filed unemployment and wages and hour claims. The EDD and the

21  DLSE dismissed the employees' actions in their entirety. In 2004, another employee filed similar

22  wage and hour claims with the DLSE. That claim too was dismissed by the DLSE.

23  **INTERROGATORY NO. 12**:

24      Describe in detail any and all agreements between you and your employees during the

25  relevant time period that not all hours spent by RCA's on Defendants' premises should be

26  considered hours worked, including a detailed description of the process leading up to the reaching

27  of any such agreement, and further including a detailed description of all steps taken, and the dates

28  so taken, in any process by which Defendants or any other person engaged in estimating the

LAW OFFICES
en Matkins Leck Gamble
Mallory & Natsis LLP

Exhibit F
Page 16

113

Case No. 2:05-CV-1306-GEB-KJM
RESPONSE TO PLAINTIFF'S FIRST SET OF

1   number of hours involved in properly performing the RCA's duties and in creating a mechanism

2   for recording aberrations from the usual situation; identify all persons who would have knowledge

3   of the said process and the dates thereof; identify all documents relating to the process, and to any

4   mechanism for recording aberrations, including any records of such hours; and identify any such

5   agreements that have been reduced to writing.

6   **RESPONSE TO INTERROGATORY NO. 12:**

7          Defendants object to this "interrogatory" on the grounds that it is compound. This

8   discovery request in fact comprises multiple interrogatories propounded by Plaintiff. Defendants

9   object to these interrogatories on the grounds that they are ambiguous, overly broad, and unduly

10  burdensome. Defendants further object to these interrogatories because they seek disclosure of

11  information protected by the attorney-client privilege and work product doctrine. Subject to these

12  objections and without waiver thereof, Defendants state the following:

13         Jasmine Hall Care Homes are licensed Adult Residential Facilities, more commonly

14  known as "group homes," that have arrangements with its employees to live at the respective

15  group homes on a permanent basis. Employees who choose not to reside at the group homes on a

16  permanent basis agree to reside at the group home for extended periods of time. These employees

17  typically share the home with one and no more than six clients. The employees reside in a

18  separate bedroom than the clients.

19         The employees agree to the terms and conditions of work, including by signing an

20  agreement prior to starting work. The agreement provides that duty shifts are scheduled for 24-

21  hours and that not all hours at the home will be work time. The agreement is that the employee is

22  permitted while present at the home to engage in personal activities, such as taking meals and

23  scheduled sleep periods of at least eight hours, such time will not be paid. While residing at the

24  group home, each employee is able to engage in normal private pursuits, including eating,

25  sleeping, entertaining, watching TV and other periods of freedom from all duties.

26         An employee's duties may include providing certain care and supervision of the group

27  home clients, enforce house rules, and maintain conditions which insure the health, safety and

28  personal rights of the residents. Employees are informed and agree, including in the written

LAW OFFICES
en Matkins Leck Gamble
Mallory & Natsis LLP

Exhibit F
Page 17

114

Case No. 2:05-CV-1306-GEB-KJM
RESPONSE TO PLAINTIFF'S FIRST SET OF

1 agreement, that their sleep time of up to eight hours is not work time. **Employees are further told**

2 **that any time they are disrupted during their sleep time where they are called to duty, they should**

3 alert the administrator and report it.

4      Time spent on duties by employees are recorded by the employees on the staff service hour

5 forms. Employees are required to fill out the form indicating the start and stop time for each tasks.

6 Even though the employees only spend less than eight hours a day performing their duties,

7 Jasmine Hall pays the employees for eight hours of work. Jasmine Hall also pays for the

8 employee's food and lodging.

9      Persons knowledgeable regarding such matters include the persons set forth in Defendants'

10 Initial Disclosure. Documents that support the above facts are found in those documents listed in

11 Defendants Initial Disclosure and those that have or will be produced to Plaintiff in response to its

12 Requests for Production.

13 **INTERROGATORY NO. 13:**

14      State whether Defendants have obtained statements, declarations or putative work

15 schedules from any person, including Defendants' employees, regarding any of the claims or

16 defenses in this matter, and, if so, indicate whether such statements were oral or written, identify

17 the author of any and all such statements, and set forth (in detail) summaries of said oral or written

18 statements. Identify all documents relating to this Interrogatory.

19 **RESPONSE TO INTERROGATORY NO. 13:**

20      Defendants object to this "interrogatory" on the grounds that it is compound. This

21 discovery request in fact comprises multiple interrogatories propounded by Plaintiff. Defendants

22 object to the extent these interrogatories seek information protected by the attorney-client privilege

23 or work product doctrine. Defendants will not respond to these interrogatories with respect to any

24 activity protected by these privileges. Subject to the foregoing objection, Defendants respond as

25 follows: No.

26

27 Exhibit F
Page 18

28    115

1    Dated:   July 28, 2006

2                                               ALLEN MATKINS LECK GAMBLE
                                                  MALLORY & NATSIS LLP
3                                               BALDWIN J. LEE
                                                JENNIE L. LEE
4
                                                By:
5
                                                    BALDWIN J. LEE
6                                               Attorneys for Defendants
                                                JASMINE HALL CARE HOMES, INC.,
7                                               HALL CARE HOMES, INC., GEORGE K.
                                                HALL, AND ESTELLA HALL
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    Exhibit  F
      Page   19
28
                      116
LAW OFFICES
len Matkins Leck Gamble
Mallory & Natsis LLP
      681352.02/SF

1  LAWRENCE BREWSTER
   Regional Solicitor
2  DAVID KAHN
   Counsel for ESA Programs
3  **JAN M. COPLICK**, Senior Trial Attorney
   Designated Counsel for Service
4  California State Bar Number 124503
   E-Mail: Coplick.Jan@dol.gov
5  ANDREW SCHULTZ
   Trial Attorney
6  Office of the Solicitor
   United States Department of Labor
7  90 7th Street, Suite 3-700
   San Francisco, California 94103
8
9
10 Telephone:  (415) 625-7751
   Facsimile:  (415) 625-7772
11

12

13                UNITED STATES DISTRICT COURT

14               EASTERN DISTRICT OF CALIFORNIA

15

16 ELAINE CHAO, SECRETARY OF    )  CIVIL ACTION NO. 2:05-cv-01306-
   LABOR, UNITED STATES         )  GEB-KJM
17 DEPARTMENT OF LABOR,         )
18           Plaintiff,         )
                                )
19      v.                      )
   JASMINE HALL CARE HOMES,     )  DECLARATION  IN SUPPORT OF
20 INC., a corporation, HALL CARE )  THE SECRETARY'S MOTION FOR
   HOMES, INC., a corporation,  )  PARTIAL SUMMARY JUDGMENT
21 GEORGE K. HALL, an individual, and )
22 ESTELA HALL, an individual   )
                                )
23                              )
           Defendants.          )
24 _____)

25

26      I, _Virginia  Camba_____, swear the following to be true:

27 1.   I have been employed by the Defendants ("Jasmine Hall" or "JH") from

28 _July 23, 2005_, to _present___ as a live-in care provider.

        Exhibit G        117
        Page  1

2.   The regular weekly work schedule for Jasmine Hall's care aides is 5 on-duty days in a row, then 2 days off.

3.   I currently work at Jasmine-Hall home #___8___ on this same weekly schedule.

4.   I am paid $_1,600_ per month in salary to cover all hours I am on duty monthly during the 5 on-duty days per week.

5.   If I work any hours on my 2 days off, Jasmine Hall considers this "overtime" and I am paid extra.

6.   Each on-duty shift is 24 hours long.

7.   For each of my duty shifts, I must stay overnight at my care home in the staff bedroom.

8.   I do____ do not _✓_ have another residence where I could stay if I was not required to stay overnight at the care home.

9.   I do _✓_ do not ____ have to share the staff bedroom with up to _2_ other employees.

10.   During each 24 hour duty shift, I spend an average of _7_ hours daily in direct client care, behavioral interaction, client charting, and household chores.

11.   On a typical day, it is rare that I have more than _8_ daytime hours free when I am not required to care for and interact with clients or handle household chores.

12.   Apart from these work tasks, I must also be immediately available for potential emergencies at all times during my 24 hour duty shift when clients are in the care home. I could not leave the premises for private purposes of my own even if all the work tasks were completed.

13.   On some days, all the clients are away from the care home at the same time mid-day so that, for that period of time, I am temporarily relieved of my on-duty obligation to monitor and supervise them. However, this is not predictable in advance because there are many other days where at least one client stays home

Exhibit G       118
Page 2

*Declaration in Support of Secretary's Motion for Partial Summary Judgment*       -2-

1 from the planned activity. In either case, these times are not recorded on our
2 timesheets.

3 14.    Apart from the times I describe in the previous paragraph, there is usually no
4 time during my 24 hour duty shift when I am completely relieved from the duty to
5 supervise and monitor clients, and be available to meet client needs or handle
6 emergencies.

7 15.    I cannot leave clients unsupervised in the homes, or allow the number of
8 staff to fall below what Jasmine Hall has told us is the staff/client ratio of at least
9 _3_ staff for each _4_ clients. *Before two clients to 1 staff 9-05-12-05*

10 16.    If I need to leave the care home for any personal reason during my 5 24-hour
11 shifts on duty, I have been told to ask Jasmine Hall management in advance so
12 they can arrange coverage.

13 17.    Permission is usually granted but may also be denied, and I do not know in
14 advance.

15 18.    Between the hours of 10 pm and 6 am (nighttime), the care aides are
16 responsible for monitoring the clients during the night, and taking care of clients
17 who awaken and need help.

18 19.    This does not happen every night but approximately _3_ times per month.

19 20.    I have been paid for _✗_ none ____some____ all____of the nights my
20 sleep was interrupted by clients.  OR  _✓_ I don't know if I have been paid for
21 interrupted sleep.

22 21.    I give this declaration freely, in order to give an accurate description of
23 the Jasmine Hall pay system, and not because of any threats or promises.

24 //
25 //
26 //
27 //
28 //

Exhibit G          119
Page 3

1   22.   I have read this declaration from beginning to end, and was told that I should

2   feel free to cross out or change any part of this declaration that I thought was not

3   accurate, fair or correct.

4

5       I declare under penalty of perjury in the County of Sacramento, California,

6   that the foregoing is true and correct.

7   Date 4-5-2007

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Exhibit G
        Page  4
        120

1  LAWRENCE BREWSTER
   Regional Solicitor
2  DAVID KAHN
   Counsel for ESA Programs
3  **JAN M. COPLICK**, Senior Trial Attorney
   Designated Counsel for Service
4  California State Bar Number 124503
   E-Mail: Coplick.Jan@dol.gov
5  ANDREW SCHULTZ
   Trial Attorney
6  Office of the Solicitor
7  United States Department of Labor
   90 7th Street, Suite 3-700
8  San Francisco, California 94103

9
10 Telephone:  (415) 625-7751
   Facsimile:  (415) 625-7772
11

12

13                UNITED STATES DISTRICT COURT
14             EASTERN DISTRICT OF CALIFORNIA
15

16 ELAINE CHAO, SECRETARY OF       )  CIVIL ACTION NO. 2:05-cv-01306-
   LABOR, UNITED STATES            )  GEB-KJM
17 DEPARTMENT OF LABOR,            )
18              Plaintiff,          )
                                    )
19     v.                          )
   JASMINE HALL CARE HOMES,        )  DECLARATION  IN SUPPORT OF
20 INC., a corporation, HALL CARE  )  THE SECRETARY'S MOTION FOR
   HOMES, INC., a corporation,     )  PARTIAL SUMMARY JUDGMENT
21 GEORGE K. HALL, an individual, and )
22 ESTELA HALL, an individual       )
                                    )
23              Defendants.         )
24                                  )

25

26     Ako si, JOSEFA L. VASQUEZ, na sumusumpa na sumusunod na
27 pawang katutuhanan:

28 1.  Ako ay nagtratrabaho (empleyado) ng Nasasakdal ("Jasmine Hall" or "JH")

       Exhibit  H           121
       Page  1

*Declaration in Support of Secretary's Motion for Partial Summary Judgment*                         - 1 -

1   noong *May 2006*, hanggang *april 5- 2007* bilang isang Residenteng Katulong

2   Kasingbahay  (live-in) at naguuraga sa bahay.

3

4   2.      Ang isang linggong regular na iskedyul sa trabaho para sa Residenteng

5   Katulong Kasingbahay sa Jasmine Hall's ay 5 (lima) araw ang tungkulin (duty) na

6   diretso ang trabaho, pagkatapos ay mayroon kaming dalawang araw na walang

7   pasok.

8

9   3.      Ako ngayon ay nagtratabaho (emploeado) sa Jasmine-Hall ang bilang ng

10  bahay ay (home) #   *2*   sa isang buong linggo linggong iskedyul.

11

12  4.      Ako ay binabayaran $ *1,500. 00*   na buwanan ang suweldo para sa lahat

13  ng mga horas na aking tungkulin (duty) sa buwanan nasa 5 limang araw ang

14  tungkuling trabaho sa bawat isang linggo.

15

16  5.      Kapag ako ay nagtrabaho na ako ay pahinga at walang pasok sa trabaho, ang

17  Jasmine Hall ay itinuturing ito na "dagdag suweldo" (overtime) at binabayaran ng

18  ekstra.

19

20  6.      Ang bawat tungkulin sa iskedyul (shift) na may 24 oras ang haba.

21

22  7.      Bawat isang tungkulin nasa iskedyul (shifts), Ako ay dapat tumigil sa

23  magdamag sa residenteng arugaan bahay sa kuwarto o silid ng manggagawa o

24  trabahador.

25

26  8.      Ako ay _ X _ walang _____ ibang tirahan o tahanan na puwedeng tigilan

27  kung hindi ako kailangan tumigil ng magdamag sa residenteng arugaan bahay(care

28  home).

Exhibit  H             122
Page  2

9.     Ako ay __X__ hindi _____ nakikisalo sa kuwarto o silid ng  manggagawa na hanggang sa __1__ at sa iba pang manggagawa.

10.    Bawat isang 24 oras na tungkulin sa iskedyul (shift), Ako ay karaniwan gumagawa __16__ oras bawat araw sa pagintindi at paglingkod sa kliyente, interaksyon sa kilos at gawa, (charting) ng kliyente, at iba pang gawaing sa residenteng tirahan.

11.    Sa isang ordinaryong araw, ay bibihirang na ako may mahigit na pang karaniwan __3__ na libreng oras na hindi ako kailangan magintindi o maginteraksiyon sa kliyente o kaya's may gagawaing pang ibang bagay.

12.    Bukod sa nasabing kung tungkulin, Ako a dapat na laging handa sa potensyal na emerhensiyas (emergencies) sa lahat ng oras sa loob na tungkulin 24 oras sa residenteng uragaan bahay.   Ako ay hindi puwede umalis sa loob ng nasasakupan ng residenteng bahay para magawa ko ang pribadong pangangailanganan kahit na ang tungkulin ay natapos kuna.

13.    Sa ibang araw ang lahat ng kliyente ay wala sa residenteng arugaan bahay at sa katanghalian na oras, Ako ay pasamantalang libre sa mga tungkulin at obligasyon para masubaybayan at pangasiwaan sila.  Gayunman, ito ay hindi puwedeng ipauna sapagkat may roong ibang mga araw na meron kahit isang (1) kliyente nanasa bahay at sa mga planong gagawain.  Alin man sa itong ang manga oras ay hindi nakatala sa libro (timesheets).

14.   Sa bawat na initala ko at sa nauna talataan (paragraph), na walang karaniwan na oras sa loob ng 24 oras na ang tungkulin (shift) na ako ay lubusan libre sa manga tungkulin para pangasiwaan at subaybayan ang kliyente at laging

Exhibit  H          123
Page  3

kailangan ang pangangailangan ng kliyente or dili kaya'y kailangan ito sa emerhensiya (emergencies).

15.    Hindi kung puwedeng iwanan ang kliyente na walang nanganagsiwa sa residenteng bahay, o dili kaya'y payagan and bilang ng empleyado or trabahador (staff) na bumaba sa bilang na kailangan ng Jasmine Hall na sinabi sa amin ang porseyento ng trabahador/kliyente ___1___ trabahador ___3___ bawat isang kliyente.

16.    Kung kailangan umalis ako sa residenteng aruguan bahay para sa (shift) 5 24 oras, Ako ay dapat humingi ng permiso at iyabiso agad sa nanganagsiwa at namumumo ng Jasmine Hall para ito ay ayusin at mapalitan ako sa akin tungkulin iskedyul.

17.    Ang permiso ay laging pinagkakaloob pero puwedi rin itong hindi pagkaloob, at hindi ko alam kung kaylan ang iyayabiso at pangangailanganan.

18.    Sa pagitan na ika 10 pm at 6 am (gabi), and Residenteng Katulong Kasingbahay ay kailangan subaybayan ang kliyente sa buong magdamag, at sa lahat ng kailangan nito sa mga nagising na kliyente at kailangan ang tulong agad.

19.    Hindi ito nangyayari gabi-gabi pero humigit-kumulang ___4___ ilang beses sa isang buwan.

20.    Ako ay nabayaran para sa _____ wala ____ ilan ____ lahat_____ ng mga gabi na ako ay natutulog na ginambala at ginising at naantala ang aking pagtulog dahil sa kliyente. O ___X___ Hindi ko alam kung ako ay nabayaran ng sahod na

Exhibit  H
Page  4                        124

1  ako'y ginising at naantala ang aking pagtulog dahil sa kliyente para itoy

2  paglinkuran ng kanilang kailangan.

3

4  21.    Ako ay nagbibigay ng deklarasyon ito na malaya, para magbigay ng tamang

5  paglalarawan ng Jasmine Hall tungkol sa sistema ng pagsusuweldo o sahod, at alin

6  man na walang itong banta o pangako.

7

8  //

9  //

10  //

11  //

12  //

13

14  22.    Binasa ko itong akin deklarasyon sa umpisa hanggang huli at sinabi sa akin

15  na puwede kong tanggalin o kaya'y palitan and deklarasayong nasa loob ko ay

16  hindi tama, patas o katutuhanan.

17

18      Ako ay nagpapahayag sa ilalim ng parusa ng palsong panunumpa sa County

19  ng Sacramento, California na itong aking inilathala ay tunay at pawang

20  katutuhanan lamang.

21

22  Petsa (Date) *april 5 - 2007*    *Jozefa L. Vasquez*

23

24

25

26

27

28  **EXHIBIT H**
    **Page 5**

    125

*Declaration in Support of Secretary's Motion for Partial Summary Judgment*

LAWRENCE BREWSTER
Regional Solicitor
DAVID KAHN
Counsel for ESA Programs
**JAN M. COPLICK**, Senior Trial Attorney
Designated Counsel for Service
California State Bar Number 124503
E-Mail: Coplick.Jan@dol.gov
ANDREW SCHULTZ
Trial Attorney
Office of the Solicitor
United States Department of Labor
90 7th Street, Suite 3-700
San Francisco, California 94103

Telephone:  (415) 625-7751
Facsimile:  (415) 625-7772

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>        Plaintiff,<br><br>        v.<br><br>JASMINE HALL CARE HOMES, INC., a corporation, HALL CARE HOMES, INC., a corporation, GEORGE K. HALL, an individual, and ESTELA HALL, an individual<br><br>        Defendants. | CIVIL ACTION NO. 2:05-cv-01306-GEB-KJM<br><br>DECLARATION IN SUPPORT OF THE SECRETARY'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

I, _Rosita  P. DapRoza_, swear the following to be true:

1.    I have been employed by the Defendants ("Jasmine Hall" or "JH") from _Sept. 12, 2005_, to _present_ as a live-in care provider.

Exhibit  I          126
Page  1

*Declaration in Support of Secretary's Motion for Partial Summary Judgment*                              - 1 -

2.  The regular weekly work schedule for Jasmine Hall's care aides is 5 on-duty days in a row, then 2 days off.

3.  I currently work at Jasmine-Hall home #___2___ on this same weekly schedule.

4.  I am paid $ _1700.00_ per month in salary to cover all hours I am on duty monthly during the 5 on-duty days per week.

5.  If I work any hours on my 2 days off, Jasmine Hall considers this "overtime" and I am paid extra.

6.  Each on-duty shift is 24 hours long.

7.  For each of my duty shifts, I must stay overnight at my care home in the staff bedroom.

8.  I do _✓_ do not_____ have another residence where I could stay if I was not required to stay overnight at the care home.

9.  I do _✓_ do not ____ have to share the staff bedroom with up to __1__ other employees.

10.  During each 24 hour duty shift, I spend an average of _16_ hours daily in direct client care, behavioral interaction, client charting, and household chores.

11.  On a typical day, it is rare that I have more than _3_ daytime hours free when I am not required to care for and interact with clients or handle household chores.

12.  Apart from these work tasks, I must also be immediately available for potential emergencies at all times during my 24 hour duty shift when clients are in the care home.  I could not leave the premises for private purposes of my own even if all the work tasks were completed.

13.  On some days, all the clients are away from the care home at the same time mid-day so that, for that period of time, I am temporarily relieved of my on-duty obligation to monitor and supervise them.  However, this is not predictable in advance because there are many other days where at least one client stays home

Exhibit  I
Page  2

127

from the planned activity. In either case, these times are not recorded on our
timesheets.

14.   Apart from the times I describe in the previous paragraph, there is usually no
time during my 24 hour duty shift when I am completely relieved from the duty to
supervise and monitor clients, and be available to meet client needs or handle
emergencies.

15.   I cannot leave clients unsupervised in the homes, or allow the number of
staff to fall below what Jasmine Hall has told us is the staff/client ratio of at least
___1___ staff for each __3__ clients.

16.   If I need to leave the care home for any personal reason during my 5 24-hour
shifts on duty, I have been told to ask Jasmine Hall management in advance so
they can arrange coverage.

17.   Permission is usually granted but may also be denied, and I do not know in
advance.

18.   Between the hours of 10 pm and 6 am (nighttime), the care aides are
responsible for monitoring the clients during the night, and taking care of clients
who awaken and need help.

19.   This does not happen every night but approximately __4__ times per month.

20.   I have been paid for __✓__ none _____some_____ all____of the nights my
sleep was interrupted by clients.  OR _____ I don't know if I have been paid for
interrupted sleep.

21.   I give this declaration freely, in order to give an accurate description of
the Jasmine Hall pay system, and not because of any threats or promises.

//
//
//
//
//     Exhibit  I
       Page  3

       128

*Declaration in Support of Secretary's Motion for Partial Summary Judgment*                - 3 -

22.   I have read this declaration from beginning to end, and was told that I should feel free to cross out or change any part of this declaration that I thought was not accurate, fair or correct.

I declare under penalty of perjury in the County of Sacramento, California, that the foregoing is true and correct.

Date  April 5, 2007          Rodaprozo

Exhibit  I
Page  4

129

LAWRENCE BREWSTER
Regional Solicitor
DAVID KAHN
Counsel for ESA Programs
**JAN M. COPLICK**, Senior Trial Attorney
Designated Counsel for Service
California State Bar Number 124503
E-Mail: Coplick.Jan@dol.gov
ANDREW SCHULTZ
Trial Attorney
Office of the Solicitor
United States Department of Labor
90 7th Street, Suite 3-700
San Francisco, California 94103

Telephone: (415) 625-7751
Facsimile:  (415) 625-7772

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,                      Plaintiff,<br><br>    v.<br><br>JASMINE HALL CARE HOMES, INC., a corporation, HALL CARE HOMES, INC., a corporation, GEORGE K. HALL, an individual, and ESTELA HALL, an individual<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO. 2:05-cv-01306-GEB-KJM

DECLARATION  IN SUPPORT OF THE SECRETARY'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Ako si, _ANTONIO B. DARWIN_, na sumusumpa sa sumusunod na pawang katutuhanan:

1.  Ako ay nagtratrabaho (empleyado) ng Nasasakdal ("Jasmine Hall" or "JH")

Exhibit  J          130
Page  1

*Declaration in Support of Secretary's Motion for Partial Summary Judgment*                    - 1 -

1   noong _2600_ , hanggang _207_        bilang isang Residenteng Katulong
2   Kasingbahay  (live-in) at naguuraga sa bahay.

3

4   2.      Ang isang linggong regular na iskedyul sa trabaho para sa Residenteng
5   Katulong Kasingbahay sa Jasmine Hall's ay 5 (lima) araw ang tungkulin (duty) na
6   diretso ang trabaho, pagkatapos ay mayroon kaming dalawang araw na walang
7   pasok.

8

9   3.      Ako ngayon ay nagtratabaho (emploeado) sa Jasmine-Hall ang bilang ng
10  bahay ay (home) # _5_   sa isang buong linggo linggong iskedyul.

11

12  4.      Ako ay binabayaran $ _1800_        na buwanan ang suweldo para sa lahat
13  ng mga horas na aking tungkulin (duty) sa buwanan nasa 5 limang araw ang
14  tungkuling trabaho sa bawat isang linggo.

15

16  5.      Kapag ako ay nagtrabaho na ako ay pahinga at walang pasok sa trabaho, ang
17  Jasmine Hall ay itinuturing ito na "dagdag suweldo" (overtime) at binabayaran ng
18  ekstra.

19

20  6.      Ang bawat tungkulin sa iskedyul (shift) na may 24 oras ang haba.

21

22  7.      Bawat isang tungkulin nasa iskedyul (shifts), Ako ay dapat tumigil sa
23  magdamag sa residenteng arugaan bahay sa kuwarto o silid ng manggagawa o
24  trabahador.

25

26  8.      Ako ay _/_ walang _/_ ibang tirahan o tahanan na puwedeng tigilan
27  kung hindi ako kailangan tumigil ng magdamag sa residenteng arugaan bahay(care
28  home).

Exhibit  J            131
Page  2

9.    Ako ay ___✓___ hindi _____ nakikisalo sa kuwarto o silid ng manggagawa na hanggang sa _____ at sa iba pang manggagawa.

10.    Bawat isang 24 oras na tungkulin sa iskedyul (shift), Ako ay karaniwan gumagawa __5__ oras bawat araw sa pagintindi at paglingkod sa kliyente, interaksyon sa kilos at gawa, (charting) ng kliyente, at iba pang gawaing sa residenteng tirahan.

11.    Sa isang ordinaryong araw, ay bibihirang na ako may mahigit na pang karaniwan _11½_ na libreng oras na hindi ako kailangan magintindi o maginteraksiyon sa kliyente o kaya's may gagawaing pang ibang bagay.

12.    Bukod sa nasabing kung tungkulin, Ako a dapat na laging handa sa potensyal na emerhensiyas (emergencies) sa lahat ng oras sa loob na tungkulin 24 oras sa residenteng uragaan bahay.   Ako ay hindi puwede umalis sa loob ng nasasakupan ng residenteng bahay para magawa ko ang pribadong pangangailanganan kahit na ang tungkulin ay natapos kuna.

13.    Sa ibang araw ang lahat ng kliyente ay wala sa residenteng arugaan bahay at sa katanghalian na oras, Ako ay pasamantalang libre sa mga tungkulin at obligasyon para masubaybayan at pangasiwaan sila.   Gayunman, ito ay hindi puwedeng ipauna sapagkat may roong ibang mga araw na meron kahit isang (1) kliyente nanasa bahay at sa mga planong gagawain.   Alin man sa itong ang manga oras ay hindi nakatala sa libro (timesheets).

14.    Sa bawat na initala ko at sa nauna talataan (paragraph), na walang karaniwan na oras sa loob ng 24 oras na ang tungkulin (shift) na ako ay lubusan libre sa manga tungkulin para pangasiwaan at subaybayan ang kliyente at laging

1  kailangan ang pangangailangan ng kliyente or dili kaya'y kailangan ito sa
2  emerhensiya (emergencies).

3
4

5  15.    Hindi kung puwedeng iwanan ang kliyente na walang nanganagsiwa sa
6  residenteng bahay, o dili kaya'y payagan and bilang ng empleyado or trabahador
7  (staff) na bumaba sa bilang na kailangan ng Jasmine Hall na sinabi sa amin ang
8  porseyento ng trabahador/kliyente  _2_  trabahador  _4_  bawat isang
9  kliyente.

10

11  16.    Kung kailangan umalis ako sa residenteng aruguan bahay para sa (shift)
12  5 24 oras, Ako ay dapat humingi ng permiso at iyabiso agad sa nanganagsiwa at
13  namumumo ng Jasmine Hall para ito ay ayusin at mapalitan ako sa akin tungkulin
14  iskedyul.

15

16  17.    Ang permiso ay laging pinagkakaloob pero puwedi rin itong hindi
17  pagkaloob, at hindi ko alam kung kaylan ang iyayabiso at pangangailanganan.

18

19  18.    Sa pagitan na ika 10 pm at 6 am (gabi), and Residenteng Katulong
20  Kasingbahay ay kailangan subaybayan ang kliyente sa buong magdamag, at sa
21  lahat ng kailangan nito sa mga nagising na kliyente at kailangan ang tulong agad.

22

23  19.    Hindi ito nangyayari gabi-gabi pero humigit-kumulang  _5_  ilang beses
24  sa isang buwan.

25

26  20.    Ako ay nabayaran para sa _____ wala ____ ilan ____ lahat_____ ng mga
27  gabi na ako ay natutulog na ginambala at ginising at naantala ang aking pagtulog
28  dahil sa kliyente. O  _✓_  Hindi ko alam kung ako ay nabayaran ng sahod na

Exhibit   J              133
Page  4

1  ako'y ginising at naantala ang aking pagtulog dahil sa kliyente para itoy

2  paglinkuran ng kanilang kailangan.

3

4  21.    Ako ay nagbibigay ng deklarasyon ito na malaya, para magbigay ng tamang

5  paglalarawan ng Jasmine Hall tungkol sa sistema ng pagsusuweldo o sahod, at alin

6  man na walang itong banta o pangako.

7

8  //

9  //

10  //

11  //

12  //

13

14  22.    Binasa ko itong akin deklarasyon sa umpisa hanggang huli at sinabi sa akin

15  na puwede kong tanggalin o kaya'y palitan and deklarasayong nasa loob ko ay

16  hindi tama, patas o katutuhanan.

17

18       Ako ay nagpapahayag sa ilalim ng parusa ng palsong panunumpa sa County

19  ng Sacramento, California na itong aking inilathala ay tunay at pawang

20  katutuhanan lamang.

21

22  Petsa (Date) 4-6-07      Antonio B. Sparhuwen

23

24

25

26

27

28  Exhibit J
   Page 5

      134

*Declaration in Support of Secretary's Motion for Partial Summary Judgment*                 - 5 -

1  LAWRENCE BREWSTER
2  Regional Solicitor
   DAVID KAHN
3  Counsel for ESA Programs
   **JAN M. COPLICK**, Senior Trial Attorney
4  Designated Counsel for Service
   California State Bar Number 124503
5  E-Mail: Coplick.Jan@dol.gov
6  ANDREW SCHULTZ
   Trial Attorney
7  Office of the Solicitor
   United States Department of Labor
8  90 7th Street, Suite 3-700
   San Francisco, California 94103
9

10 Telephone:  (415) 625-7751
   Facsimile:   (415) 625-7772
11

12

13                    UNITED STATES DISTRICT COURT

14                    EASTERN DISTRICT OF CALIFORNIA

15

16 ELAINE CHAO, SECRETARY OF       )   CIVIL ACTION NO. 2:05-cv-01306-
   LABOR, UNITED STATES            )   GEB-KJM
17 DEPARTMENT OF LABOR,            )
18          Plaintiff,             )
                                   )
19    v.                           )
   JASMINE HALL CARE HOMES,        )   DECLARATION  IN SUPPORT OF
20 INC., a corporation, HALL CARE  )   THE SECRETARY'S MOTION FOR
   HOMES, INC., a corporation,     )   PARTIAL SUMMARY JUDGMENT
21 GEORGE K. HALL, an individual, and )
22 ESTELA HALL, an individual      )
                                   )
23                                 )
          Defendants.              )
24 _____  )

25

26    I, _Emiliana Pilar_____, swear the following to be true:

27 1.    I have been employed by the Defendants ("Jasmine Hall" or "JH") from
28 _01-2000_, to _Presence_ as a live-in care provider.

       Exhibit  K          135
       Page  1
*Declaration in Support of Secretary's Motion for Partial Summary Judgment*                    - 1 -

2.     The regular weekly work schedule for Jasmine Hall's care aides is 5 on-duty days in a row, then 2 days off.

3.     I currently work at Jasmine-Hall home # ___3___ on this same weekly schedule.

4.     I am paid $ _1,800.00_ per month in salary to cover all hours I am on duty monthly during the 5 on-duty days per week.

5.     If I work any hours on my 2 days off, Jasmine Hall considers this "overtime" and I am paid extra.

6.     Each on-duty shift is 24 hours long.

7.     For each of my duty shifts, I must stay overnight at my care home in the staff bedroom.

8.     I do _✓_ do not_____ have another residence where I could stay if I was not required to stay overnight at the care home.

9.     I do_____ do not ____ have to share the staff bedroom with up to _3_ other employees.

10.     During each 24 hour duty shift, I spend an average of _11.5_ hours daily in direct client care, behavioral interaction, client charting, and household chores.

11.     On a typical day, it is rare that I have more than _3_ daytime hours free when I am not required to care for and interact with clients or handle household chores.

12.     Apart from these work tasks, I must also be immediately available for potential emergencies at all times during my 24 hour duty shift when clients are in the care home.  I could not leave the premises for private purposes of my own even if all the work tasks were completed.

13.     On some days, all the clients are away from the care home at the same time mid-day so that, for that period of time, I am temporarily relieved of my on-duty obligation to monitor and supervise them.  However, this is not predictable in advance because there are many other days where at least one client stays home

Exhibit  K          136
Page  2

1  from the planned activity. In either case, these times are not recorded on our

2  timesheets.

3  14.    Apart from the times I describe in the previous paragraph, there is usually no

4  time during my 24 hour duty shift when I am completely relieved from the duty to

5  supervise and monitor clients, and be available to meet client needs or handle

6  emergencies.

7  15.    I cannot leave clients unsupervised in the homes, or allow the number of

8  staff to fall below what Jasmine Hall has told us is the staff/client ratio of at least

9  __3__ staff for each __4__ clients. *before 6 client*

10  16.    If I need to leave the care home for any personal reason during my 5 24-hour

11  shifts on duty, I have been told to ask Jasmine Hall management in advance so

12  they can arrange coverage.

13  17.    Permission is usually granted but may also be denied, and I do not know in

14  advance.

15  18.    Between the hours of 10 pm and 6 am (nighttime), the care aides are

16  responsible for monitoring the clients during the night, and taking care of clients *happened before*

17  who awaken and need help. *Real left I don't remember*

18  19.    This does not happen every night but approximately __2__ times per month.

19  20.    I have been paid for ____ none ____ some ____ all ____ of the nights my

20  sleep was interrupted by clients.  OR  __✓__ I don't know if I have been paid for

21  interrupted sleep.

22  21.    I give this declaration freely, in order to give an accurate description of

23  the Jasmine Hall pay system, and not because of any threats or promises.

24  //

25  //

26  //

27  //

28  //

Exhibit   K
Page   3

137

*Declaration in Support of Secretary's Motion for Partial Summary Judgment*                - 3 -

22.    I have read this declaration from beginning to end, and was told that I should feel free to cross out or change any part of this declaration that I thought was not accurate, fair or correct.

I declare under penalty of perjury in the County of Sacramento, California, that the foregoing is true and correct.

Date 9/6/07          *Emiliana Pilar*

Exhibit   K
Page   4

138

*Declaration in Support of Secretary's Motion for Partial Summary Judgment*          - 4 -

1   LAWRENCE BREWSTER
    Regional Solicitor
2   DAVID KAHN
    Counsel for ESA Programs
3   **JAN M. COPLICK**, Senior Trial Attorney
    Designated Counsel for Service
4   California State Bar Number 124503
    E-Mail: Coplick.Jan@dol.gov
5   ANDREW SCHULTZ
    Trial Attorney
6   Office of the Solicitor
7   United States Department of Labor
    90 7th Street, Suite 3-700
8   San Francisco, California 94103
9
10  Telephone:  (415) 625-7751
    Facsimile:   (415) 625-7772
11

12

13              UNITED STATES DISTRICT COURT

14            EASTERN DISTRICT OF CALIFORNIA

15

16  ELAINE CHAO, SECRETARY OF       )   CIVIL ACTION NO. 2:05-cv-01306-
    LABOR, UNITED STATES            )   GEB-KJM
17  DEPARTMENT OF LABOR,            )
18          Plaintiff,              )
                                    )
19      v.                          )
    JASMINE HALL CARE HOMES,        )   DECLARATION  IN SUPPORT OF
20  INC., a corporation, HALL CARE  )   THE SECRETARY'S MOTION FOR
    HOMES, INC., a corporation,     )   PARTIAL SUMMARY JUDGMENT
21  GEORGE K. HALL, an individual, and )
22  ESTELA HALL, an individual      )
                                    )
23          Defendants.             )
24                                  )

25
26      I, _Priyerka._____, swear the following to be true:

27  1.    I have been employed by the Defendants ("Jasmine Hall" or "JH") from
                                    _R. Present_
28  _8 11 2005_to _# 2003_ as a live-in care provider.

        Exhibit  L            139
        Page  1
    _Declaration in Support of Secretary's Motion for Partial Summary Judgment_        - 1 -

1   2.    The regular weekly work schedule for Jasmine Hall's care aides is 5 on-duty

2   days in a row, then 2 days off.

3   3.    I currently work at Jasmine-Hall home #___*1*___ on this same weekly

4   schedule.

5   4.    I am paid $ *1,700* per month in salary to cover all hours I am on duty

6   monthly during the 5 on-duty days per week.

7   5.    If I work any hours on my 2 days off, Jasmine Hall considers this "overtime"

8   and I am paid extra.

9   6.    Each on-duty shift is 24 hours long.

10  7.    For each of my duty shifts, I must stay overnight at my care home in the

11  staff bedroom.

12  8.    I do _X_ do not_____ have another residence where I could stay if I was

13  not required to stay overnight at the care home.

14  9.    I do _X_ do not ____ have to share the staff bedroom with up to

15  _____other employees.                          *I did not know*

16  10.   During each 24 hour duty shift, I spend an average of ____ hours daily in

17  direct client care, behavioral interaction, client charting, and household chores.
                                                            *I did not know*
18  11.   On a typical day, it is rare that I have more than _____ daytime hours free

19  when I am not required to care for and interact with clients or handle household

20  chores.

21  12.   Apart from these work tasks, I must also be immediately available for

22  potential emergencies at all times during my 24 hour duty shift when clients are in

23  the care home.  I could not leave the premises for private purposes of my own even

24  if all the work tasks were completed.

25  13.   On some days, all the clients are away from the care home at the same time

26  mid-day so that, for that period of time, I am temporarily relieved of my on-duty

27  obligation to monitor and supervise them.  However, this is not predictable in

28  advance because there are many other days where at least one client stays home

Exhibit   L
Page   2

*Declaration in Support of Secretary's Motion for Partial Summary Judgment*

1  from the planned activity. In either case, these times are not recorded on our

2  timesheets.

3  14.    Apart from the times I describe in the previous paragraph, there is usually no

4  time during my 24 hour duty shift when I am completely relieved from the duty to

5  supervise and monitor clients, and be available to meet client needs or handle

6  emergencies.

7  15.    I cannot leave clients unsupervised in the homes, or allow the number of

8  staff to fall below what Jasmine Hall has told us is the staff/client ratio of at least

9  _2_ staff for each _3_ clients.

10  16.    If I need to leave the care home for any personal reason during my 5 24-hour

11  shifts on duty, I have been told to ask Jasmine Hall management in advance so

12  they can arrange coverage.

13  17.    Permission is usually granted but may also be denied, and I do not know in

14  advance.

15  18.    Between the hours of 10 pm and 6 am (nighttime), the care aides are

16  responsible for monitoring the clients during the night, and taking care of clients

17  who awaken and need help.

18  19.    This does not happen every night but approximately _I did not know._ times per month.

19  20.    I have been paid for ____ none ____ some ____ all ____ of the nights my

20  sleep was interrupted by clients. OR _I did not know_ I don't know if I have been paid for

21  interrupted sleep.

22  21.    I give this declaration freely, in order to give an accurate description of

23  the Jasmine Hall pay system, and not because of any threats or promises.

24  //

25  //

26  //

27  //

28  //

Exhibit  L

Page  3

140

1  22.    I have read this declaration from beginning to end, and was told that I should

2  feel free to cross out or change any part of this declaration that I thought was not

3  accurate, fair or correct.

4

5        I declare under penalty of perjury in the County of Sacramento, California,

6  that the foregoing is true and correct.

7  Date 4.4 2007        *Priyanka . Dissanayaka*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                        Exhibit  L
27                         Page  4

28                          141

*Declaration in Support of Secretary's Motion for Partial Summary Judgment*                        - 4 -

LAWRENCE BREWSTER
Regional Solicitor
DAVID KAHN
Counsel for ESA Programs
**JAN M. COPLICK**, Senior Trial Attorney
Designated Counsel for Service
California State Bar Number 124503
E-Mail: Coplick.Jan@dol.gov
ANDREW SCHULTZ
Trial Attorney
Office of the Solicitor
United States Department of Labor
90 7th Street, Suite 3-700
San Francisco, California 94103

Telephone:  (415) 625-7751
Facsimile:   (415) 625-7772

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>             Plaintiff,<br><br>     v.<br><br>JASMINE HALL CARE HOMES, INC., a corporation, HALL CARE HOMES, INC., a corporation, GEORGE K. HALL, an individual, and ESTELA HALL, an individual<br><br>             Defendants. | CIVIL ACTION NO. 2:05-cv-01306-GEB-KJM<br><br>DECLARATION  IN SUPPORT OF THE SECRETARY'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

I, OLIVER  D. ALMENDRAS, swear the following to be true:

1.    I have been employed by the Defendants ("Jasmine Hall" or "JH") from 5/17/05 , to PRESENT  as a live-in care provider.

Exhibit  M                     142
Page  1

*Declaration in Support of Secretary's Motion for Partial Summary Judgment*

- 1 -

2.     The regular weekly work schedule for Jasmine Hall's care aides is 5 on-duty days in a row, then 2 days off.

3.     I currently work at Jasmine-Hall home # __4__ on this same weekly schedule.

4.     I am paid $ _1,600.00_ per month in salary to cover all hours I am on duty monthly during the 5 on-duty days per week.

5.     If I work any hours on my 2 days off, Jasmine Hall considers this "overtime" and I am paid extra.

6.     Each on-duty shift is 24 hours long.

7.     For each of my duty shifts, I must stay overnight at my care home in the staff bedroom.

8.     I do _X_ do not _____ have another residence where I could stay if I was not required to stay overnight at the care home.

9.     I do _X_ do not _____ have to share the staff bedroom with up to _3_ other employees.

10.    During each 24 hour duty shift, I spend an average of _10_ hours daily in direct client care, behavioral interaction, client charting, and household chores.

11.    On a typical day, it is rare that I have more than _5_ daytime hours free when I am not required to care for and interact with clients or handle household chores.

12.    Apart from these work tasks, I must also be immediately available for potential emergencies at all times during my 24 hour duty shift when clients are in the care home.  I could not leave the premises for private purposes of my own even if all the work tasks were completed.

13.    On some days, all the clients are away from the care home at the same time mid-day so that, for that period of time, I am temporarily relieved of my on-duty obligation to monitor and supervise them.  However, this is not predictable in advance because there are many other days where at least one client stays home

*Declaration in Support of Secretary's Motion for Partial Summary Judgment*

- 2 -

1  from the planned activity. In either case, these times are not recorded on our

2  timesheets.

3  14.    Apart from the times I describe in the previous paragraph, there is usually no

4  time during my 24 hour duty shift when I am completely relieved from the duty to

5  supervise and monitor clients, and be available to meet client needs or handle

6  emergencies.

7  15.    I cannot leave clients unsupervised in the homes, or allow the number of

8  staff to fall below what Jasmine Hall has told us is the staff/client ratio of at least

9  __1__ staff for each __2__ clients.

10  16.    If I need to leave the care home for any personal reason during my 5 24-hour

11  shifts on duty, I have been told to ask Jasmine Hall management in advance so

12  they can arrange coverage.

13  17.    Permission is usually granted but may also be denied, and I do not know in

14  advance.

15  18.    Between the hours of 10 pm and 6 am (nighttime), the care aides are

16  responsible for monitoring the clients during the night, and taking care of clients

17  who awaken and need help.

18  19.    This does not happen every night but approximately __30__ times per month.

19  20.    I have been paid for ____ none _____ some ____ all ____ of the nights my

20  sleep was interrupted by clients. OR __X__ I don't know if I have been paid for

21  interrupted sleep.

22  21.    I give this declaration freely, in order to give an accurate description of

23  the Jasmine Hall pay system, and not because of any threats or promises.

24  //

25  //

26  //

27  //                                    Exhibit   M
                                          Page   3
28  //
                                             144

22.    I have read this declaration from beginning to end, and was told that I should feel free to cross out or change any part of this declaration that I thought was not accurate, fair or correct.

I declare under penalty of perjury in the County of Sacramento, California, that the foregoing is true and correct.

Date  4/4/07

Exhibit   M
Page   4

145

*Declaration in Support of Secretary's Motion for Partial Summary Judgment*                - 4 -

1  LAWRENCE BREWSTER
   Regional Solicitor
2  DAVID KAHN
   Counsel for ESA Programs
3  **JAN M. COPLICK**, Senior Trial Attorney
   Designated Counsel for Service
4  California State Bar Number 124503
   E-Mail: Coplick.Jan@dol.gov
5  ANDREW SCHULTZ
   Trial Attorney
6  Office of the Solicitor
   United States Department of Labor
7  90 7th Street, Suite 3-700
   San Francisco, California 94103
8
9
10 Telephone:  (415) 625-7751
   Facsimile:  (415) 625-7772
11

12

13              UNITED STATES DISTRICT COURT

14            EASTERN DISTRICT OF CALIFORNIA

15

16 ELAINE CHAO, SECRETARY OF      ) CIVIL ACTION NO. 2:05-cv-01306-
   LABOR, UNITED STATES           ) GEB-KJM
17 DEPARTMENT OF LABOR,           )
                                  )
18          Plaintiff,            )
                                  )
19      v.                        )
   JASMINE HALL CARE HOMES,       ) DECLARATION  IN SUPPORT OF
20 INC., a corporation, HALL CARE ) THE SECRETARY'S MOTION FOR
   HOMES, INC., a corporation,    ) PARTIAL SUMMARY JUDGMENT
21 GEORGE K. HALL, an individual, and )
   ESTELA HALL, an individual     )
22                                )
                                  )
23          Defendants.           )
                                  )
24 _____)

25

26     I, FELICIANO S. ALMENDRAS , swear the following to be true:

27 1.    I have been employed by the Defendants ("Jasmine Hall" or "JH") from

28 JUNE 9, 99, to PRESENT as a live-in care provider.

                         Exhibit   N          146
                          Page   1

   Declaration in Support of Secretary's Motion for Partial Summary Judgment                    - 1 -

2.    The regular weekly work schedule for Jasmine Hall's care aides is 5 on-duty days in a row, then 2 days off.

3.    I currently work at Jasmine-Hall home # __*4*__ on this same weekly schedule.

4.    I am paid $ __1800.—__ per month in salary to cover all hours I am on duty monthly during the 5 on-duty days per week.

5.    If I work any hours on my 2 days off, Jasmine Hall considers this "overtime" and I am paid extra.

6.    Each on-duty shift is 24 hours long.

7.    For each of my duty shifts, I must stay overnight at my care home in the staff bedroom.

8.    I do _X_ do not ____ have another residence where I could stay if I was not required to stay overnight at the care home.

9.    I do _X_ do not ____ have to share the staff bedroom with up to _3_ other employees.

10.    During each 24 hour duty shift, I spend an average of _12_ hours daily in direct client care, behavioral interaction, client charting, and household chores.

11.    On a typical day, it is rare that I have more than _4_ daytime hours free when I am not required to care for and interact with clients or handle household chores.

12.    Apart from these work tasks, I must also be immediately available for potential emergencies at all times during my 24 hour duty shift when clients are in the care home. I could not leave the premises for private purposes of my own even if all the work tasks were completed.

13.    On some days, all the clients are away from the care home at the same time mid-day so that, for that period of time, I am temporarily relieved of my on-duty obligation to monitor and supervise them. However, this is not predictable in advance because there are many other days where at least one client stays home

Exhibit   N       147
Page   2

*Declaration in Support of Secretary's Motion for Partial Summary Judgment*

-2-

1  from the planned activity. In either case, these times are not recorded on our

2  timesheets.

3  14.    Apart from the times I describe in the previous paragraph, there is usually no

4  time during my 24 hour duty shift when I am completely relieved from the duty to

5  supervise and monitor clients, and be available to meet client needs or handle

6  emergencies.

7  15.    I cannot leave clients unsupervised in the homes, or allow the number of

8  staff to fall below what Jasmine Hall has told us is the staff/client ratio of at least

9  _1_ staff for each _2_ clients.

10  16.    If I need to leave the care home for any personal reason during my 5 24-hour

11  shifts on duty, I have been told to ask Jasmine Hall management in advance so

12  they can arrange coverage.

13  17.    Permission is usually granted but may also be denied, and I do not know in

14  advance.

15  18.    Between the hours of 10 pm and 6 am (nighttime), the care aides are

16  responsible for monitoring the clients during the night, and taking care of clients

17  who awaken and need help.

18  19.    This does not happen every night but approximately _30_ times per month.

19  20.    I have been paid for ____ none _____ some ____ all ____ of the nights my

20  sleep was interrupted by clients. OR _X_ I don't know if I have been paid for

21  interrupted sleep.

22  21.    I give this declaration freely, in order to give an accurate description of

23  the Jasmine Hall pay system, and not because of any threats or promises.

24  //

25  //

26  //                                    Exhibit   N

27  //                                      Page  3

28  //                                       148

1    22.    I have read this declaration from beginning to end, and was told that I should

2  feel free to cross out or change any part of this declaration that I thought was not

3  accurate, fair or correct.

4

5       I declare under penalty of perjury in the County of Sacramento, California,

6  that the foregoing is true and correct.

7  Date    4-4-2007

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                            Exhibit  N

27                            Page  4

28                              149

1  LAWRENCE BREWSTER
   Regional Solicitor
2  DAVID KAHN
   Counsel for ESA Programs
3  **JAN M. COPLICK**, Senior Trial Attorney
   Designated Counsel for Service
4  California State Bar Number 124503
   E-Mail: Coplick.Jan@dol.gov
5  ANDREW SCHULTZ
   Trial Attorney
6  Office of the Solicitor
   United States Department of Labor
7  90 7th Street, Suite 3-700
   San Francisco, California 94103
8
9
10 Telephone:  (415) 625-7751
   Facsimile:  (415) 625-7772
11
12
13              UNITED STATES DISTRICT COURT
14             EASTERN DISTRICT OF CALIFORNIA
15
16 ELAINE CHAO, SECRETARY OF    ) CIVIL ACTION NO. 2:05-cv-01306-
   LABOR, UNITED STATES         ) GEB-KJM
17 DEPARTMENT OF LABOR,         )
18          Plaintiff,          )
                                )
19      v.                      )
   JASMINE HALL CARE HOMES,     ) DECLARATION IN SUPPORT OF
20 INC., a corporation, HALL CARE ) THE SECRETARY'S MOTION FOR
   HOMES, INC., a corporation,  ) PARTIAL SUMMARY JUDGMENT
21 GEORGE K. HALL, an individual, and )
22 ESTELA HALL, an individual   )
                                )
23          Defendants.         )
24 _____ )
25
26   I, _LOURDES D. ALMENDRES_ swear the following to be true:
27 1.  I have been employed by the Defendants ("Jasmine Hall" or "JH") from
28 _6/7/99_ , to _Present_ as a live-in care provider.

                    Exhibit  O              150
                    Page  1

_Declaration in Support of Secretary's Motion for Partial Summary Judgment_                - 1 -

2.     The regular weekly work schedule for Jasmine Hall's care aides is 5 on-duty days in a row, then 2 days off.

3.     I currently work at Jasmine-Hall home #___4___ on this same weekly schedule.

4.     I am paid $ _1800_ per month in salary to cover all hours I am on duty monthly during the 5 on-duty days per week.

5.     If I work any hours on my 2 days off, Jasmine Hall considers this "overtime" and I am paid extra.

6.     Each on-duty shift is 24 hours long.

7.     For each of my duty shifts, I must stay overnight at my care home in the staff bedroom.

8.     I do _x_ do not_____ have another residence where I could stay if I was not required to stay overnight at the care home.

9.     I do _x_ do not _____ have to share the staff bedroom with up to _3_ other employees.

10.    During each 24 hour duty shift, I spend an average of _12_ hours daily in direct client care, behavioral interaction, client charting, and household chores.

11.    On a typical day, it is rare that I have more than _4_ daytime hours free when I am not required to care for and interact with clients or handle household chores.

12.    Apart from these work tasks, I must also be immediately available for potential emergencies at all times during my 24 hour duty shift when clients are in the care home.  I could not leave the premises for private purposes of my own even if all the work tasks were completed.

13.    On some days, all the clients are away from the care home at the same time mid-day so that, for that period of time, I am temporarily relieved of my on-duty obligation to monitor and supervise them.  However, this is not predictable in advance because there are many other days where at least one client stays home

Exhibit   O                    151
Page  2

- 2 -

from the planned activity. In either case, these times are not recorded on our timesheets.

14.     Apart from the times I describe in the previous paragraph, there is usually no time during my 24 hour duty shift when I am completely relieved from the duty to supervise and monitor clients, and be available to meet client needs or handle emergencies.

15.     I cannot leave clients unsupervised in the homes, or allow the number of staff to fall below what Jasmine Hall has told us is the staff/client ratio of at least _1_ staff for each _2_ clients.

16.     If I need to leave the care home for any personal reason during my 5 24-hour shifts on duty, I have been told to ask Jasmine Hall management in advance so they can arrange coverage.

17.     Permission is usually granted but may also be denied, and I do not know in advance.

18.     Between the hours of 10 pm and 6 am (nighttime), the care aides are responsible for monitoring the clients during the night, and taking care of clients who awaken and need help.

19.     This does not happen every night but approximately _____ times per month.

20.     I have been paid for _____ none _____some_____ all____of the nights my sleep was interrupted by clients.  OR  _X_ I don't know if I have been paid for interrupted sleep.

21.     I give this declaration freely, in order to give an accurate description of the Jasmine Hall pay system, and not because of any threats or promises.

//
//
//
//
//

Exhibit   O
Page  3

152

22.    I have read this declaration from beginning to end, and was told that I should feel free to cross out or change any part of this declaration that I thought was not accurate, fair or correct.

I declare under penalty of perjury in the County of Sacramento, California, that the foregoing is true and correct.

Date   4/4/2007       _Reandes D. Almendras_____

Exhibit   O
Page   4

153

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAWRENCE BREWSTER
Regional Solicitor
DAVID KAHN
Counsel for ESA Programs
**JAN M. COPLICK**, Senior Trial Attorney
Designated Counsel for Service
California State Bar Number 124503
E-Mail: Coplick.Jan@dol.gov
ANDREW SCHULTZ
Trial Attorney
Office of the Solicitor
United States Department of Labor
90 7th Street, Suite 3-700
San Francisco, California 94103

Telephone:  (415) 625-7751
Facsimile:  (415) 625-7772

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br> Plaintiff, <br> v. <br> JASMINE HALL CARE HOMES, INC., a corporation, HALL CARE HOMES, INC., a corporation, GEORGE K. HALL, an individual, and ESTELA HALL, an individual <br> Defendants. | CIVIL ACTION NO. 2:05-cv-01306-GEB-KJM <br><br> DECLARATION IN SUPPORT OF THE SECRETARY'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

I, _ROSE O. MENDOZA_ , swear the following to be true:

1.    I have been employed by the Defendants ("Jasmine Hall" or "JH") from _5-31-07_ , to _4-6-07_ as a live-in care provider.

Exhibit  P          154
Page  1

*Declaration in Support of Secretary's Motion for Partial Summary Judgment*

- 1 -

1    2.    The regular weekly work schedule for Jasmine Hall's care aides is 5 on-duty
2    days in a row, then 2 days off.
3    3.    I currently work at Jasmine-Hall home # _NO.5_ on this same weekly
4    schedule.
5    4.    I am paid $_1,800_ per month in salary to cover all hours I am on duty
6    monthly during the 5 on-duty days per week.
7    5.    If I work any hours on my 2 days off, Jasmine Hall considers this "overtime"
8    and I am paid extra.
9    6.    Each on-duty shift is 24 hours long.
10   7.    For each of my duty shifts, I must stay overnight at my care home in the
11   staff bedroom.
12   8.    I do _✓_ do not_____ have another residence where I could stay if I was
13   not required to stay overnight at the care home.
14   9. ,   I do _✓_ do not ____ have to share the staff bedroom with up to
15   _1_ other employees.
16   10.   During each 24 hour duty shift, I spend an average of _12½_ hours daily in
17   direct client care, behavioral interaction, client charting, and household chores.
18   11.   On a typical day, it is rare that I have more than _4½_ daytime hours free
19   when I am not required to care for and interact with clients or handle household
20   chores.
21   12.   Apart from these work tasks, I must also be immediately available for
22   potential emergencies at all times during my 24 hour duty shift when clients are in
23   the care home.  I could not leave the premises for private purposes of my own even
24   if all the work tasks were completed.
25   13.   On some days, all the clients are away from the care home at the same time
26   mid-day so that, for that period of time, I am temporarily relieved of my on-duty
27   obligation to monitor and supervise them.  However, this is not predictable in
28   advance because there are many other days where at least one client stays home

*Declaration in Support of Secretary's Motion for Partial Summary Judgment*

1  from the planned activity. In either case, these times are not recorded on our

2  timesheets.

3  14.    Apart from the times I describe in the previous paragraph, there is usually no

4  time during my 24 hour duty shift when I am completely relieved from the duty to

5  supervise and monitor clients, and be available to meet client needs or handle

6  emergencies.

7  15.    I cannot leave clients unsupervised in the homes, or allow the number of

8  staff to fall below what Jasmine Hall has told us is the staff/client ratio of at least

9  __2__ staff for each __4__ clients.

10  16.    If I need to leave the care home for any personal reason during my 5 24-hour

11  shifts on duty, I have been told to ask Jasmine Hall management in advance so

12  they can arrange coverage.

13  17.    Permission is usually granted but may also be denied, and I do not know in

14  advance.

15  18.    Between the hours of 10 pm and 6 am (nighttime), the care aides are

16  responsible for monitoring the clients during the night, and taking care of clients

17  who awaken and need help.

18  19.    This does not happen every night but approximately ~10~ x times per month.

19  20.    I have been paid for ____ none ____some____ all____of the nights my

20  sleep was interrupted by clients.  OR ___✓___ I don't know if I have been paid for

21  interrupted sleep.

22  21.    I give this declaration freely, in order to give an accurate description of

23  the Jasmine Hall pay system, and not because of any threats or promises.

24  //

25  //

26  //

27  //

28  //

Exhibit   P
Page   3

156