BALDWIN J. LEE (BAR NO. 187413)
AMY WINTERSHEIMER FINDLEY (BAR NO. 163074)
JENNIE L. LEE (BAR NO. 191350)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA  94111-4074
Phone:  (415) 837-1515
Fax:  (415) 837-1516
E-Mail:   blee@allenmatkins.com
          awintersheimer@allenmatkins.com
          jlee@allenmatkins.com

Attorneys for Defendants
JASMINE HALL CARE HOMES, INC., HALL CARE
HOMES, INC., GEORGE K. HALL, ESTELA HALL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>  Plaintiff,<br><br>vs.<br><br>JASMINE HALL CARE HOMES, INC., a corporation, HALL CARE HOMES, INC., a corporation, GEORGE K. HALL, an individual, and ESTELA HALL, an individual,<br><br>  Defendants. | Case No. 2:05-CV-1306-GEB-KJM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: May 14, 2007<br>Time: 9:00 a.m.<br>Ctrm: 10<br>Judge: Hon. Garland E. Burrell<br><br>Trial Date: July 24, 2007 |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

708582.02/SF

Case No.  2:05-CV-1306-GEB-KJM
MPA in Support of Defendants' Cross-Motion for Summary Judgment

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ..........................................................................................................1

II.  STATEMENT OF FACTS ..........................................................................................1

III. LEGAL ARGUMENT ................................................................................................2

    A.   Summary Judgment Is Proper For Plaintiff's Willful Violation Claim ...................2

    B.   Plaintiff Has Presented No Evidence To Support a Willful Violation Claim Under The FLSA .................................................................3

        1.   Plaintiff's 1998 Investigation Found No Violations By Defendants In Their Pay Practices ................................................................3

        2.   The Prior Investigation Shows DOL Cannot Establish Willfulness ...........3

        3.   Willful Violation Cannot Be Established By The Fact That Defendants Disagree With Plaintiff's Interpretation Of The FLSA ...........4

IV.  CONCLUSION ............................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*
     477 U.S. 242 (1986) .................................................................................................... 2

*Brock v. Claridge Hotel and Casino*
     846 F.2d 180 (3d Cir. 1988) ....................................................................................... 4

*Brock v. Superior Care, Inc.*
     840 F.2d 1054 (2d Cir. 1988) ..................................................................................... 4

*Dole v. Elliott Travel & Tours, Inc.*
     942 F.2d 962 (6th Cir. 1991) ...................................................................................... 4

*Herman v. Palo Group Foster Home, Inc.*
     183 F.3d 468 (6th Cir. 1999) ...................................................................................... 4

*Martin v. Lockheed Missile & Space Co.*
     29 Cal. App. 4th 1718 (1994) ..................................................................................... 2

*McLaughlin v. Richland Shoe Co.*
     486 U.S. 128 (1988) .................................................................................................... 3

*Reich v. Monfort, Inc.*
     144 F.3d 1329 (10th Cir. 1998) .................................................................................. 3

*Sangster v. Paetkau*
     68 Cal. App. 4th 151 (1998) ........................................................................................ 2

**Statutes**

29 C.F.R. § 785.23 ............................................................................................................ 2

Fed. R. Civ. P., Rule 56-260 ............................................................................................. 1

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56-260 of the Local Rules of the United States District Court of the Eastern District of California, Defendants Jasmine Hall Care Homes, Inc., Hall Care Homes, Inc., George Hall, and Estela Hall (collectively "Defendants") submit this memorandum of points and authorities in support of their Cross-Motion for Partial Summary Judgment.

## I. INTRODUCTION

To support its request for summary judgment awarding over $6 million against a 29-employee local business (based on pay for 24 hours of work every day for every employee for every shift), Plaintiff, the Department of Labor ("DOL"), seeks a finding of "willfulness" against Defendants so that the statute of limitations extends from two years to three years.[1] The DOL contends that it is entitled to summary judgment that Defendants have acted "willfully" based on the fact that Defendants were previously investigated.

The evidence the DOL submits in support of its motion for summary judgment shows that the DOL loses as a matter of law regarding willfulness. Specifically, the DOL admits that it found no violations after the investigation it points out to the Court. Accordingly, as discussed below, as a matter of law Plaintiff cannot show that Defendants willfully violated the FLSA. Therefore, partial summary judgment should be granted for Defendants regarding Plaintiff's claim for willful violation of the FLSA.

## II. STATEMENT OF FACTS

In 1998, the Department of Labor conducted an investigation into the employment and pay practices of the Hall Care Homes. Declaration of Sheila Creel ("Creel Decl.") at ¶59 (submitted by Plaintiff in support of its Motion for Summary Judgment). The DOL did not find any violation and did not issue any penalties during that investigation. Creel Decl. at ¶59 ("record further reflects that no violations were found"); *see also* DOL FLSA Compliance Action Report (attached

---

[1] As discussed in Defendant's Opposition Memorandum, Plaintiff's motion fails both in fact (including due to the disputed nature of most of the 68 "undisputed material facts," many of which are contradicted by the DOL's own evidence) and in law (including regarding 29 C.F.R. § 785.23).

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

708582.02/SF

-1-
Case No. 2:05-CV-1306-GEB-KJM
MPA in Support of Defendants' Cross-Motion for Summary Judgment

as Exhibit B to Lee Decl. in Support of Cross-Motion) ("ER provides 24 hr residential care to dev disabled adults . . . . No violations found.").

Four years later, a new investigator was assigned to audit the Hall Care Homes. Sheila Creel commenced her wage and hour audit on January 28, 2004. Over the following months, Ms. Creel interviewed employees, conducted site inspections, and communicated with third parties, such as the California Department of Developmental Services. Dr. Hall spoke with Ms. Creel, filled out questionnaire documents per her request, and provided documents. Dr. Hall also identified to Ms. Creel the exemption he believed applies to his employees – 29 C.F.R. § 785.23 – which provides that employees who reside on the employer's premises may enter into any reasonable agreement with his or her employer regarding hours worked. Ms. Creel disagreed with Dr. Hall's application of 29 C.F.R. § 785.23 to the RCAs and insisted that the employees work specific 8 hour shifts. *See* Creel Decl., at ¶35. According to Ms. Creel's case diary, she completed her investigation on June 10, 2004. After a year passed, the Department of Labor filed this action on June 28, 2005.

## III.   LEGAL ARGUMENT

### A.   Summary Judgment Is Proper For Plaintiff's Willful Violation Claim

To defeat summary judgment, Plaintiff must establish "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). For all practical purposes, an issue of *material* fact is one which, in the context and circumstances of the case, "warrants the time and cost of factfinding by trial…" *Martin v. Lockheed Missile & Space Co.*, 29 Cal. App. 4th 1718, 1735 (1994). "In other words, not every issue of fact is worth submission to a jury. The purpose of summary judgment is to separate those cases in which there are *material* issues of fact meriting a trial from those in which there are no such issues." *Sangster v. Paetkau*, 68 Cal. App. 4th 151, 162 (1998). Here, Plaintiff cannot show a genuine issue of material fact in support of its willful violation claim and Defendants are entitled to judgment as a matter of law.

**B.     Plaintiff Has Presented No Evidence To Support a Willful Violation Claim Under The FLSA**

      **1.     Plaintiff's 1998 Investigation Found No Violations By Defendants In Their Pay Practices**

Plaintiff brought this underlying action seeking liquidated damages and back wages from Defendants on the claim that Defendants have willfully violated and are willfully violating the FLSA.  First Amended Compl. ¶ XII.  Plaintiff bases its claim for willful violation on three facts: (1) that it had previously conducted an investigation in 1998; (2) that it provided Dr. George Hall with copies of the relevant portions of the FLSA and the Department of Labor's interpretive bulletins concerning hours worked; (3) and that in Plaintiff's 2004 investigation of Defendants' pay practices, Sheila Creel, a Department of Labor Wage Hour investigator, told Defendants that their failure to compensate their care aides for all 24 hours of their duty period violated the FLSA.  *See* Pl.'s MPA 45:25-46:2.  However, Plaintiff's brief fails to mention a critical fact -- Plaintiff's 1998 investigation concluded that Defendants did not violate the FLSA regarding its care aides and did not issue any citations.  *See* Creel Decl., ¶ 59; *see also* DOL FLSA Compliance Action Report (Lee Decl., Ex. B) ("ER provides 24 hr residential care to dev disabled adults . . . . No violations found.").  Not only is this fact fatal to Plaintiff's motion for summary judgment regarding this claim (in addition to other issues) – this admission by the DOL warrants the granting of Defendants' cross motion on this very same issue.

      **2.     The Prior Investigation Shows DOL Cannot Establish Willfulness**

In order to establish a claim that an employer "willfully" violated the FLSA, one must show that the employer knew, or showed reckless disregard for whether, its conduct was prohibited by the FLSA.  *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 135 (1988); *Reich v. Monfort, Inc.*, 144 F.3d 1329, 1334 (10th Cir. 1998).  Awareness of the possible application of the FLSA is not enough, nor is acting without a reasonable basis that an employer is complying with the FLSA.  *McLaughlin* at 133, 135.  A showing of negligence also is insufficient to establish willfulness under the FLSA.  *Id.*  The DOL has contended in this case that willfulness can be shown by a "history of prior investigations."  Pl.'s MPA, 45:16-17.  In this case, where the DOL cites to a prior investigation, the Department of Labor must show that Defendants had been

previously cited for violations, paid damages for such violations, and made assurances to the DOL of future compliance, yet failed to change its pay practices. *See Herman v. Palo Group Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999) (finding willfulness where the employer had been investigated for violations twice in the past, paid unpaid overtime wages, received explanations from the DOL of what was required to comply with the Act, and assured the DOL that it would comply in the future); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 967 (6th Cir. 1991) (willfulness found where DOL's prior investigation showed overtime violations of the FLSA, and that such violations were resolved upon the employer's payment of overtime wages and on the employer's assurance of future compliance with the Act); *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1062 (2d Cir. 1988) (finding employer's violations of the FLSA willful where employer was on actual notice of the requirements of the FLSA by virtue of its earlier violation, its agreement to pay $32,000 in back pay, and its promise to comply with the Act in the future).

Here, it is undisputed that no violations were found and Defendants did not pay any overtime wages as a result of the Department of Labor's 1998 investigation of Defendants' pay practices. Creel Decl., ¶ 59; *see also* DOL FLSA Compliance Action Report (Lee Decl., Ex. B)

**3.   Willful Violation Cannot Be Established By The Fact That Defendants Disagree With Plaintiff's Interpretation Of The FLSA**

Plaintiff also contends that Defendants knew that they were violating the FLSA because Sheila Creel, Plaintiff's investigator, told Defendants that they needed to compensate their care aides for all 24 hours of their duty period. As discussed in Defendants' Opposition to Plaintiff's Motion for Summary Judgment, Plaintiff's contention that Defendants care aides, who reside at Defendants' premises, must be paid for every minute of every day they have ever worked, is neither supported by the facts or law. Moreover, the mere fact that Plaintiff informs Defendants of its opinion that the pay practices violated the FLSA, does not in itself make the violation willful. *See Brock v. Claridge Hotel and Casino*, 846 F.2d 180, 188 n.9 (3d Cir. 1988).

In *Brock*, the Third Circuit rejected the Department of Labor's argument that employer had willfully violated the FLSA based on the fact that employer did not change its pay practices even after the Secretary declared them improper. In that case, the Department of Labor attempted to

1   establish the employer had willfully violated because it claimed that the employer had attended a
2   seminar that should have put it on notice that its practices violated the FLSA. The Department of
3   Labor also claimed that willfullness was established because the employer did not change its pay
4   practices even after the Department had declared them improper. In rejecting the Department's
5   willful violation claim, the court stated that "private parties must retain a right to disagree with the
6   Secretary's interpretation of the regulations…Such disagreement is not willfulness." *Id.* at 188,
7   fn9.

8   Likewise, in this case, the mere fact that Sheila Creel informed Defendants during her 2004
9   investigation that she believed Defendants' pay practices regarding the care aides were improper,
10  which Defendants disagree, does not support a finding of willfulness.

**IV.  CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court enter partial summary judgment in favor of Defendants regarding Plaintiff's willful violation claim.

Dated: April 30, 2007                ALLEN MATKINS LECK GAMBLE
                                     MALLORY & NATSIS LLP


                                     By:    /s/ Baldwin J. Lee
                                            BALDWIN J. LEE
                                            Attorneys for Defendants
                                            George Hall, Estela Hall, Hall Care Homes,
                                            Inc., and Jasmine Hall Care Homes, Inc.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

708582.02/SF

-5-
Case No.  2:05-CV-1306-GEB-KJM
MPA in Support of Defendants' Cross-Motion for Summary Judgment