IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
ELAINE CHAO, Secretary of Labor,   )
United States Department of Labor, )
                                   )    2:05-cv-1306-GEB-KJM
                    Plaintiff,     )
                                   )
     v.                            )    ORDER*
                                   )
JASMINE HALL CARE HOMES, INC., a   )
corporation; HALL CARE HOMES,      )
INC.; a corporation, GEORGE K.     )
HALL, an individual; and ESTELA    )
HALL, an individual,               )
                                   )
                    Defendants.    )
                                   )
```

Defendants move for sanctions under Federal Rule of Civil Procedure ("FRCP") 16(f) because Plaintiff issued a subpoena duces tecum after the discovery completion date prescribed in the FRCP Scheduling Order. Plaintiff opposes the motion.

DISCUSSION

The FRCP Scheduling Order prescribes that all discovery in this action was to be completed by April 2, 2007. Plaintiff issued a

---

\* This matter was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 78-230(h).

1

subpoena duces tecum to Alta California Regional Center ("Alta") on May 8, 2007. (Mot. at 4:12-13; December 20, 2006 Order at 2.) Accordingly, Defendants request the following sanctions: (1) that Plaintiff be ordered "to comply with the Court's December 20, 2006 Order" and (2) that Defendants be awarded their reasonable expenses incurred as a result of Plaintiff's noncompliance with the discovery completion date. (Mot. at 2.)

Plaintiff argues that Defendants' motion for sanctions is unnecessary because "Plaintiff reacted immediately and responsively to all concerns expressed by Defendants about the subject subpoena, well before Defendants filed their Motion." (Opp'n at 4.) Plaintiff's counsel declares that before Defendants filed their motion on June 11, 2007, she had already requested Alta to halt the production of documents and had refrained from using or disclosing any discovery already received in response to the subpoena. (Jan M. Coplick Decl. ("Coplick Decl.") ¶¶ 5-7, 9; Exs. A, B, C.) Further, before Defendants filed their sanction motion on June 11, Plaintiff's counsel had contacted Defendants for the purpose of trying to resolve this dispute amicably.[1] (Id. ¶ 6, Ex. B.)

Defendants have not shown why a declaration should issue ordering Plaintiff to comply with the FRCP Scheduling Order. Nor have Defendants shown that the expenses incurred with regard to their June 11 motion are reasonable under Rule 16(f) since Plaintiff evinced

---

[1] Parties are generally encouraged to meet and confer to resolve discovery disputes before filing motions with the court. See, e.g., E.D. Cal. L.R. 37-251(b) (concerning the expectation that counsel meet and confer regarding a discovery dispute, recognizing that such meetings may resolve the parties' dispute; FRCP 37(a)(2)(A) (providing that a motion to compel disclosure or discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the [opposing] party . . . .").

1 | willingness to amicably resolve the discovery dispute before
2 | Defendants filed their June 11 motion.
3 |     Defendants also request expenses and/or sanctions under FRCP
4 | 16(f) for the opposition they filed against Plaintiff's March 23, 2007
5 | motion to amend the Scheduling Order, which Plaintiff later withdrew.
6 | (Mot. at 6.)  But Defendants do not explain how these filings violated
7 | the FRCP 16 Scheduling Order.

## CONCLUSION

For the reasons stated, Defendants' motion is denied.

Dated:  July 23, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge