1   LAWRENCE BREWSTER
    Regional Solicitor
2   DAVID KAHN
    Counsel for ESA Programs
3   **JAN M. COPLICK, Senior Trial Attorney**
    *Designated Counsel for Service*
4   California State Bar Number 124503
    E-Mail: Coplick.Jan@dol.gov
5   ANDREW SCHULTZ, Trial Attorney
    Office of the Solicitor
6   United States Department of Labor
    90 – 7TH Street, Suite 3-700
7   San Francisco, California 94103

8   Telephone:  (415) 625-7751
    Facsimile:   (415) 625-7772
9
    BALDWIN J. LEE (BAR NO. 187413)
10  AMY WINTERSHEIMER FINLEY (BAR NO. 163074)
    JENNIE L. LEE (BAR NO. 191350)
11  ALLEN MATKINS LECK GAMBLE
       MALLORY & NATSIS LLP
12  Three Embarcadero Center, 12th Floor
    San Francisco, CA  94111-4074
13  Phone:  (415) 837-1515
    Fax: (415) 837-1516
14  E-Mail:  blee@allenmatkins.com
              awintersheimer@allenmatkins.com
15             jlee@allenmatkins.com

16  Attorneys for Defendants
    JASMINE HALL CARE HOMES, INC.,
17  HALL CARE HOMES, INC.,
    GEORGE K. HALL, AND ESTELLA HALL
18

19                    UNITED STATES DISTRICT COURT

20              EASTERN DISTRICT OF CALIFORNIA

21  ELAINE CHAO, SECRETARY OF LABOR         Civil Action No. 2:05-cv-01306-GEB-KJM
    UNITED STATES DEPARTMENT OF
22  LABOR,

23          Plaintiff,

24      v.                                  PRETRIAL STATEMENT
                                            JOINT
25  JASMINE HALL CARE HOMES, INC. a
    corporation, HALL CARE HOMES, INC., a   Pretrial Conference:  August 6, 2007
26  corporation, GEORGE K. HALL, an individual,   Time:  1:30 p.m.
    and ESTELA HALL, an individual,         Judge Garland E. Burrell, Jr.
27
            Defendants.
28

0

*Chao v. Jasmine Hall:  No. 2:05-cv-01306-GEB-KJM*
*Joint Pre-Trial Statement*

1   Plaintiff Elaine Chao, Secretary of Labor, and Defendants, both through their undersigned

2   counsel, hereby file the following Joint Pre-Trial Statement.

3   DESIGNATED PRE-TRIAL STATEMENT TOPICS

4   *1)* **Jurisdiction - Venue.**   *The factual and statutory basis of federal jurisdiction and venue and*

5   *whether there is any dispute concerning jurisdiction or venue.*

6   Plaintiff asserts jurisdiction under Sections 216(c) and 217 of the Fair Labor Standards

7   Act.  Venue in the Eastern District of California, Sacramento Division is based upon the operation

8   of the residential care homes at issue within the Sacramento area.

9   *2)* **Jury - Non-Jury**.

10   No jury demand has been made.

11   3) **Undisputed Facts.** *A plain, concise statement of the facts that are undisputed.*

12   a)  Defendant George K. Hall ("George Hall") owns eight Jasmine Hall adult residential care

13   facilities for developmentally disabled adults in Sacramento, California.

14   b)  The homes are operated under two companies, Defendant Jasmine Hall Care Homes, Inc.

15   and Defendant Hall Care Homes, Inc.

16   c)  Defendant Estela Hall ("Estela Hall") works as an Administrator for Jasmine Hall.

17   d)  Jasmine Hall employees are typically on-duty five 24-hour shifts at their assigned care

18   homes and have two days a week off.

19   e)  The Jasmine Hall work shift is a consecutive 24-hour period.  The workweek begins on

20   Sunday and ends on Saturday.

21   f)  Residential care assistants' compensation includes monthly salary that covers eight hours

22   of work per work day.

23   g)  The employees are provided free room and board.

24   h)  The Jasmine Hall employee sleeping quarters are clean and presentable, including the

25   rooms that some employees share.

26   \ \

27   \ \

28

*Chao v. Jasmine Hall No. 2:05-cv-01306-GEB-KJM*

*Joint Pre-Trial Statement*

4)  **Disputed Factual Issues**. *A plain, concise statement of each fact (and any related essential facts) that the party claims or concedes to be in dispute.*

**Plaintiff understands the following factual assertions or issues to be disputed**:

a)  That the Defendants George K. Hall, Estela Hall, Jasmine Hall Care Homes, Inc. and Hall Care Homes, Inc. are covered by the Fair Labor Standards Act's mandate to pay their employees minimum wage (29 U.S.C. § 206) and overtime (29 U.S.C .§ 207) by virtue of Section 3(s)(1)(B) of the Act. 29 U.S.C. § 203(s)(1)(B).

b)  That the Jasmine Hall care homes constituted an "enterprise" under the FLSA.

c)  That services for developmentally disabled (DD) adults and children are provided through a network of private, non-profit regional centers that work under contract entered under California law with the California Department of Developmental Services.

d)  That Alta California Regional Center ("Alta") provides these services in and around Sacramento, which include assessment and placement for residential non-medical care for developmentally disabled adults ("clients") (Id. ¶ 6.)

e)  Residential placement is made in community care facilities (such as the Jasmine Hall Care Homes), which are licensed by the California Department of Social Services (DSS), through the Division of Community Care Licensing (CCL.)

f)  That Jasmine Hall is expected by State licensing agencies and local contracting agencies to provide 24-hour care and supervision of the clients who are on the premises (or "in-facility.")

g)  That Jasmine Hall's care aides, during their 24-hour duty shifts on the premises, are[1] expected to provide continuous care and supervision of the clients who are on the premises (or "in-facility.")

h)  Whether Jasmine Hall's care aides, during their 24-hour duty shifts on the premises, are typically free to leave the premises without any restriction while clients are in-facility.

---

[1]   The facts constituting Defendants' violations of the FLSA occurred in the past but have continued to the present time.

*Chao v. Jasmine Hall No. 2:05-cv-01306-GEB-KJM*

*Joint Pre-Trial Statement*

i)   Whether any restrictions applying to employees' ability to leave the premises during their 24-hour duty shifts are of such a nature as to render such periods less than 'periods of complete freedom from all duties when the employee may leave the premises for purposes of his or her own'.

j)   Whether Jasmine Hall's care aides, during their 24-hour duty shifts on the premises, are typically free to leave the premises for more than a brief time, such as one hour, without advance permission.

k)   Whether Jasmine Hall permits its care aides, during their 24-hour duty shifts on the premises, to freely leave while clients are in-facility if the employee's absence would reduce the facility's staff/client ratio below the state-mandated minimum, discussed above.

l)   Whether any employee absences from the care homes were either sufficiently regular or predictable in advance so as to constitute a break from Hours Worked under the FLSA regulations.

m)  Whether Defendants' records of client  absences from the care homes, including Home Logs and client accountability records, demonstrate that each care home facility typically has one or more clients remaining at the facility during the daytime who, for various reasons, do not attend a scheduled day program that day.

n)   That the state-mandated minimum staffing requirements applicable to any Jasmine Hall care home, given the number of care aides available at that care home to satisfy those requirements, cannot be satisfied if the care aides each work only the 40 weekly hours claimed by Defendants.  For example, Jasmine Hall #3, a Level 4i home with 4 employees and 6 clients maximum, must provide 420 staff hours weekly when 6 clients are in residence and 312 hours weekly when only 4 clients are in residence; if the 4 employees work only 40 hours weekly as claimed by Defendants, the total of 160 staff duty hours falls short of both the 312-hour or 420-hour requirements.

o)   That it is a matter of reasonable inference that Jasmine Hall can meet the state-mandated staffing requirements <u>only</u> by scheduling each of its care homes' assigned employees to provide client care and supervision during their entire 24-hour shift daily, as claimed by

1    Plaintiff.  For example, at Jasmine Hall #3, if the 4 employees are on duty providing client

2    care and supervision for 24 hours daily, for five consecutive days or 120 hours, the facility

3    staff total of 480 hours weekly meets the applicable state staffing requirements.

4    p)   Whether, following Plaintiff's 1998 investigation into a single Jasmine Hall care home

5    contracted to provide care at Level of Care Level 3, Wage and Hour representatives

6    explained to George Hall that, in the residential care field, FLSA *hours worked* include all

7    daytime hours in which employees have care or supervision duties, and that employees

8    must be freed from all duty obligations in order for daytime hours to be unpaid.

9    q)   That Estela Hall is Jasmine Hall's Vice-President of Operations, is identified in

10   Defendants' written policy manual as the manager handling employee disputes or

11   concerns, signs the time-sheets for employees on behalf of Jasmine Hall, is the Jasmine

12   Hall manager responsible for staffing at each Jasmine Hall care home, represents Jasmine

13   Hall at meetings with State regulatory agencies and Alta California Regional Center, is the

14   former wife of and lives with George Hall, and has been listed as the owner of some of the

15   real property on which the Jasmine Hall care homes are located.

16   r)   That George Hall wholly owns and directs both Defendant corporations.

17   **Defendants believe the following facts to be disputed:**

18      •   Ownership/operation of the residential care homes during the pertinent time period.

19      •   Scheduling of work at each of the residential care homes during the pertinent time

20          period.

21      •   Compensation of each of the residential care assistants during the pertinent time

22          period.

23      •   Level of care at each of the residential care homes during the pertinent time period.

24      •   Job responsibilities and obligations of each of the residential care assistants during

25          the pertinent time period.

26      •   Work performed by each of the residential care assistants during the pertinent time

27          period.

28

*Chao v. Jasmine Hall No. 2:05-cv-01306-GEB-KJM*

*Joint Pre-Trial Statement*

- Hours worked by each of the residential care assistants during the pertinent time period.
- Care requirements at each of the residential care homes during the pertinent time period.
- Conditions of each of the residential care homes during the pertinent time period.
- Sleep and sleep arrangements for each of the residential care assistants during the pertinent time period.
- Level of functioning of clients at the residential care homes during the pertinent time period.
- Time for each residential care assistant to spend engaging in normal private pursuits.
- Adequacy of sleeping facilities for each of the residential care assistants.
- Whether it is true that Plaintiff conducted an investigation into Hall Care Homes in 1998 and found no violations and issued no penalties.

(5)    **Disputed Evidentiary Issues.** *A plain, concise summary of any reasonably anticipated disputes concerning admissibility of live and deposition testimony, physical and demonstrative evidence and the use of special technology at trial, including computer animation, video discs, and other high technology, and a statement whether each such dispute should be resolved by motion in limine, briefed in the trial brief, or addressed in some other manner.*

i)   Plaintiff anticipates that Defendants will tender testimony from some employees that they are free  to leave the premises during their work shift, for example to go to the mall, go shopping at Goodwill or periodically attend doctor's appointments.  Plaintiff respectfully submits that such evidence is not legally relevant to the issues in dispute herein concerning "Hours Worked" under the FLSA.  Plaintiff does not claim employees can never leave during their work shift but rather that there are substantial restrictions on the employees' ability to leave the facilities during the eight unpaid daytime hours of each shift, contrary to the express requirements of 29 CFR § 785.23.

ii)  Plaintiff anticipates raising a relevancy objection to any testimony which may be proffered by Defendants purporting to address employee work hours but which limits

the term "work" to its narrow, colloquial sense, as meaning only physical tasks or duties.  Such a restricted view of the term would be inconsistent with and irrelevant to the applicable Hours Worked principles set forth in the landmark FLSA cases of *Amour v. Wantock* 323 U.S. 126, 65 S.Ct. 165 (1944), and *Skidmore v. Swift* 323 U.S. 134, 65 S.Ct. 161 (1944), which first held that compensable "work" under the FLSA should include on-duty time which is spent by employees primarily for the benefit of their employer, including non-active time and free time which falls within the principles of being "engaged to wait."

iii) Plaintiff submits that any letters written by Samuel Manteaw that Defendants might attempt to tender into evidence should be ruled inadmissible as hearsay.

iv) Trial questioning and evidence related to private issues concerning any employee or any witness – including any witness' income tax compliance, immigration status, marital status, or similar areas of inquiry – should be prohibited as legally irrelevant to the issues in dispute.

Defendants anticipate the following evidentiary issues:

1. Admissibility of testimony and exhibits regarding practices at group homes/places other than the Hall Care Homes.

2. Limitation of testimony by Plaintiff's Investigator Sheila Creel to admissible testimony within her own personal knowledge.

3. Assertion by Plaintiff of confidential informant privilege regarding witnesses and documents.

4. Admissibility of testimony and exhibits relating to discovery propounded by Plaintiff in violation of the Court's scheduling order and/or which Plaintiff agreed not to utilize.

Defendants propose to address these evidentiary issues by motion in limine.

\\

\\

\\

*Chao v. Jasmine Hall No. 2:05-cv-01306-GEB-KJM*

*Joint Pre-Trial Statement*

1   (7)   **Relief Sought.** *The elements of monetary damage, if any, and the*
2   *specific nature of any other relief sought.*

3   **PLAINTIFF'S POSITION:**

4   Plaintiff seeks injunctive relief enjoining Defendants from future violations of the FLSA.

5   Plaintiff additionally seeks minimum wage and overtime back wages to Defendants' care aide

6   employees resulting from Defendants' failure to include 16 out of 24 hours worked as

7   compensable hours worked in each regularly scheduled duty shift, 5 days per week.

8   Because Defendants have not yet come into compliance with the FLSA, the back wages in

9   this case run back to 2002 under a three-year statute of limitations.   Actual backwages owing,

10  under a three-year statute, were calculated by Plaintiff to be in the amount of $3,270,201.35 as of

11  April 2007, with an equal amount added for liquidated damages, totaling $6,540,402.70.  This

12  amount shall be further updated to the time of trial.

13  **DEFENDANTS' POSITION:**

14  Defendants request that Plaintiff take nothing by the Complaint and that the Complaint be

15  dismissed with prejudice, costs of suit and reasonable attorneys' fees incurred herein, and for such

16  other and further relief as the Court deems proper.  Defendants do not agree with Plaintiff's

17  assertion that the applicable statute of limitations is three years.

18  (8)   **Points of Law.** *A statement of the legal theory or theories of*
19  *recovery or of defense and of any points of law (substantive or procedural) that are or*
20  *may reasonably be expected to be in controversy, citing the pertinent statutes,*
    *ordinances, regulations, cases and other authorities relied upon. Extended legal*
21  *argument is not required in the pretrial statement.*
22
    **PLAINTIFF'S POSITION:**
23
    a)   The FLSA presumes that all employee "on-duty" time is compensable as "Hours Worked",
24
    absent only an Employer's affirmative proof that it falls within a recognized exemption
25
    consistent with Department of Labor regulations and interpretative bulletins.  The FLSA
26
    generally requires compensation for "all time during which an employee is necessarily
27
    required to be on the employer's premises, on duty or at a prescribed workplace." *Anderson*
28
    *v. Mt. Clemens Pottery Co*., 328 U.S. 680, 690-91 (1946); *see also* 29 C.F.R. § 785.7

*Chao v. Jasmine Hall No. 2:05-cv-01306-GEB-KJM*

*Joint Pre-Trial Statement*

1   (same). This general rule reflects Congress' judgment that an employee should generally
2   receive compensation for all the time that he is under the direction and control of the
3   employer.  See, *Tennessee Coal*, 321 U.S. at 598.

4   b)  The general rule is that sleep time is compensable under the FLSA unless it falls within
5   either of two exceptions.  Opinion Letter Fair Labor Standards Act WH-505 (FLSA) 1981
6   WL 179033 (DOL WAGE-HOUR); The first exception is that, subject to specified
7   conditions, sleep time of up to eight hours need not be considered as working time if the
8   employee is "on duty for 24 hours or more" (29 C.F.R. § 785.22). Significantly,
9   Defendants herein have not sought the application of § 785.22, presumably because it
10   would not justify all the unpaid hours per 24-hour duty shift.

11   c)  If the employee is on duty for less than 24 hours, no sleep time may be deducted from the
12   employee's hours of work (29 C.F.R. § 785.21).

13   d)  The second exemption from the general rule that sleep time is compensable is where an
14   employee "resides on his employer's premises on a permanent basis or for extended
15   periods of time."  Any reasonable agreement of the parties as to the amount of hours
16   worked will be accepted, if it takes all of the pertinent facts into consideration (29 C.F.R.
17   § 785.23).  Employees who reside on their employer's premises five days a week are
18   considered to reside there "for extended periods of time" only if the facilities offered by
19   the employer provide a home-like environment with private quarters separate from the
20   residents of the group home; in such case, employees will be considered as residing there,
21   even though they may have another residence which they may regard as their principal
22   residence. 29 C.F.R. § 785.23; Opinion Letter Fair Labor Standards Act WH-505 (FLSA)
23   1981 WL 179033 (DOL WAGE-HOUR); *Hours Worked in Residential Care (Group*
24   *Home) Establishments--Sleep Time and Related Issues—Enforcement Policy*, 1988 WL
25   614199, Dep't of Labor, Wage and Hour Div. (June 30, 1988) ("1988 Enforcement
26   Policy").

27   e)  The Department of Labor's long-standing and consistently-enforced published
28   interpretations of the "Sleep Time" exemption set forth in 29 C.F.R .§785.23 must be

*Chao v. Jasmine Hall No. 2:05-cv-01306-GEB-KJM*

*Joint Pre-Trial Statement*

applied to the residential care facility field—requiring residential care facilities to provide employees with a private bedroom before the employee can be denied payment for on-duty sleep time.  These interpretations are entitled to judicial deference under the authority of, *inter alia*, the recent Supreme Court decision in *Long Island Care at Home v. Coke,* 12 Wage & Hour Cas.2d (BNA) 1089, 07 Cal. Daily Op. Serv. 6652, 2007 Daily Journal D.A.R. 8508, 20 Fla. L. Weekly Fed. S 329 (U.S. Jun 11, 2007) (NO. 06-593).

f)   With the limited exception of permitting 8 hours of sleep time to be deducted where an employer proves it has met the conjunctive requirements of 29 C.F.R. §785.23, the so-called Homeworkers Exemption does not provide any exception to or exemption from the general FLSA principles concerning On Duty time and compensable Hours Worked, but merely provides a methodology for calculating those hours according to existing FLSA jurisprudence.  29 C.F.R. § 785.23; Opinion Letter Fair Labor Standards Act WH-505 (FLSA) 1981 WL 179033 (DOL WAGE-HOUR); 1988 *Enforcement Policy*.  Please see cases cited in Plaintiff's Motion and Reply Brief for Summary Judgment.

g)   The Department of Labor has applied its long-standing interpretations of  its Hours Worked regulations—which include the Homeworker Exemption in 29 C.F.R. §785.23— to the specific context of the residential care facility field, requiring residential care facility employers to provide separate sleeping quarters to all employees for whom the employer wishes to invoke the exemption at §785.23 and who have residences elsewhere; Opinion Letter Fair Labor Standards Act WH-505 (FLSA) 1981 WL 179033 (DOL WAGE-HOUR);  1988 *Enforcement Policy*.

h)   The Department of Labor has consistently enforced its published interpretations of 29 C.F.R. § 785.23 in  the specific context of the residential care facility field, requiring employers to provide separate sleeping quarters, i.e,. a bedroom private from clients and other staff members, before it will permit deduction of up to 8 employee sleep hours. Opinion Letter Fair Labor Standards Act WH-505 (FLSA) 1981 WL 179033 (DOL WAGE-HOUR); 1988 *Enforcement Policy*.

i) By choosing to staff its care homes by scheduling employees on 24-hour duty shifts, who are not provided private bedrooms and most of whom have residences other than on Defendants' premises, Defendants have failed to satisfy the mandatory requirements of 29 C.F.R. § 785.23 and cannot claim the "Sleep Time" exemption to deduct sleep time from the employees' 24-hour shifts.  29 CFR 785.23; Opinion Letter Fair Labor Standards Act WH-505 (FLSA) 1981 WL 179033 (DOL WAGE-HOUR); 1988 *Enforcement Policy.* Please see cases cited in Plaintiff's Motion for Summary Judgment and Reply Brief.

j) Defendants' care aide employees, during their regular duty shifts of 24 hours per day, five consecutive days per week on the premises of Defendants' care homes, are "on-duty" within the meaning of the Fair Labor Standards Act; "On duty" time differs from "On-call" time, in that the former is presumed compensable, while the latter involves assessment of the degree of employee restriction and whether the time is for the benefit of the employer or the employee. 29 C.F.R. § 785.1 *et seq;* see cases cited in Plaintiff's Memorandum and Reply Brief for Summary Judgment.

k) The undisputed responsibility of direct care staff to supervise DD clients while they are in the facility makes this case entirely different both from "on-call" cases, and from cases where employees perform episodic duties in their own homes; instead, this duty of supervision constitutes "work" within the meaning of the FLSA; 29 C.F.R. § 785.1 *et seq.*; *General Electric Co. v. Porter*, 208 F.2d 805 (9th Cir. 1953), cert. den. 347 U.S. 951, 975, 74 S.Ct. 676, 98 L.Ed. 1097 (1954); *Central Mo. Tel. Co. v. Conwell*, 170 F.2d 641, 15 Lab.Cas. P 64,839 (8th Cir. 1948).

l) Defendants carry the burden of proving any threshold entitlement to invoke 29 C.F.R. § 785.23 as grounds for paying their employees for less than the 24 hours of their duty shift by proving each of the conjunctive criteria for the applicability of 29 C.F.R. § 785.23 set forth in the body of the regulation, including that employees must be relieved of responsibilities and entirely free to leave the premises for their own personal purposes during unpaid, non-sleep time.  This express requirement that employees be completely relieved of duty makes Homeworker cases distinguishable from the "on-call" line of cases, in which employees retain varying residual degrees of duty obligation. (29 C.F.R.

§ 785.23);

m) Defendants carry the burden of proving their putative Employment Agreements are "reasonable" relative to the actual number of hours worked. *Brock v. City of Cincinnati*, 236 F.3d 793, 805-06 (6th Cir. 2001).

n) Defendants carry the burden of proving that any permitted employee absences from Defendants' care homes were sufficiently regular or predictable to constitute uncompensable breaks from duty under the FLSA.  29 C.F.R. § 785.1 *et seq.*

o) Defendants carry the burden of proving their putative Employment Agreements are "reasonable" with regard to the number of FLSA *hours worked*, which includes hours that employees are not free to leave the premises without restriction on a regular and predictable basis. 29 C.F.R . § 785.1 *et seq.*

p) Defendants carry the burden of proof that they duly paid employees in fact for all periods during which employees were called to duty during uncompensated hours. *Anderson v. Mt. Clemens Pottery Co*., 328 U.S. 680, 690-91.

q) California law, Jasmine Hall's terms of licensing and its contracts with Alta Regional all require specific minimum on-duty staffing levels and total staff hours worked weekly in the subject care homes, as described in more detail above. California Code of Regulations, Title 17, §56004 *et al*.

r) Defendants' violation of the minimum wage and overtime requirements of the FLSA were Willful and subject to a three-year statute of limitations, for the reasons set forth in more detail in Plaintiff's prior briefs on the subject.

**<u>DEFENDANTS' POSITION:</u>**

Defendants believe the following are points of law at issue:

- Applicability of 29 C.F.R. section 785.23.

- Whether each residential care assistant must be provided a room to sleep in that is separate from every other residential care assistant under 29 C.F.R. section 785.23.

- Whether a representative action is appropriate.

- Whether any Defendant willfully violated the Fair Labor Standards Act.

*Chao v. Jasmine Hall No. 2:05-cv-01306-GEB-KJM*

*Joint Pre-Trial Statement*

1   • Whether Defendants, or each of them, acted in good faith and/or had reasonable
2   grounds for believing that he/she/it did not act in violation of the law.

3   • Whether some or all of the disputed time for which the Amended Complaint seeks
4   recovery is not compensable pursuant to the doctrine of *de minimis non curat lex.*

5   • Whether some or all of the disputed time for which the Amended Complaint seeks
6   recovery is non-compensable sleeping time or other non-compensable non-working
7   time.

8   • Whether the Amended Complaint, and each purported cause of action therein, is
9   barred to the extent it seeks relief and/or recovery on behalf of persons who were
10   and are properly classified as exempt employees.

11   • Whether some or all purported causes of action alleged in the Amended Complaint
12   are barred in whole or in part by the equitable doctrines of laches, avoidable
13   consequences, waiver, estoppel, and/or unclean hands.

14   • Whether the Amended Complaint, and each purported cause of action alleged
15   therein, is barred in whole or in part by all applicable statutes of limitation.

16   (9)  **Abandoned Issues**. *A statement of all issues raised by the pleadings that have been*
     *abandoned, including, for example, claims for relief and affirmative defenses.*
17

18   (10)  ***Witnesses***. *A list (names and addresses) of all prospective witnesses, whether offered in*
19   *person or by deposition or interrogatory, designating those who are expert witnesses. Only*
     *witnesses so listed will be permitted to testify at the trial, except as may be otherwise provided*
20   *in the pretrial order.*

21   a)  Wage and Hour Investigator Sheila Creel: address c/o Plaintiff, 90 – 7th Street, San
22   Francisco, CA, 94103.

23   b)  Wage and Hour Investigator Rubin Mayorga, address c/o Plaintiff, 90 – 7th Street, San
24   Francisco, CA, 94103.

25   c)  Wage and Hour Investigator Theresa Ruiz, address c/o Plaintiff, 90 – 7th Street, San
26   Francisco, CA, 94103.

27   d)  Former Wage and Hour Investigator Carol Stephenson, address c/o Plaintiff, 90 – 7th
28   Street, San Francisco, CA, 94103.

1  e) Former Wage and Hour Investigator Viola Taylor, address c/o Plaintiff, 90 – 7th Street, San

2    Francisco, CA, 94103.

3  f) Wage and Hour District Director Anthony Perrou, address c/o Plaintiff, 90 – 7th Street, San

4    Francisco, CA, 94103.

5  g) Wage and Hour Assistant District Director Richard Newton, address c/o Plaintiff, 90 – 7th

6    Street, San Francisco, CA, 94103.

7  h) Wage and Hour Regional Director George Friday, address c/o Plaintiff, 90 – 7th Street, San

8    Francisco, CA, 94103.

9  i) Patrick Smith, California Department of Social Services, Community Care Licensing, 770

10    East Shaw Avenue, Suite 330, MS 29-02, Fresno, CA 93710.

11  j) Those persons listed on Exhibit A to Plaintiff's First Amended Complaint, attached hereto

12    and incorporated herein, who is currently employed by Defendants: Address c/o Jasmine

13    Hall Care Homes, 6433 South Land Park Drive, Sacramento, California, 95831, including

14    but not limited to:

15     i)  Leo Santiago
      ii)  Josefa Vasquez
16     iii)  Emily Pilar
      iv)  Milanio Pilar
17     v)  Luz Mangosing
      vi)  Sergio Mangosing
18     vii)  Almendras, Feliciano(Al)
      viii)  Almendras, Lourdes
19     ix)  Almendras, Oliver
20     x)  Antonio Darwin
      xi)  Grace Darwin
21     xii)  Rosa Mendosa
22     xiii)  Xioxhi
      xiv)  Mabel Tetteh
23     xv)  Lena Tamakloe
      xvi)  Adelaide Saducos
24     xvii)  Priyanka
25     xviii) Jamie Conley
      xix)  Ofelia Alviz
26     xx)  Thelma Aying
      xxi)  Genoveva Mendoza
27     xxii)  Rosa Mendoza
      xxiii) Virginia Santiago
28     xxiv)  Virgil Santiago

*Chao v. Jasmine Hall No. 2:05-cv-01306-GEB-KJM*

*Joint Pre-Trial Statement*

1

2

3

4

5

6

7

      xxv)    Virginia Camba
      xxvi)   Virginia (G.G.) Santiago
      xxvii)  Marshal Williams
      xxviii) Jennoviva Mendoza
      xxix)   Thelma Ayeng
      xxx)    Ofelia Alviz
      xxxi)   Orlinda Fernandez
      xxxii)  Linda Bengayan
      xxxiii) B. Langbay Sobrepina
      xxxiv) Benita Langbay
      xxxv)  Erlinda Bongayan.

k)  Those persons listed on Exhibit A to Plaintiff's First Amended Complaint, attached hereto and incorporated herein, who were formerly employed by Defendants, including but not limited to the persons listed below.  Plaintiff does not currently know the present addresses for many of these persons, and is gathering and collating data on addresses of the others to be provided forthwith to Defendants and filed with the Court:

      i)      Joy Lastimosa
      ii)     Maureen Stephenson
      iii)    Joyce Glover
      iv)    Darin Greene
      v)     Maureen Stephenson
      vi)    J. Conley
      vii)   James Romero
      viii)  Virgil Santiago
      ix)    Rose Arreola
      x)     J. Johnson
      xi)    Erlinda Banagas
      xii)   Gloria Mata
      xiii)  Benita Sobrepena
      xiv)  Rosa Daprosa
      xv)   Valerie Lowery

l)  Elder and Dependent Adult Abuse Detective Amy Crosby, Sacramento Police Department, 5770 Freeport Blvd, Ste 100, Sacramento, CA 95822.

m) Sergeant Dave Cropp, MSW, Family Abuse Unit, Sacramento Police Department, 5770 Freeport Blvd, Ste 100, Sacramento, CA 95822.

n)  Tanya Nalley, Alta Regional Center, 2135 Butano Drive, Sacramento, CA, 95825.

o)  Sandy Nunez, Alta Regional Center, 2135 Butano Drive, Sacramento, CA, 95825

*Chao v. Jasmine Hall No. 2:05-cv-01306-GEB-KJM*

*Joint Pre-Trial Statement*

1    p)  Any witness as required for rebuttal.

2    Defendants further attach a witness List as Exhibit A.

3    (11) *Exhibits - Schedules and Summaries. A list of documents or other exhibits that the party expects to offer at trial. Only exhibits so listed will be permitted to be offered at trial except as may be otherwise provided in the pretrial order.*

4

5    a)  All Exhibits previously filed by Plaintiff as Exhibits to Plaintiff's Motion for Summary

6        Judgment and her Reply, which Plaintiff has not listed here in the interests of avoiding

7        duplication and saving space, but which list will be provided to the Court forthwith if

8        desired;

9    b)  All documents previously tendered by Plaintiff as Exhibits to Plaintiff's Opposition to

10       Defendants' Cross Motion for Summary Judgment, which Plaintiff has not listed here in

11       the interests of avoiding duplication and saving space, but which list will be provided to

12       the Court forthwith, upon request;

13   c)  Records of hours worked;

14   d)  Payroll records;

15   e)  WH Wage Transcriptions and Computation Forms 55;

16   f)  WH Summary of Unpaid Wages Forms 56;

17   g)  Defendants' responses to Plaintiff's discovery, including Defendants' Responses to

18       Plaintiff's Interrogatories and Defendants' Responses to Plaintiff's Request for

19       Admissions;

20   h)  Medical notes and records of Defendants' clients during the relevant period, including

21       IPP's, behavior management documents, medication logs and client notes, and Plaintiff's

22       analyses and summaries thereof;

23   i)  ABC Recording Sheets (behavioral management), instructions and related behavior

24       management documents;

25   j)  Jasmine Hall Home Logs, Weekly Resident Accountability records, and Client attendance

26       records, and summaries and analyses thereof by Plaintiff;

27

28

*Chao v. Jasmine Hall No. 2:05-cv-01306-GEB-KJM*

*Joint Pre-Trial Statement*                Page 15

k)  Weekly staff schedules for Jasmine Hall Care Homes entitled *Weekly Staff Scheduling* records;

l)  Typed weekly staff schedules for Jasmine Hall Care Homes referred to by Defendants as *Model* Jasmine Hall staff schedules;

m) Jasmine Hall licensing documents supplied to CCL by Jasmine Hall, correspondence and responses related thereto;

n)  Citations issued to Jasmine Hall by CCL, correspondence and responses related thereto;

o)  Site visit records and audit documents of Jasmine Hall by Alta, correspondence and responses related thereto;

p)  Documents relating to state wage claims made by Jasmine Hall employees, correspondence and responses thereto.

q)  Documents relating to forensic placements at Jasmine Hall care homes, as may be provided by trial witnesses pursuant to trial *subpoena duces tecum* issued with advance notice to Defendants' counsel (but *not* including or using any documents provided pursuant to an earlier disputed subpoena.)

r)  Property title documents, including tax assessor records, showing Defendants' ownership of real estate, including the 8 properties which are used as Jasmine Hall Care Homes, their assessed values and listed encumbrances on the real property.

s)  WH Fact Sheet #33 on residential care facilities;

t)  Community Care Licensing Update on website November 2003:

u)  Residential Vendor Orientation Manual, undated, published by Alta Regional Center;

v)  LIC 401 Monthly Operating Statements for Jasmine Hall;

w) CCL licensing public records and files related to Jasmine Hall, including citations issued to Jasmine Hall, correspondence and responses related thereto, and related CCL public records;

x)  Site visit records and audit documents of Jasmine Hall by Alta, correspondence and responses related thereto;

y) *Forensic Project and Guidebook* (Services for Dually Diagnosed Judicially Involved Consumers Project), California Department of Development Services, South Central Los Angeles Regional Center (undated);

z) California Task Force for Persons With Developmental Disabilities, 1997a, *Doing Justice? Criminal Offenders with Developmental Disabilities*, California Policy Research Center, Regents of the University of California.

aa) California Task Force for Persons With Developmental Disabilities, 1997b, *Diversion and Community Resources*, California Policy Research Center, Regents of the University of California.

bb) Any documents required for rebuttal.

Defendants further attach an exhibit list as Exhibit B.

(12)   **Discovery Documents.** *A list of all answers to interrogatories and responses to requests for admission that the party expects to offer at trial.*

**PLAINTIFF:**

Defendants' responses to Plaintiff's discovery, as stated above, including Defendants' Responses to the Secretary's First Set of Interrogatories, Response #1 (that Jasmine Hall regularly schedules its care aide employees or Residential Care Aides (RCA's) to work five consecutive 24-hour duty shifts per week at their assigned care home.)

George Hall Deposition p. 46, ln. 22-25 (Seven of the eight Jasmine Hall care homes are licensed and operate as LOC Level 4 facilities, with just one, Jasmine Hall # 2, licensed and operating at LOC Level 3.)

Defendants' Responses to Plaintiff's Interrogatories, #1: An employee's duties may include providing certain care and supervision of the group home clients, enforce house rules, and maintain conditions which insure the health, safety and personal rights of the residents; Time spent on *duties* by employees are recorded by the employees on the staff service hour forms. Employees are required to fill out the form indicating the start and stop time for each *tasks* (*sic*). Even though the employees only spend less than eight hours a day performing their *duties,* Jasmine Hall pays the employees for eight hours of *work*.  (Emphasis added.)

*Chao v. Jasmine Hall No. 2:05-cv-01306-GEB-KJM*

*Joint Pre-Trial Statement*                    Page 17

**DEFENDANTS:**

Plaintiff's Responses to Special Interrogatories 1 to 24.

(13) ***Further Discovery or Motions***. *Any requests for further discover or pretrial motions. Where discovery and/or law and motion has been terminated by status conference order, counsel shall set forth the grounds for relief from that order and why a motion to be relieved was not made prior to the date ordered in the status conference for termination. Motions for relief at pretrial are not favored and will ordinarily be denied unless the moving party makes a strong showing.*

**PLAINTIFF'S POSITION:**

Plaintiff respectfully submits that pre-trial determination by the Court of one key, narrow, and purely legal issue well before trial would greatly benefit the trial proceedings, focus the parties' trial preparation, narrow the scope of issues to be tried, and potentially encourage pre-trial settlement of the remaining matters in dispute. That sole legal issue is whether the Department of Labor's interpretative memoranda, interpreting DOL's regulation at 29 C.F.R.§ 785.23 (the Homemaker Exemption) in the context of the residential care industry is entitled to judicial deference, particularly the Department's interpretation requiring residential care employees to be provided with a home-like environment in private sleeping quarters consisting of private bedrooms, before their employer can invoke the Homeworkers Exemption set forth in 29 C.F.R. § 785.23. This narrow issue is not subject to factual dispute, and has already been exhaustively briefed by the parties.

Further, Plaintiff respectfully submits that pre-trial resolution of this sole legal issue would allow the parties to address the implications and impact on this issue of the Supreme Court's significant recent ruling in *Long Island Care at Home v. Coke,* 12 Wage & Hour Cas.2d (BNA) 1089, 07 Cal. Daily Op. Serv. 6652, 2007 Daily Journal D.A.R. 8508, 20 Fla. L. Weekly Fed. S 329 (U.S. Jun 11, 2007) (NO. 06-593), which was issued after the parties' briefing of this issue. As a result, the parties were unable to address the significance of the *Coke* decision, in which the Supreme Court held the Department of Labor's FLSA interpretative bulletins and letters interpreting DOL FLSA regulations as entitled to significant judicial deference.  In that decision, the Supreme Court discussed at length the degree of judicial deference that must be granted to such bulletins and opinion letters, considered (and rejected) arguments parallel to those made by

1    Defendants in the instant case, and discussed the policy considerations underlying the deference

2    principles set forth in the decision.  To address the potential significance of the *Coke* decision to

3    the case at bar, Plaintiff proposes that the parties be permitted to submit short supplemental briefs,

4    limited to the significance of the *Coke* decision.

5         Plaintiff believes that, should the Court decide to address this single legal issue, a pre-trial

6    summary adjudication has the potential to decide the compensability of 8 out of 16 unpaid hours

7    daily for which Plaintiff seeks backwage compensation and future compliance; this potentially

8    affects approximately half of the backwages sought by Plaintiff in this action, as well as the single

9    point on which the parties appear to be most polarized.  As a result, resolution on this point may

10   significantly limit the issues for trial.

11   **DEFENDANTS' POSITION:**

12        Defendants believe there are no grounds for what Plaintiff currently seeks – a motion for

13   reconsideration of the Court's ruling denying Plaintiff's motion for summary judgment on the

14   "individual bedroom" issue related to Plaintiff's 1988 "Enforcement Policy."  Without taking

15   extensive space here to address these issues, since they were briefed by both parties at summary

16   judgment, Defendants briefly note the following issues that highlight why reconsideration is not

17   warranted.

18        Plaintiff moved for summary judgment on this issue regarding its 1988 "Enforcement

19   Policy."  This issue was briefed by the parties as part of the summary judgment motion.  Having

20   considered the parties' briefs, the Court denied Plaintiff's motion for summary judgment, including

21   on the issue related to its 1988 "Enforcement Policy."

22        Plaintiff's conduct further reflects that *Coke* provides no basis for reconsideration of the

23   Court's ruling denying summary judgment.  The Supreme Court issued *Coke* on June 11.  During

24   the pendency of the motion for summary judgment, until July 16 when the Court issued its ruling,

25   Plaintiff had the opportunity, but did not file a supplement to notify the Court of *Coke*.  (Plaintiff

26   did file a post-reply supplement on May 30 to notify the Court of a Ninth Circuit opinion Plaintiff

27   felt was important to the summary judgment issues.)

28

*Chao v. Jasmine Hall No. 2:05-cv-01306-GEB-KJM*

*Joint Pre-Trial Statement*                           Page 19

Moreover, *Coke* does not alter the authority cited by Defendants supporting rejection of Plaintiff's 1988 "Enforcement Policy," which is not a regulation and which even Plaintiff does not follow.  Indeed, Plaintiff's 1988 Enforcement Policy has been rejected by the appellate courts on prior occasions.  *See Bouchard v. Regional Governing Bd.*, 939 F.2d 1323, 1332 (8th Cir. 1991).

(14)  **Stipulations.** *Any stipulations requested or offered for pretrial or trial purposes.*

No such stipulations have been agreed between the parties.

(15)   **Amendments - Dismissals**. *Any requested amendments to pleadings, dismissals, additions or substitutions of parties, or dispositions as to defaulting parties.*

None.

(16)**Settlement Negotiations.** *A statement whether settlement negotiations between parties and/or a court settlement conference under L.R. 16-270 would be helpful.*

The parties participated in mediation on February 28, 2007 before U.S. Magistrate Judge Edward Infante (Ret.) but were unable to reach settlement.

Defendants have served Plaintiff with a Rule 68 offer, which has expired.  Plaintiffs made a settlement offer to Defendants on April 17, 2007, which has expired.

Defendants believe that a court settlement conference pursuant to Local Rule 16-270 may be beneficial.

Plaintiff believes a court settlement conference could be very helpful in resolving this matter or, at the least, in narrowing the scope of the dispute or in aiding the parties to reach useful Stipulations.

(17) **Agreed Statements.** *A statement whether presentation of all or part of the action upon an Agreed Statement of Facts is feasible and advisable.*

Plaintiff believes that presentation upon an Agreed Statement of Facts would be advisable and might be feasible in the future, were the parties able to limit the scope of issues in dispute, perhaps with the assistance of a settlement judge.

Defendants do not believe that presentation of the action upon an Agreed Statement of Facts is feasible or advisable.

(18) **Separate Trial of Issues**. *A statement whether separate trial of any of the issues is feasible and advisable.*

The parties do not believe a separate trial of any issues currently in dispute would be feasible or advisable.

(19) **Impartial Experts - Limitation of Experts.** *A statement whether appointment by the Court of impartial expert witnesses or limitation of the number of expert witnesses is advisable.*

### PLAINTIFF'S POSITION:

Full disposition of the matter might be facilitated and simplified by the Court's appointment of an impartial witness who is an expert in the state regulation of residential care facilities in California, and particularly the minimum staffing levels, the total of direct care staff hours required weekly, and the degree of employee attention and engagement expected, under the applicable state requirements, in order to constitute "client care and supervision".

### DEFENDANTS' POSITION:

No experts are necessary or appropriate, as reflected by the fact that no party has disclosed any experts.  (The deadline for expert disclosure expired in 2006.)

(20) **Attorneys' Fees.** *A statement whether attorneys' fees are sought and the time and manner in which they are to be ascertained. See L.R. 54-293.*

Plaintiff intends to seek attorney fees for the costs of proving any facts which were unreasonably denied by Defendants in their response to Plaintiff's Requests for Admissions.

Defendants reserve their rights to attorneys fees at the conclusion of this matter.

(21) **Trial Exhibits**. *Any special handling of trial exhibits and a statement of advisability of court retention of exhibits pending appeal decision. See L.R. 39-138(e).*

Plaintiff anticipates tendering evidence relating to DD clients' medical care and supervision, which shall be submitted under seal to protect the privacy of the clients.

\\

\\

\\

\\

\\

(22) **Miscellaneous.** *Any other appropriate comments, suggestions, or information that might aid in the disposition of the action, including references to any matters set forth in Fed. R. Civ. P. 16(c).*

     None.

     ALL OF WHICH IS RESPECTFULLY SUBMITTED.

Dated this _6 th day of August, 2007.     JONATHAN SNARE
     Acting Solicitor of Labor

     LAWRENCE BREWSTER
     Regional Solicitor

     By: */s/ Jan Coplick*
     JAN M. COPLICK
     Senior Trial Attorney
     Attorneys for Plaintiff, Secretary of Labor

Dated this _6__ day of August, 2007.     ALLEN MATKINS LECK GAMBLE
     MALLORY & NATSIS LLP

     By: Consent to filing given
     BALDWIN J. LEE
     Attorneys for Defendants

*Chao v. Jasmine Hall No. 2:05-cv-01306-GEB-KJM*

*Joint Pre-Trial Statement*

**DEFENDANTS' ATTACHMENT A – WITNESS LIST**

| | |
|---|---|
| Feliciano | Almendras |
| Lourdes | Almendras |
| Oliver | Almendras |
| Mary | Aquino |
| Rebecca | Arreola |
| Thelma | Aying |
| Erlinda | Bagansa |
| Juliela | Bartolome |
| Olivien | Bolang |
| Virginia | Camba |
| Lorna | Chua |
| Jamie | Conley |
| Rosita | Daproza |
| Antonio | Darwin |
| Grace | Darwin |
| Lanie | Darwin |
| Priyanka | Dissanayaka |
| Erlinda | Fernandez |
| Lucas | Gapinski |
| Barbara | Garcia |
| Maria | Garcia |
| Joyce | Glover |
| Darin | Greene |
| Dr. George | Hall |
| Estela | Hall |
| Jerry | Johnson |
| Benjo | Lastimosa |

| | | |
|---|---|---|
| 1 | Josefa | Lastimosa |
| 2 | Valerie | Lawery |
| 3 | Chandra | Livingston |
| 4 | Henriette | Luntungan |
| 5 | Teresita | Magpali |
| 6 | Orville | Manariangkuba |
| 7 | Lozviminda | Mangosing |
| 8 | Sergio | Mangosing |
| 9 | Samuel | Manteaw |
| 10 | Alicia | Manuel |
| 11 | Gloria | Mata |
| 12 | Lyle | McCollough |
| 13 | Genovea | Mendoza |
| 14 | Luzon | Mendoza |
| 15 | Rosa | Mendoza |
| 16 | Joyce | Mills |
| 17 | Gina | Nash |
| 18 | Chris | Navarro |
| 19 | Teresagirl | Navarro |
| 20 | Evelyn | Panares |
| 21 | Jantje | Pangau |
| 22 | Emiliana | Pilar |
| 23 | Miliano | Pilar |
| 24 | James | Romero |
| 25 | Zenaida | Rosillon |
| 26 | Adelaide | Saducos |
| 27 | Taty Liean | Sael |
| 28 | Aswine | Salindeho |

| | | |
|---|---|---|
| 1 | Josefina | Santiago |
| 2 | Larry | Santiago |
| 3 | Leo | Santiago |
| 4 | Luz | Santiago |
| 5 | Virgil | Santiago |
| 6 | Virginia | Santiago |
| 7 | Jane | Shafer |
| 8 | Benita | Sobrepena |
| 9 | Maureen | Stephenson Minor |
| 10 | Lena | Tamakloe |
| 11 | Mabel | Tetteh |
| 12 | Ana | Vaka |
| 13 | Josefa | Vasquez |
| 14 | Carlina | Wheat |
| 15 | Constancia | Ybanez |
| 16 | Xochilt | Zimmerly |
| 17 | Witnesses listed | |
| 18 | by Plaintiff | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

*Chao v. Jasmine Hall No. 2:05-cv-01306-GEB-KJM*

*Joint Pre-Trial Statement*                    Page 25

1    **<u>DEFENDANTS' ATTACHMENT B – EXHIBIT LIST</u>**

2    Staff Service Hour Reports

3    Duty Statements

4    Staff W-4s

5    Payroll Records

6    Phone Records for Jasmine Hall Care Homes

7    Cancelled Payroll Checks

8    Weekly Resident Accountability Reports

9    Unusual Incident/Injury Reports

10   Special Incident Reports

11   Correspondence from Dr. George Hall to Department of Labor

12   Correspondence from Samuel Manteaw to Sheila Creel

13   DOL July 24, 2007 Opinion Letter

14   DOL 1998 Compliance Action Report for Jasmine Hall Care Homes

15   FLSA Narrative for 1998 DOL Investigation

16   Photographs of the Residential Care Homes

17   Diagram Layouts of the Residential Care Homes

18   Exhibits listed by Plaintiff

19

20

21

22

23

24

25

26

27

28

*Chao v. Jasmine Hall No. 2:05-cv-01306-GEB-KJM*

*Joint Pre-Trial Statement*