IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ELAINE CHAO, Secretary of Labor, United States Department of Labor, | ) ) ) | |
| | | 2:05-cv-1306-GEB-KJM |
| Plaintiff, | ) ) | |
| v. | ) ) | FINAL PRETRIAL ORDER |
| JASMINE HALL CARE HOMES, INC., a corporation, HALL CARE HOMES, INC., a corporation, GEORGE K. HALL, an individual, and ESTELA HALL, an individual, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

A final pretrial conference was held on August 6, 2007. After hearing, the Court makes the following Order.

## I. JURY/NON-JURY

The parties agree that all issues shall be tried to the bench.

## II. UNDISPUTED FACTS

The undisputed facts stated in section 3 of the parties' Joint Pretrial Statement ("JPS") will become part of the evidentiary record.

### III. DISPUTED FACTUAL ISSUES

The disputed factual issues are set forth in the parties' Joint Statement of Disputed Facts filed on August 7, 2007.

### IV. IN LIMINE MOTIONS

Any evidentiary dispute capable of being resolved in limine shall be set forth in an in limine motion which shall be filed no later than September 28, 2007.  An opposition or a non-opposition statement to any filed in limine motion shall be filed no later than October 11, 2007.  A reply to an opposition shall be filed no later than October 18, 2007.[1]

### V. RELIEF SOUGHT

The relief sought is stated in section 7 of the JPS.

### VI. POINTS OF LAW

A. The final pretrial order supersedes the pleadings and controls the facts and claims which may be presented at trial.  Any legal theory of relief or affirmative defense asserted in the pleadings but not preserved for trial in this section of the final pretrial order cannot be raised during the trial.  Therefore, to preserve an issue for trial, and to be entitled to jury instructions on that issue, the issue <u>shall</u> be identified and preserved in this section  of the Order.  Failure to do so dismisses, waives or abandons that issue, claim or defense.  <u>Hotel Emp., et al. Health Tr. v. Elks Lodge 1450</u>, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order are eliminated from the action.")

B. The following points of law are preserved for trial:

---

[1]     The parties should meet and confer on evidentiary disputes before filing an in limine motion for the purpose of seeking to resolve evidentiary disputes through stipulation or otherwise.

(1) Whether any Defendant is liable for payment of wages under the Fair Labor Standards Act ("FLSA").

(2) Whether Defendants meet 29 C.F.R. § 785.23 grounds for paying their employees less than 24 hours of their work shift. The parties dispute how this regulation should be interpreted. Plaintiff asserts that within the context of the residential care facilities a number of federal interpretive bulletins explain the prerequisites to this exception being applicable to Defendants. Defendants argue that the referenced interpretive bulletins should not be given weight.

(3) Whether any Defendant willfully violated the FLSA and is therefore subject to a three-year statute of limitations.

(4) Whether any Defendant acted in good faith and/or had reasonable grounds for believing that he, she, or it did not act in violation of the FLSA.

(5) Whether some or all of the disputed time for which Plaintiff seeks recovery is not compensable pursuant to the doctrine of *de minimis non curat lex*.

(6) Whether Plaintiff's claims seek any relief on behalf of persons who were and are properly classified as exempt employees.

(7) Whether some or all of Plaintiff's claims are barred in whole or in part by the equitable doctrine of laches, avoidable consequences, waiver, estoppel, and/or unclean hands since some residential care workers did not raise any issue concerning their wages when reporting their work hours to their employer. Plaintiff argues these doctrines are inapplicable to it.

## VII. TRIAL BRIEFS

Notwithstanding Local Rule 16-285, trial briefs shall be filed with the Court no later than <u>twenty (20) days prior to the date of trial</u>.  All legal positions briefed in the trial brief shall be supported with case and applicable statutory authority.  <u>See</u> Local Rule 16-285.  Any responding briefs shall be filed no later than five (5) court days prior to trial.  **The trial brief(s) shall include "reasonably anticipated disputes concerning admissibility of evidence . . . and citations of authority in support thereof."  Local Rule 16-285(a)(3).**

## VIII. WITNESSES

A. The parties anticipate calling the witnesses listed in section 10 of the JPS and exhibits attached thereto.

B. Each party may call a witness designated by the other.

C. No person, other than those named on these witness lists, will be permitted to testify unless:

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not reasonably be anticipated at the pretrial conference; or

(2) The witness was discovered after the pretrial conference and the proferring party makes the showing required in "D", below.

D. If a witness is discovered after the pretrial conference, counsel for the party offering the witness shall promptly inform the Court and opposing parties of the existence of the unlisted witness so that the Court may consider at trial whether the witness shall be permitted to testify.  The witness will not be permitted to testify unless:

1    (1) The witness could not reasonably have been

2 discovered prior to pretrial;

3    (2) The Court and opposing counsel were promptly

4 notified upon discovery of the witness;

5    (3) If time permitted, counsel offered the witness for

6 deposition; and

7    (4) If time did not permit, a reasonable summary of the

8 witness' testimony was provided to opposing counsel.

9                          IX. EXHIBITS[2]

10    A. The parties anticipate offering the exhibits listed in

11 section 11 of the JPS and attachments thereto.

12    B. No other exhibits will be permitted to be introduced

13 unless:

14    (1) The party seeking to use the unlisted exhibit

15 demonstrates that the exhibit is being used to rebut evidence which

16 could not reasonably have been anticipated at the pretrial

17 conference; or

18    (2) The unlisted exhibit was discovered after the

19 pretrial conference and the offering party makes the showing

20 required in paragraph "C", below.

21    C. Any party proposing to introduce an exhibit which was

22 discovered after the pretrial conference shall promptly notify the

23 Court and opposing counsel of the existence of such exhibit. The

24 Court will not permit any such exhibit to be introduced unless it

25 finds:

26 ────────────────

27    [2]   This portion of the Order does not affect the parties'
obligations to timely comply with disclosure requirements provided in
28 the Federal Rules of Civil Procedure, Local Rules, or by Order of this
Court.

1          (1) That the exhibit could not reasonably have been
2    discovered prior to the pretrial conference;
3          (2) The Court and counsel were promptly informed of
4    the exhibit's existence; and
5          (3) That the offering party has delivered a copy of
6    the exhibit to opposing counsel, or, if the exhibit may not be
7    copied, that the offering counsel has made the exhibit reasonably
8    available for inspection by opposing counsel.
9          D. Plaintiff's exhibits shall be numbered and marked
10   with colored stickers provided by the Court while Defendants'
11   exhibits shall be designated by alphabetical letter also marked
12   with colored stickers provided by the Court.  To obtain stickers,
13   parties should contact the Clerk of Court at (916) 930-4000.
14         The parties are directed to exchange with each other, at
15   least twenty (20) court days prior to trial, copies of all of their
16   respective exhibits, marked with exhibit stickers provided by the
17   Court.  Within five (5) court days after receipt and examination of
18   the exhibits, each party shall file with the court and serve upon
19   opposing counsel objections, if any, to the exhibits, specifying the
20   basis for each objection.[3]  The failure to make objections in the
21   manner prescribed by this section shall constitute a waiver of said
22   objections.  A party seeking to admit into evidence an exhibit to
23   which no objection was made must identify said exhibit for the record
24   and then move it into evidence.
25         Counsel shall produce all exhibits to the Clerk's Office on
26   the Friday before the trial date, no later than 4:00 p.m.  At that

27

28         [3]    The parties have leave to file joint exhibits.  The above
     procedure is designed to resolve disputes over separate exhibits.

time, the parties shall also furnish the court with a copy of each exhibit, unless the exhibit is physically incapable of being reproduced.  Each party submitting exhibits shall furnish a list to the court, the courtroom deputy, and opposing counsel itemizing the exhibits.

## X. FURTHER DISCOVERY AND MOTIONS

Pursuant to the Court's Pretrial Scheduling Order, all discovery and law and motion was to have been completed prior to the date of the final pretrial conference.  That order is confirmed.  The parties are, of course, free to conduct any additional discovery they desire pursuant to informal agreement.  However, any such agreement will not be enforceable in this Court.

## XI. SETTLEMENT CONFERENCE

A settlement conference is scheduled before the Honorable Judge Hollows on October 9, 2007 at 9:30 a.m.  Each party is directed to have a principal with authority to settle the case on any terms present at the settlement conference.

In addition, each party is directed to submit a settlement conference statement directly to the chambers of Judge Hollows, the settlement judge, five (5) court days prior to the settlement conference.  Such statements shall not be filed with the clerk nor served on opposing counsel.  However, each party shall notify the other party or parties that the statement has been submitted to the judge's chambers.

## XII. ATTORNEY'S FEES

The parties are referred to Local Rule 54-293 concerning the post-trial procedure for seeking an award of attorney's fees.

XIII. PROPOSED FINDINGS AND CONCLUSIONS

Each party shall submit proposed prevailing party findings and conclusions ten (10) court days before trial and has leave to supplement timely-submitted proposed findings and conclusions as trial progresses.

XIV. TRIAL DATE

Trial will commence on November 27, 2007. A trial day will commence at 9:00 a.m. and will adjourn at approximately 4:30 p.m. Counsel are to call Shani Furstenau, Courtroom Deputy, at (916) 930-4114, one week prior to the trial commencement date to ascertain the status of the trial date.

IT IS SO ORDERED.

Dated:  August 7, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge