1981 WL 179033                                                                    Page 1
1981 WL 179033 (DOL WAGE-HOUR)

Wage and Hour Division
United States Department of Labor

Opinion Letter
Fair Labor Standards Act (FLSA)
WH-505
February 3, 1981

\*\*\*

This is in response to your request for clarification of our letters of May 27 and March 13, 1980, dealing with the circumstances under which an employer can deduct from hours worked the time spent by house-parents sleeping at privately-operated community residences for the mentally retarded.

The facilities in question are owned or leased by private non-profit corporations. The corporations employ houseparents, and relief staff in many cases, to provide custodial care for mentally retarded individuals who reside in the facilities. The houseparents sleep overnight, sometimes as many as five or six days in a row, after which they get a day or two off. In addition, the house-parents may also have several hours off each afternoon, when they are free to do whatever they choose, including leaving the premises to shop, visit friends, or engage in similar activities.

Many of these houseparents maintain permanent residences elsewhere in the community, but others have as their only residence the facility for the mentally retarded. The relief staff may stay overnight at the facility one or two nights a week, and they maintain permanent residences elsewhere.

The houseparents and relief staff sleep in private quarters separate from the mentally retarded residents of the group home. The actual facts differ somewhat from facility to facility, but the above description sets forth the typical situation as it has been explained to us.

The Department's policy concerning sleep time is generally explained in its Interpretative Bulletin on Hours Worked, 29 CFR Part 785 (copy enclosed). As a general rule, sleep time is compensable unless it falls within either of two exceptions. First, subject to specified conditions, sleep time of up to eight hours need not be considered as working time if the employee is "on duty for 24 hours or more" (§785.22). (If the employee is on duty for less than 24 hours, no sleep time may be deducted from the employee's hours of work (§785.21).)

Second, where an employee "resides on his employer's premises on a permanent basis or for extended periods of time," any reasonable agreement of the parties as to the amount of hours worked will be accepted, if it takes all of the pertinent facts into consideration (§785.23).

Your first question is whether a community home employee who maintains a separate

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

residence is prevented, by that fact alone, from qualifying as an employee "who resides on his employer's premises * * * for extended periods of time" within the meaning of 29 CFR 785.23. The maintenance of a separate residence would not, in itself, disqualify the employee from meeting this test. In general, we take the position that employees who reside on their employer's premises five days a week are considered to reside there "for extended periods of time." Where the facilities offered by the employer provide a home-like environment with private quarters separate from the residents of the group home, we would regard such employees as residing there, even though they may have another residence which they may regard as their principal residence. In light of the amount of time they spend at the group home, it is in effect a second residence.

   Your second question seeks clarification of the Department's five-day rule described above. In our May 27 letter, we stated that where less than 120 hours in a week are spent residing on the employer's premises, five consecutive days or nights would also qualify as residing on the premises for extended periods of time. Your specific question is whether, under this standard, employees who are required to be on duty for less than 120 hours per week can still be considered as residing on the employer's premises.

   The answer to this question is yes. Specifically, where employees are on duty for less than 120 hours in a week, they can be considered as residing on the employer's premises, provided that they spend five consecutive days or five consecutive nights on the premises. This rule can best be illustrated by concrete examples. If employees are on duty from 9 a.m. Monday until 9 a.m. Saturday, they will have been on duty for 120 hours (ignoring off-duty time that may be allowed for a few hours each day). Such employees are considered to reside on their employer's premises. The same is true of employees who are on duty from 9 a.m. Monday until 9 a.m. Wednesday and from 9 a.m. Thursday until 9 a.m. Sunday, since they will have been on duty for 120 hours in the week (again ignoring short periods of off-duty time). In each case, the employees reside on the premises for five days and five nights.

   Employees who are on duty from 9 a.m. Monday until 5 p.m. Friday would also be considered to reside on the employer's premises. Even though on duty for less than 120 hours, they are on duty for five consecutive days (Monday through Friday). The fact that they sleep over only four nights does not matter. Similarly, employees who are on duty from 9 p.m. Monday until 9 a.m. Saturday would also be considered to reside on their employer's premises since they are on duty for five consecutive nights (Monday night through Friday night).

   Your third and final question related to employees who do not reside at the community residences but who, as relief employees, remain there for at least 24 hours, and often as long as two or three days. You have informed us that these relief employees, during a 24-hour period, have off-duty time during the day with complete freedom from all responsibilities, thereby enabling them to use the time effectively for their own purposes. Such employees, as you have pointed out, are arguably on duty for less than 24 hours. Your specific question is whether the sleep time of such employees can be deducted from working time.

   Under the particular circumstances you have described, we believe that such sleep time can be deducted from hours worked, provided that the employer and employees agree in advance to do so, and that no more than 8 hours per night (or actual, uninterrupted sleeptime, if that is less than 8 hours) is deducted. We have reached

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

this conclusion, which represents a departure from the general rule under 29 CFR 785.21, because of the home-like environment afforded to these employees in community residences, with private quarters and other amenities. Even where employees sleep over for only one or two nights, there are ample facilities to enable them to get a full night's sleep.

In situations falling within the general rule which forbids the deduction of any sleep time, the demands of the job have seriously interfered with the employee's ability to sleep, or the sleeping facilities have been minimal. Here, however, because of the home-like environment, an exception can be made where employees do in fact get a reasonable night's sleep. In other words, under the particular circumstances described above, we would apply the sleep time rule set forth in §785.22.

We trust that this letter is responsive to your questions.

Sincerely,

Henry T. White, Jr.

Deputy Administrator

Enclosure

1981 WL 179033 (DOL WAGE-HOUR)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.