Westlaw.

1988 WL 614199                                                        Page 1
1988 WL 614199 (DOL WAGE-HOUR)
**(Publication page references are not available for this document.)**


                        Wage and Hour Division
                   United States Department of Labor

                        Enforcement Policy
                   Fair Labor Standards Act (FLSA)
                          June 30, 1988

Hours Worked in Residential Care (Group Home) Establishments -- Sleep Time and
Related Issues -- Enforcement Policy

   A major concern of employers operating residential care (group home) facilities
continues to be the issue of what constitutes working time (hours worked) for their
employees who are subject to the minimum wage and overtime pay provisions of the
Fair Labor Standards Act (FLSA). The duties of most employees of such residential
care facilities require them to remain on their employer's premises overnight.
Although permitted to sleep, group home employees are required to remain on the
premises to be available to clients in case of emergencies or personal crises. The
employees are often provided with private quarters and other amenities, which
together can be characterized as constituting a home-like environment.

   The following enforcement policy statement is intended to assist employers and
employees by restating and clarifying the position of the Wage and Hour (WH)
Division with respect to certain sleep time and other hours worked issues. This
statement will provide further clarification and guidance as to the conditions
under which WH, in its enforcement of the FLSA, will not require that sleep time of
such employees be compensated.

Background and Summary

   Since 1981, WH has issued a number of letters to representatives of the
residential care (group home) industry in response to their questions regarding
sleep time. Employers were advised that a special position with regard to sleep
time had been adopted which is a departure from the normal rules stated in
Interpretative Bulletin, 29 CFR Part 785, section 785.20 through 785.23.

   This special position allows "relief" employees who are provided with private
quarters in a home-like environment to be treated the same as "full-time" employees
(i.e. those who either reside on the employer's premises permanently or for
"extended periods of time") whom they relieve with respect to deducting sleep time.
This special position was developed out of concern for the apparent inequities of
requiring compensation for sleep time for relief employees but not for full-time
employees being relieved who work under identical conditions at the same facility.

   An essential requirement for this special position is that a group home have one
or more full-time employees who either reside on the premises permanently or "for
extended periods of time" (IE 29 CFR 785.23). In a 1981 letter, WH took the
position that residing on the employer's premises 120 hours a week or 5 consecutive
days or nights, would qualify an employee as residing on the premises for extended

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

Case 2:05-cv-01306-GEB-KJN   Document 95-4   Filed 11/05/07   Page 2 of 4

1988 WL 614199 (DOL WAGE-HOUR)
**(Publication page references are not available for this document.)**


periods of time within the meaning of IE section 785.23. Examples were given to
illustrate what was meant by extended periods of off-duty time during the day).
Based upon a review of recent compliance actions by WH it has become clear that
further guidance is necessary for employers and employees in the industry.


Enforcement Policy

   The following terms which are used in the enforcement policy statement set forth
below have caused some difficulty and are being defined for further guidance:
     "day" - (except in the phrase "days and nights") means a 24-hour period during
which an employee works (is compensated for) at least eight hours.
     "workweek" - means seven consecutive 24-hour periods (29 CFR 778.105).
     "on-duty" - means the period of time the employee is required to be on the
employer's premises or otherwise working for the employer.
     "off-duty" - means time period during which the employee is completely relieved
from duty and is free to leave the employer's premises or otherwise use the time
for his or her benefit.
     "private quarters" - means living quarters that are furnished; are separate
from the "clients" and from any other staff members; have as a minimum the same
furnishings available to clients (e.g. bed, table, chair, lamp, dresser, closet,
etc.) and in which the employee is able to leave his or her belongings during on-
and off-duty periods.
     "home-like environment" - means facilities including "private quarters" as
above and also including on the same premises facilities for cooking and eating;
for bathing in private; and for recreation (such as TV). The amenities and quarters
must be suitable for long-term residence by individuals and must be similar to
those found in a typical private residence or apartment, rather than those found as
dormitories, barracks, and short-term facilities for travelers.


   Under circumstances where an employee does not maintain his or her permanent
residence on the premises and does not otherwise reside on the premises 7 days a
week, WH will consider an employee who sleeps in private quarters, in a homelike
environment, to reside on the premises for an extended period of time within the
meaning of IB 785.23 if the employee resides on the premises for a period of at
least 120 hours in a workweek.


   WH is refining and restating the minimum conditions required to meet this rule.
An employee will be found to reside on the premises for extended periods of time
if:
     (1) the employee is on duty at the group home and is compensated for at least
eight hours in each of five consecutive 24-hour periods; and
     (2) the employee sleeps on the premises for all sleep periods between the
beginning and end of this 120-hour period.


   Any 24-hour period can be utilized, and the eight compensated hours per24- hour
period need not be consecutive. Thus, an employee who is on duty an compensated for
the period 5:00 p.m. to 10:00 p.m. Monday, 6:00 a.m. to 9:00 a.m. and 3:00 p.m. to
10:00 p.m. Tuesday through Friday, and 6:00 a.m. to 9:00 a.m. Saturday, and who
sleeps on the premises (10:00 p.m. to 6:00 a.m.) for all sleep periods from Monday
night through Friday night, has been compensated for at least eight hours in five
consecutive 24-hour periods between 5:00 p.m. Monday and 5:00 p.m. Saturday. The
employee would also have slept five consecutive nights on the premises. Provided
the other conditions were met, this would be considered to be residing on the

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

1988 WL 614199 (DOL WAGE-HOUR)
**(Publication page references are not available for this document.)**

premised for an extended period of time. Similarly, an employee who is on duty and is compensated from 6:00 a.m. to 9:00 a.m. and 5:00 p.m. to 10:00 p.m., Monday through Friday, and who sleeps Monday through Thursday nights on the premises, would be considered to reside on the premises for extended periods of time. For convenience, these employees are called "full-time" employees.

  Where one or more employees meet the "full-time" employee/residing on the premises test, WH, as an enforcement policy, will likewise apply the provisions of IB 785.23 to one or more "relief" employees who reside on the premises for one to three nights, provided these employees are on duty and are compensated for at least eight hours in each 24-hour period in question and sleep on the premises all intervening nights. Although as a general matter it is anticipated that there will be no more than one relief employee for each full-time employee, it is possible that there may be more than one. However, to come within the provisions of this special enforcement policy, the relief employee must be relieving a full-time employee. That is, the full-time employee and the employee(s) relieving that employee may not be on duty for more than a combined total of seven days and seven nights in each workweek. Furthermore, a part-time employee will not be considered a relief employee if that employee and the full-time employee being relieved are on duty simultaneously for more than one hour a day.

  In order to deduct sleep time for full-time and relief employees, such employees must be provided private quarters in a homelike environment. Further, a reasonable agreement must be reached, in advance, regarding compensable time. The employer and the employee may agree to exclude up to eight hours per night of uninterrupted sleep time. They may also agree to exclude a period of off-duty time during the day when the employee is completely relieved of all responsibilities. These exclusions must be the result of an employee-employer agreement and not a unilateral decision of the employer. Such an agreement should normally be in writing to preclude any possible misunderstanding of the terms and conditions of an individual's employment.

  Where sleep time is to be deducted, the employer should determine if the following criteria are met:
    (1) the employer and the employee have reached agreement in advance that sleep time is being deducted;
    (2) adequate sleeping facilities with private quarters (see above) were furnished;
    (3) if interruptions occurred, employees in fact got at least five hours of sleep during the scheduled sleeping period;
    (4) employees are in fact compensated for any interruptions in sleep; and
    (5) no more than eight hours of sleep time is deducted for each full 24- hour on-duty period.

  Sleep time may not be deducted for "relief" or other part-time employees who are not relieving a "full-time" employee (as defined above), unless such employees are themselves on duty for 24 hours or more as provided in IB 785.22. It should again be noted that an off-duty period (free-time) during a weekday for such employees "breaks" an on-duty period for the purposes of IB 785.22. For example, a duty period from 5:00 p.m. of one day to 5:00 p.m. the following day, during which an employee has uncompensated free time between 9:00 a.m. and 3:00 p.m. of the on-duty period, is not considered to be a 24-hour duty period.

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

Case 2:05-cv-01306-GEB-KJN   Document 95-4   Filed 11/05/07   Page 4 of 4

1988 WL 614199 (DOL WAGE-HOUR)
**(Publication page references are not available for this document.)**


[Signature]

 1988 WL 614199 (DOL WAGE-HOUR)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.