2004 WL 2146927 Page 1
2004 WL 2146927 (DOL WAGE-HOUR)
**(Publication page references are not available for this document.)**

Wage and Hour Division
United States Department of Labor

Opinion Letter
Fair Labor Standards Act (FLSA)
FLSA2004-7
July 27, 2004

\*\*\*

This is in response to issues raised in your letter of August 7, 2002, a November 11, 2002 letter from \*\*\* of \*\*\* and in a November 1, 2002 meeting between \*\*\* and Wage and Hour Division (WHD) representatives. Through this correspondence and related discussions, you have raised two principal issues:

A. Under 29 CFR § 785.23, must an employee be free to leave the premises during sleep time in order for that time to be unpaid?

B. An explanation of the relationship between 29 CFR § 785.23 and a June 30, 1988 Enforcement Policy for Hours Worked in Residential Care Establishments (June 1988 Policy) found in WHD's November 1999 Guide for the Personal Care Industry (Guide).

We will respond to these concerns in the order listed above.

A. You expressed concern over the WHD's indication in a November 1, 2002 meeting -- relating a position taken in letters of June 25, 1990, and January 6, 2000 -- that sleep time is always compensable hours worked under the Fair Labor Standards Act (FLSA) if employees are required to stay on the premises during this time. As discussed below, an employee permanently residing on the premises does not always have to be free to leave the premises during sleep time in order for the time to be unpaid.

In your letters, you describe an arrangement in which employees live on the employer's premises (the group home) on a permanent basis to provide care and support to group-home residents with mental retardation or other developmental disabilities. The employees typically share a house or apartment with one to four residents. You state that the employees always have a private bedroom. You also represent that the employees are required to be in the home during the overnight sleeping hours of 10:00 PM to 6:00 AM five or six nights per week. You further state that relief staffing is provided on the remaining nights, but the live-in employees are not required to leave the group home.

In further describing this work arrangement, you represent that the live-in employees are paid for overnight time "only when ... awakened and called to duty" and that "[t]he live-in employee[s] also typically work some awake hours [outside of the sleep time], most often the early morning hours of 6:00 a.m.- 9:00 a.m., as [residents] begin their day and prepare to leave for school, work, or day program." You further state that "[t]he live-in employee[s] will also typically work longer hours on the weekend, when [residents] need support throughout the day."

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

**(Publication page references are not available for this document.)**

You also advised in the November 1, 2002 meeting that the typical employees in your scenario are rarely awakened during sleep time to perform duties with the residents; the employees are paid for all time spent when awakened to perform such duties; and there is no limitation on the employees' freedom to leave the group home (premises) outside the sleep time period and other assigned (paid) work time.

Three sections in the FLSA's Hours Worked Regulations, 29 CFR Part 785, describe the conditions under which employees are considered to be working even though some of the time is spent sleeping or in other activities:
- Section 785.21 Less than 24-hour duty;
- Section 785.22 Duty of 24 hours or more; and
- Section 785.23 Employees residing on employer's premises or working at home.

Section 785.23 (referred to as the "homeworker exception") is the appropriate section to apply in the scenario that you present, in which the employees are residing permanently on the employer's group-home premises. [FN1] We have thus reviewed the position previously taken in the referenced 1990 and 2000 letters in light of the "homeworker exception".

In evaluating the application of the section 785.23 homeworker exception to your scenario, we are guided by case law establishing that sleep time for employees who reside at their employer's place of business, work in their home, or have extended tours of duty may not be compensable as work time. See Skidmore v. Swift & Co., 323 U.S. 134, 139 (1944) (sleep time may not be compensable where, "although the employees were required to remain on the premises during the entire time, the evidence shows that they were rarely interrupted in their normal sleeping and eating time, and these are pursuits of a purely private nature which would presumably occupy the employees' time whether they were on duty or not and which apparently could be pursued adequately and comfortably in the required circumstances").

The Division has long recognized that the fact that an employee resides on the employer's premises "does not mean that the employee is necessarily working 24 hours a day." Wage and Hour Interpretive Bulletin No. 13 (May 3, 1939). The Division concluded in Interpretive Bulletin No. 13 that an employer may exclude payment for the extended periods of inactivity that occur when an employee resides on the premises, because the employee is generally able "to carry on a normal routine of living" during such periods. These principles are now set forth in the regulations at section 785.23.

Under section 785.23, an employer may exclude payment for sleep time if there is a reasonable agreement with the employee residing on the premises that takes into account all of the pertinent facts. As we stated in an opinion letter dated August 20, 1985, the agreement:
   must take into account not only the time actually spent working, but also the time when the employee may engage in normal private pursuits, with sufficient time for eating, sleeping, entertaining, and other periods of complete freedom from all duties when he or she may leave the premises for personal reasons. The agreement must also consider such relevant factors as the degree to which the use of the employee's personal time is limited or restricted by the conditions of employment and the extent of interruption to eating and sleeping periods. It should be noted that whether an employee is free to use time for personal pursuits will depend on

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

**(Publication page references are not available for this document.)**

the facts in each case, notwithstanding the provisions of any written agreement.

The courts have looked at similar factors in evaluating the reasonableness of agreements to exclude sleep time for employees residing on the premises of their employers. See Brigham v. Eugene Water & Electric Board, 357 F.3d 931 (9th Cir. 2004); Myers v. Baltimore County, Maryland, 2002 WL 31236296 (4th Cir. 2002); Service Employees International Union v. County of San Diego, 60 F.3d 1345 (9th Cir. 1995); Kelly v. Hines-Rinaldi Funeral Home, Inc., 847 F.2d 147 (4th Cir. 1988).

Under the facts that you represented to WHD, we believe that the employees who permanently reside [FN2] at group homes have periods of complete freedom outside of sleep time that are sufficient to engage in normal private pursuits for purposes of their own and thus meet the section 785.23 requirement that the employees be able to "[o]rdinarily ...engage in normal private pursuits and thus have enough time for eating, sleeping, entertaining, and other periods of complete freedom from all duties when he may leave the premises for purposes of his own." (Emphasis added.)

Accordingly, based upon the language of section 785.23 and limited to the work arrangement that you represented to WHD, any reasonable agreement that you reach with these employees who permanently reside on the premises to exclude sleep time, which takes into consideration all the pertinent facts, will be accepted by the WHD as compliant with the FLSA. This position is conditional upon your representations that the employees in question:
 1. Reside on the premises permanently;
 2. Are completely free to leave the premises for their own purposes and engage in normal private pursuits during all non-duty time other than the sleep time;
 3. Are paid for all time called to duty during the sleep time;
 4. Are paid for all the sleep time if such time is interrupted for duty calls to the extent that the employees cannot get at least five hours of sleep during the period (see 29 CFR § 785.22(b));
 5. Typically work some hours during non-sleep time, such as, but not limited to, during early morning hours and on weekends; and
 6. Are paid for all work performed during non-sleep time, i.e., duty hours in the mornings, afternoons, evenings, and on weekends.

Consistent with the reasons set forth above, we are withdrawing the letters dated June 25, 1990, and January 6, 2000, to the extent those letters conflict with the above stated position. The 2000 letter is withdrawn because it is inconsistent with the applicable regulation, which does not require that an employee be completely free to leave the premises during time for sleeping, eating and entertaining. The regulation establishes that sleeping, eating and entertaining are "normal private pursuits" that may be treated like "other periods of complete freedom from all duties," when an employee may leave the premises for personal reasons. 29 CFR § 785.23. Moreover, the regulation expressly provides that "any reasonable agreement" that considers "all of the pertinent facts will be accepted." Id. Because an agreement that requires an employee who permanently resides on the premises to remain there during sleep time may, in fact, be reasonable, the 2000 letter is withdrawn because it contravenes this position.

Similarly, the requirement in the 1990 letter that employees who reside on the premises permanently must be compensated for at least eight hours in each of five consecutive 24-hour periods in order for sleep time to be uncompensated is withdrawn, because it is inconsistent with the regulation authorizing the parties

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

2004 WL 2146927 Page 4
2004 WL 2146927 (DOL WAGE-HOUR)
**(Publication page references are not available for this document.)**

Case 2:05-cv-01306-GEB-KJN   Document 95-6   Filed 11/05/07   Page 4 of 5

to reach any reasonable agreement that takes into account all of the relevant facts. This withdrawal applies only to employees permanently residing on the premises; the 1990 letter is not withdrawn with regard to workers who reside on the premises for an extended period of time or to relief workers.

B. You are concerned that the November 1999 Guide appears to indicate an intention to apply the June 1988 criteria defining those employees who reside on an employer's premises "for an extended period of time" to employees who reside on group home premises "on a permanent basis." This June 1988 Policy established a special position that allowed "relief" employees to be treated the same as employees who either reside on the employer's premises permanently or for extended periods of time, with respect to the deduction of sleep time.

The June 1988 Policy also listed the criteria, including certain work schedule and compensation requirements, under which employees who have separate residences in the community may be defined as residing on the employer's premises "for an extended period of time" under the section 785.23 exception. Employees who maintain a separate residence must meet these criteria as a prerequisite for this potential application of section 785.23. These criteria listed within the June 1998 Policy, including work schedule and compensation requirements, are not, however, a prerequisite for the potential application of the section 785.23 exception to employees who reside on the group home premises on a permanent basis.

This opinion is based exclusively on the facts and circumstances described in your request and is given on the basis of your representation, explicit or implied, that you have provided a full and fair description of all the facts and circumstances which would be pertinent to our consideration of the question presented. Existence of any other factual or historical background not contained in your request might require a different conclusion than the one expressed herein. You have represented that this opinion is not sought by a party to pending private litigation concerning the issue addressed herein. You have also represented that this opinion is not sought in connection with an investigation or litigation between a client or firm and the Wage and Hour Division or the Department of Labor.

Sincerely,

Alfred B. Robinson, Jr.

Acting Administrator

FN1. Section 785.23 reads as follows:
   An employee who resides on his employer's premises on a permanent basis or for extended periods of time is not considered as working all the time he is on the premises. Ordinarily, he may engage in normal private pursuits and thus have enough time for eating, sleeping, entertaining, and other periods of complete freedom from all duties when he may leave the premises for purposes of his own. It is, of course, difficult to determine the exact hours worked under these circumstances and any reasonable agreement of the parties which takes into consideration all of the pertinent facts will be accepted. This rule would apply, for example, to the pumper of a stripper well who resides on the premises of his employer and also to a telephone operator who has the switchboard in her own home. [Citations omitted.]

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

2004 WL 2146927 Case 2:05-cv-01306-GEB-KJN   Document 95-6   Filed 11/05/07   Page 5 of 5   Page 5
2004 WL 2146927 (DOL WAGE-HOUR)
**(Publication page references are not available for this document.)**

FN2. WHD defines employees who "permanently reside" on the employer's premises as employees who reside on the employer's place of business seven days per week and therefore have no home of their own other than the one furnished to them by the employer under the employment contract.

2004 WL 2146927 (DOL WAGE-HOUR)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.