IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELAINE CHAO, Secretary of Labor,  )
United States Department of Labor, )
                                   )     2:05-cv-1306-GEB-KJM
              Plaintiff,           )
                                   )
         v.                        )     ORDER*
                                   )
JASMINE HALL CARE HOMES, INC., a   )
corporation; HALL CARE HOMES, INC.,)
a corporation; GEORGE K. HALL, an  )
individual; and ESTELA HALL, an    )
individual,                        )
                                   )
              Defendants.          )
_____)

        The parties filed cross motions for partial summary judgment

on the issue whether Defendants can invoke, as an exemption to the

requirements of the Fair Labor Standards Act ("FLSA"), 29 C.F.R. §

785.23, which allows employees residing on their employer's premises

to enter into reasonable agreements with the employer regarding hours

worked, for those employees who shared a bedroom with other employees.

(Pl.'s Mot. at 7:5-9; Defs.' Mot. at 1:8-9.)  For the reasons stated,

Defendants may not invoke § 785.23 for any employee that shares or

shared a bedroom.  Accordingly, Defendants' motion for partial summary

_____

        *   This matter was determined to be suitable for decision without
oral argument.  L.R. 78-230(h).

1

1 | judgment is denied and Plaintiff's motion for partial summary judgment
2 | is granted.

3 | <u>BACKGROUND</u>

4 | <u>I. Facts</u>

5 | Defendants provide residential care for developmentally
6 | disabled individuals at Jasmine Hall Care Homes, located in
7 | residential neighborhoods throughout Sacramento, California.  (Defs.'
8 | Mot. at 2:15-19.)  Jasmine Hall residential care assistants
9 | ("employees") are typically on-duty five twenty-four-hour shifts per
10 | week and have two days off per week.  (Joint Pretrial Statement, ¶
11 | 3(d).)  Defendants pay their employees for eight out of the twenty-
12 | four on-duty hours per shift and provide them free room and board.
13 | (<u>Id.</u> ¶ 3(f), (g).)  Employees typically reside on the premises in
14 | bedrooms separate from the clients, but sometimes employees share
15 | bedrooms with other employees.  (<u>Id.</u> ¶ 3(H); Defs.' Mot. at 2:16-18.)

16 | The Secretary of Labor filed this action to recover, inter
17 | alia, on behalf of Defendants' employees, overtime back wages owed
18 | them under the FLSA for the on-duty hours that were not compensated
19 | and to enjoin Defendants from committing future minimum wage and
20 | overtime violations of the FLSA.  (Compl. 1-2.)  Defendants argue that
21 | their practice of only paying their employees for eight of the twenty-
22 | four on-duty hours per shift does not violate the FLSA because they
23 | qualify for an exemption under § 785.23.  (Defs.' Opp'n to Pl.'s Mot.
24 | for Summ. J. (Docket # 48) at 9:13-10:6.)

25 | <u>II. The FLSA and Department of Labor Interpretations</u>

26 | "The FLSA requires that covered employees be paid at least
27 | the prescribed minimum hourly wage and receive at least 1 ½ times
28 | their regular hourly wage for overtime hours."  <u>Bouchard v. Reg'l</u>

Governing Bd. of Region V Mental Retardation Serv.s, 939 F.2d 1323, 1327 (8th Cir. 1991) (citing 29 U.S.C. §§ 206, 207).  "In 1961 the Department [of Labor ("DOL")] issued an interpretive bulletin . . . discussing what constitutes compensable work time for FLSA purposes." Id.  That bulletin included a regulation titled "[e]mployees residing on employer's premises or working at home" that allows an employer to make a "reasonable agreement" with their employee regarding compensable work hours.  The regulation prescribes:

> [a]n employee who **resides on his employer's premises** on a permanent basis for extended periods of time is not considered working all the time he is on the premises.  Ordinarily, he may engage in normal private pursuits and thus have enough time for eating, sleeping, entertaining, and other periods of complete freedom from all duties when he may leave the premises for purposes of his own. It is, of course, difficult to determine the exact hours worked under these circumstances and any reasonable agreement of the parties which takes into consideration all of the pertinent facts will be accepted.  This rule would apply, for example, to the pumper of a stripper well who resides on the premises of his employer and also to a telephone operator who has the switchboard in her own home.

29 C.F.R. § 785.23 (emphasis added).[1]

In 1981, the DOL released an Opinion Letter that clarified what it means to "reside" on an employer's premises.  Opinion Letter Fair Labor Standards Act (FLSA), 1981 WL 179033 (Dep't of Labor, Feb. 3, 1981) ("1981 Letter").  The DOL stated in the 1981 Letter, "[w]here the facilities offered by the employer provide a home-like environment with **private quarters** separate from the residents of the group home,

---

[1] Section 785.23 is an interpretive rule, "which merely state[s] the agency's position on what the underlying statute means in particular contexts, [and does] not have the force of law."  Shannon v. Pleasant Valley Comty. Living Arrangements, Inc., 82 F. Supp. 2d 426, 433 (W.D. Penn. 2000).

we would regard such employees as residing there . . . ."  Id.
(emphasis added).

In 1988, the DOL released an Enforcement Policy for the
Residential Care industry which reiterated the private quarters
requirement and further defined "private quarters" to mean

> living quarters that are furnished; **are separate**
> from the 'clients' and **from any other staff**
> members; have as a minimum the same furnishings
> available to clients (e.g. bed, table, chair,
> lamp, dresser, closet, etc.) and in which the
> employee is able to leave his or her belongings
> during on- and off-duty periods.

Hours Worked in Residential Care (Group Home) Establishments-Sleep
Time and Related Issues-Enforcement Policy, 1988 WL 614199 (Dep't of
Labor, June 30, 1988) ("1988 Enforcement Policy") (emphasis added).

ANALYSIS

The issue is whether Defendants may invoke § 785.23 as an
exemption to the FLSA's wage requirements for those employees who
"reside" on their premises but who share a bedroom with other
employees.  (Defs.' Opp'n at 1:8-9.)  The DOL's 1988 Enforcement
Policy clearly answers this question in the negative.  It states that
employees covered by the exemption in § 785.23 must reside in "private
quarters" and "private quarters" means rooms that "are separate . . .
from any other staff members."  The only question, therefore, is
whether deference will be given to the DOL interpretation of § 785.23.

Plaintiff argues that its 1988 Enforcement Policy is
"entitled to controlling judicial deference" because it "constitutes
an agency's interpretation of its own regulation to a particular
industry and because it is long-standing, was developed after careful
consideration, and was based on fundamental principles set forth in
early landmark FLSA cases that 'sleep time' can be deducted by an

employer, generally, only when the employee is provided with a 'home-like environment.'"  (Pl.'s Mot. at 6:11-17 (citing Long Island Care Homes v. Coke, 127 S.Ct. 2339 (2007)); In re Farmers Ins. Exch., v. Farmers Ins. Exch., 481 F.3d 1119 (9th Cir. 2007).)  Defendants rejoin that the DOL's interpretive bulletins are not binding regulations and are not entitled to deference.

Reasonable agency interpretations of their own regulations are entitled to deference by the courts.  Cmty. Hosp. of Monterey Peninsula v. Thompson, 323 F.3d 782, 794-96 (9th Cir. 2003) (applying a reasonableness standard to an agency's interpretations of its interpretative manuals); Bouchard v. Reg. Governing Bd. of Region V Mental Retardation Serv.s, 939 F.2d 1323, 1330 (8th Cir. 1991) (evaluating the agency's interpretation of its own regulation in letter rulings for determination whether it was reasonable on its face and entitled to deference by the courts); Shannon, 82 F. Supp. 2d at 433 (requiring DOL Memorandum requirements for § 785.22 to be met when that memorandum does not contradict the statute or previous agency interpretations).

The DOL's 1988 Enforcement Policy "was developed after extensive consultation with representatives of the residential care industry [and] represents a relaxation of the rules to accommodate practices in the industry."  (Pl.'s Mot. Ex. 5 (1994 Wage and Hour Opinion Letter).)  In addition, the trade association of residential support services, American Network of Community Options and Resources ("ANCOR"), asked the DOL to reexamine parts of its 1988 Enforcement Policy, but notably, did not ask it to reexamine the private room requirement.  (See Pl.'s Reply Ex. E. (Joni Fritz, ANCOR Comments on DOL 2004 Sleep Time Opinion Letter, (2004)).)

1      Defendants argue the 1988 Enforcement Policy should not be
2 given deference because it is inconsistent with prior interpretations.
3 Requiring private quarters separate from other employees does not
4 conflict with § 785.23 or previous DOL interpretations of what
5 § 785.23 requires.  Defendants have not shown that the DOL ever issued
6 an interpretation of § 785.23 permitting its use as an exclusion for
7 those employees who share or shared bedrooms.[2]  The DOL's 1981 Letter
8 interpreted § 785.23 to require "private quarters separate from the
9 residents of the group home."  The DOL's further clarification that
10 "private quarters" means "separate . . . from any other staff" is not
11 inconsistent with the 1981 Letter; the first dictionary definitions of
12 "private" are "[s]ecluded from the sight, presence, or intrusion of
13 others" and "[d]esigned or intended for one's exclusive use."  The
14 American Heritage Dictionary (4th ed. 2006).

15      Finally, § 785.23 requires that employees be able to engage
16 in "private pursuits," and provides an example of such a pursuit.  For
17 the reasons stated, it is reasonable to interpret "reside" in § 785.23
18 to mean living alone in a private room.

19      Defendants argue that deference to the DOL's interpretation
20 is not warranted because "courts have accepted shared bedrooms [for
21 purposes of allowing employees to invoke § 785.23] and rejected the
22 concept of an individual room requirement."  (Defs.' Opp'n at 4:13.)
23 The cases cited by Defendants, however, interpret 29 C.F.R. § 785.22,

24

25      [2]  Defendants argue that the DOL has had conflicting
interpretations of § 785.23 because in a prior summary judgment motion
26 in this action it opined that spouses need not be provided separate
bedrooms, and in a 1998 audit of Defendants' premises the DOL found no
27 FLSA violations. (Defs.' Opp'n at 15:7-16.)  However, the DOL's further
policy pronouncement regarding married couples, and past failure to
28 enforce its private room requirement, does not support Defendants'
assertion that a conflicting interpretation existed.

which requires an employer to provide "adequate sleeping facilities" before sleep time may be deducted from a shift of twenty-four-hours or more.  These cases do not construe the term "reside" in § 785.23. Defendants further argue that the 1988 Enforcement Policy has been rejected by courts, citing Bouchard, 939 F.2d at 1331-32.  The Bouchard court, however, did not reject the 1988 Enforcement Policy altogether; Bouchard only rejected (in dicta) the amenities requirement of the 1988 Enforcement Policy.  Id. at 1332.

CONCLUSION

For the reasons stated, Defendants may not invoke § 785.23 as an exemption to the FLSA's requirements for those employees who share a bedroom.  Accordingly, Plaintiff's motion for partial summary judgment is granted and Defendants' motion for partial summary judgment is denied.

IT IS SO ORDERED.

Dated:  December 28, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge