BALDWIN J. LEE (BAR NO. 187413)
AMY WINTERSHEIMER FINLEY (BAR NO. 163074)
JENNIE L. LEE (BAR NO. 191350)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA  94111-4074
Phone:  (415) 837-1515
Fax:  (415) 837-1516

Attorneys for Defendants
JASMINE HALL CARE HOMES, INC.,
HALL CARE HOMES, INC.,
GEORGE K. HALL, AND ESTELLA HALL

LAWRENCE BREWSTER
Regional Solicitor
DAVID KAHN
Counsel for ESA Programs
JAN M. COPLICK (Bar No. 124503)
Senior Trial Attorney, *Lead Counsel*
ANDREW SCHULTZ, Trial Attorney
Office of the Solicitor
United States Department of Labor
90 – 7TH Street, Suite 3-700
San Francisco, California 94103
Phone:  (415) 625-7751
Fax:   (415) 625-7772

Attorneys for Plaintiff
ELAINE CHAO, SECRETARY OF LABOR,

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiffs,<br><br>vs.<br><br>JASMINE HALL CARE HOMES, INC., a corporation, HALL CARE HOMES, INC., a corporation, GEORGE K. HALL, an individual, and ESTELA HALL, an individual,<br><br>Defendants. | Case No. 2:05-CV-1306-GEB-KHM<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING AUGUST 5, 2008 TRIAL DATE PENDING NINTH CIRCUIT APPEAL**<br><br>Judge:       Hon. Garland E. Burrell, Jr.<br>Trial Date:    August 5, 2008 |

Defendants JASMINE HALL CARE HOMES, INC., HALL CARE HOMES, INC., GEORGE K. HALL, and ESTELA HALL, together with Plaintiff ELAINE CHAO,

SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, hereby stipulate and agree as follows:

Whereas the Court previously determined to issue a ruling upon the parties' jointly-stipulated legal issue of prime contention between the parties -- namely whether the Homeworker Exemption from the Fair Labor Standards Act (29 U.S.C.§ 201 *et seq.*) at 29 C.F.R section 785.23) is inapplicable to residential care homes if there is more than one employee per bedroom -- which was submitted to the Court upon stipulation following the parties' settlement conference with Magistrate Judge Gregory Hollows on October 9, 2007;

Whereas the trial date and all other pending dates were vacated; and

Whereas the Court granted Plaintiff's motion for partial summary judgment and denied Defendants' motion for partial summary judgment regarding the stipulated issue of law on December 28, 2007, ruling on Page 1 thereof that "Defendants may not invoke 29 C.F.R. section 785.23 for any employee that shares or shared a bedroom";

Whereas Defendants filed a notice of appeal with the Ninth Circuit Court of Appeals on January 28, 2008,

Whereas Plaintiff filed a motion to dismiss the appeal on February 15, 2008, based upon lack of jurisdiction;

Whereas the Ninth Circuit Court of Appeals has denied Plaintiff's motion to dismiss, without prejudice to Plaintiff's right to renew her argument in her appellate brief on the merits, which briefing schedule on the merits is due to be completed in August 2008;

Whereas Defendants have proposed to Plaintiff that the August 5, 2008, trial should be stayed pending resolution of the appeal before the Ninth Circuit Court of Appeals;

Whereas Defendants agreed to stipulate herein to an outstanding factual issue by identifying which employees do not fall within the scope of the Court's December 28, 2008 Order that "Defendants may not invoke 29 C.F.R. section 785.23 for any employee that shares or shared a bedroom", which Plaintiff would otherwise prove at the August 5, 2008, trial;

1   Whereas Defendants' said stipulation advances the interests not only of judicial economy
2 but also of justice by reducing the need for Plaintiff to tender *viva voce* employee testimony on
3 non-controversial issues;

4   NOW THEREFORE Defendants HEREBY STIPULATE that:

5   1.   For all purposes in this action that at all times material to this proceeding, all
6 Defendants' residential care aide employees, described in Paragraphs 3(d) to (h) of the parties'
7 Joint Pretrial Statement, do share or did for some period of time share a bedroom; and

8   2.   For purposes of calculating, determining or proving the amount of employee
9 backwages, if any, which in the future may be found or agreed to be owing in this matter,
10 Defendants reserve the right to assert that one or more of Defendants' said residential care aide
11 employee(s) shared a bedroom for only a portion and not all of the time period from May 1, 2002
12 to the present time, the burden of proving which employee and for what period of time any such
13 employee was provided with a separate and individual bedroom to be on Defendants;

14   \\
15   \\
16   \\
17   \\
18   \\
19   \\
20   \\
21   \\
22   \\
23   \\
24   \\
25   \\
26   \\
27   \\
28   \\

1  AND THEREFORE THE PARTIES FURTHER hereby stipulate that the trial of this
2  matter, set for August 5, 2008, be stayed pending resolution of the appeal before the Ninth Circuit
3  Court of Appeals;

4  ACCORDINGLY, the parties request that the Court issue such an order.

5  Dated: June __, 2008    ALLEN MATKINS LECK GAMBLE
                           MALLORY & NATSIS LLP

7                          By: _____
8                              BALDWIN J. LEE
                               Attorneys for Defendants
9                              JASMINE HALL CARE HOMES, INC.,
                               HALL CARE HOMES, INC., GEORGE
10                             K. HALL and ESTELA HALL

12 Dated: June __, 2008    GREGORY F. JACOB
                           Solicitor of Labor

13                         LAWRENCE BREWSTER
14                         Regional Solicitor

15                         DAVID KAHN
                           Counsel for ESA Programs

17                         By:_____
                               JAN M. COPLICK
18                             Senior Trial Attorney
                               Attorneys for Plaintiff
19                             ELAINE CHAO, SECRETARY OF LABOR
                               UNITED STATES DEPARTMENT OF
20                             LABOR

## ORDER

IT IS HEREBY ORDERED that:

(1) The August 5, 2008, trial date is vacated and this action is stayed pending the resolution of the appeal currently before the Ninth Circuit Court of Appeals;

(2) This stay is without prejudice to any person's right to file a later motion in this Court to lift this stay or for any other relief appropriate in the circumstances.

Dated: June 26, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge