IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>        Plaintiff,<br><br>  v.<br><br>JASMINE HALL CARE HOMES, INC., a corporation, HALL CARE HOMES, INC., a corporation, GEORGE K. HALL, an individual, and ESTELA HALL, an individual,<br><br>        Defendants.* | 2:05-cv-01306-GEB-KJN<br><br>ORDER VACATING THE ORDER FILED DECEMBER 28, 2007, AND DENYING DEFENDANTS' MOTION FOR A CERTIFICATE OF APPEALABILITY |

        Defendants move under 28 U.S.C. § 1292(b) for certification of appeal of the order filed December 28, 2007 ("2007 Order"). However, during the pendency of the motion, the Court raised the issue sua sponte whether it should reconsider the 2007 Order. A hearing was held on May 2, 2011.

        The 2007 Order decided cross motions for partial summary judgment on the following issue submitted to the Court for decision in the parties' "Stipulation and [Proposed] Order . . . " filed October 24, 2007: "Whether 29 C.F.R. section 785.23 is inapplicable to residential care facilities if there is more than one employee per bedroom." Plaintiff's motion was granted in the 2007 Order as follows: "Defendants

---

        * The caption has been amended to reflect that Plaintiff Hilda L. Solis is the current Secretary of Labor.

1

may not invoke § 785.23 for any employee that shares or shared a bedroom." <u>Chao v. Jasmine Hall Care Homes, Inc.</u>, 2:05-cv-1306-GEB-KJM, 2007 WL 4591438, at *1 (E.D. Cal. Dec. 28, 2007); <u>Chao v. Jasmine Hall Care Homes, Inc.</u>, 2:05-cv-1306-GEB-KJM, 2007 U.S. Dist. LEXIS 96445, at *2 (E.D. Cal. Dec. 28, 2007).[1] Defendants attempted to appeal the 2007 Order to the Ninth Circuit under the "marginally final order" doctrine, arguing that although it was not a final order, it was "sufficiently injunctive in nature to justify [the Ninth Circuit] taking jurisdiction under 28 U.S.C. § 1292(a)(1), because it commanded compliance with the terms of an agreement negotiated by the parties during the litigation." <u>Solis v. Jasmine Hall Care Homes, Inc.</u>, 610 F.3d 541, 545 (9th Cir. 2010) (per curiam) (internal quotation marks and brackets omitted). The Ninth Circuit rejected Defendants' position in an Order filed in July of 2010, stating the appeal "does not fall within a statutory exception to the statutory final decision rule." <u>Id.</u> Defendants subsequently filed their motion under § 1292(b) for this Court to certify the 2007 Order for appeal.

At the May 2, 2011 hearing, it became evident that the 2007 Order should not have issued since the parties did not dispute how § 785.23 should be interpreted; rather, they disputed whether the "reasonable agreement" term in § 785.23 applies to any of Defendants' employees.

Therefore, the 2007 Order is vacated, and each party's summary judgment motion is denied. This ruling moots Defendants' motion under § 1292(b) and, therefore, that motion is denied.

---

[1] The 2007 Order also has been published at the following citations: 155 Lab. Cas. P 35,381; and 13 Wage & Hour Cas. 2d (BNA) 310.

1  Further, trial is scheduled to commence at 9:00 a.m. on
2  January 24, 2012.
3  Dated: May 18, 2011

```
                              _____
                              GARLAND E. BURRELL, JR.
                              United States District Judge
```