IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,<br><br>        Plaintiff,<br><br>  v.<br><br>JASMINE HALL CARE HOMES, INC., a corporation; HALL CARE HOMES, INC., a corporation; GEORGE K. HALL, an individual; and ESTELLA HALL, an individual,<br><br>        Defendants.<br>_____ | 2:05-cv-01306-GEB-KJN<br><br>ORDER DENYING MOTIONS IN LIMINE |

       The parties have filed motions in limine seeking to preclude the admission of certain evidence at trial. The motions in limine are addressed below.

**A.   Plaintiff's Motions in Limine**

       Plaintiff's motions in limine (ECF Nos. 90, 137) involve law and motion issues filed after the prescribed last hearing date for such matters, and are therefore denied.

**B.   Defendants' Motions In Limine**

       **1)   Motion in Limine No. 1**

       Defendants seek to limit the testimony of Plaintiff's investigator, Sheila Creel, "to admissible, non-hearsay testimony within her personal knowledge." (Defs.' Mot. In Limine No. 1, 1:2-5, ECF No. 144.) Defendants argue Plaintiff "may seek to elicit from Creel

testimony about how other residential care homes operate, and how they *should* operate[,]" but that as a "lay witness she must only testify about matters within her personal knowledge." Id. at 2:9-12. Defendants also argue Plaintiff may "seek to elicit testimony from Creel about conversations she had with certain Jasmine Hall [Residential Care Assistants ("RCAs")," which "would be hearsay[.]" Id. at 2:21-22.

Plaintiff counters that Defendants' motion is overbroad since Federal Rule of Evidence ("Rule") 701 "permit[s lay] witnesses to testify [both] to matters rationally related to the witness's perception [and] to matters that may be helpful to clearly understanding the witness's testimony or to determining a fact in issue[,]" and testimony about "[a] number of [the RCA] statements [is] clearly excluded from the definition of hearsay . . . or may be admissible under other provisions[.]" (Pl.'s Opp'n to Defs.' Mot. In Limine No. 1, 2:5-9, 3:3-10, 4:5-8, ECF No. 149.) Plaintiff also states in her Opposition that she "does not intend to elicit testimony from Creel that does not fall within [Rule] 701." Id. at 3:11-13.

The record lacks sufficient factual context for an in limine ruling and is therefore denied.

**2) Motion in Limine No. 2**

Defendants seek an order excluding all documents Plaintiff obtained "during [the] investigation of Defendants," which have been "withheld on the basis of the confidential informant's privilege." (Defs.' Mot. In Limine No. 2, 1:2-5, ECF No. 159.) Defendants argue "[Plaintiff] explicitly stipulated that [she] would produce those documents on November 16, 2007 — more than four years ago[,]" but has not yet done so; therefore, the "documents must be excluded." Id. at 1:5-7. Defendants also request the Court enforce provisions two and

2

three contained in the parties' "Stipulation Regarding Evidence" ("Stipulation"), which they entered into "prior to the last trial [date]." Id. 1:8-14, 4:10-14.

Plaintiff rejoins that the parties' Stipulation "was predicated entirely upon the fact that trial was then scheduled to begin on November 27, 2007[.]" (Pl.'s Opp'n to Defs.' Mot. In Limine No. 2, 2:18-19, ECF No. 150.) In essence, Plaintiff argues she agreed "to produce the confidential statements eleven court days prior to trial[;]" therefore, "when the 2007 trial date was vacated . . ., the pre-trial obligation [to produce the confidential statements] ceased to have any independent meaning." Id. at 19-22. Plaintiff further states in her Opposition that her counsel informed Defendants' counsel during a meet and confer conference on December 9, 2011, that she "would produce, and has always intended to so produce, all relevant confidential informant statements prior to the trial scheduled on January 24, 2011." Id. at 10-13. Plaintiff also states in her Opposition that Defendants' request for "an order enforcing items 2 and 3 from the parties' [Stipulation]" is "unnecessary" since "Plaintiff clearly, unequivocally and in a timely manner confirmed to Defendants that she will comply with those items." Id. at 4:7-11.

Defendants reply Plaintiff "should not be permitted to rewrite a stipulation it entered into after the fact[;]" "[i]t should go without saying that 'by November 16, 2007' means what it said: by that date, the documents were to have been produced." (Defs.' Reply in Supp. of Mot. in Limine No. 2, 3:8-11, ECF No. 154.) Therefore, Defendants argue the confidential statements must be excluded. Defendants further argue "Plaintiff cannot be permitted to introduce [the confidential witness statements,]" since they "were not included in [Plaintiff's]

exhibits[,]" and therefore violate the Final Pretrial Order. Id. at 3:23-4:7.

The portion of Defendants' motion seeking enforcement of items two and three from the parties' Stipulation is denied as moot since Plaintiff has agreed to comply with those items. The remainder of the motion is denied since the record lacks sufficient factual context for an in limine ruling.

IT IS SO ORDERED.

Dated: January 6, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge