KEKER & VAN NEST LLP
JON STREETER - # 101970
jstreeter@kvn.com
MICHAEL D. CELIO - # 197998
mcelio@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:      415 397 7188

Attorneys for Defendants JASMINE HALL CARE HOMES, INC., HALL CARE HOMES, INC., GEORGE K. HALL, and ESTELA HALL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>JASMINE HALL CARE HOMES, INC., a corporation, HALL CARE HOMES, INC., a corporation, GEORGE K. HALL, an individual, and ESTELA HALL, an individual,<br><br>Defendants. | Case No. 2:05-cv-01306-GEB KJM<br><br>**DEFENDANTS' MOTION FOR TRIAL MANAGEMENT ORDER**<br><br>Judge:       Hon. Garland E. Burrell<br><br>Trial Date: June 20, 2012<br><br>Date Filed: June 28, 2005 |

Trial in this action is set to commence Wednesday morning, June 20, 2012.

Defendants respectfully request that this Court issue three orders that will facilitate the orderly and efficient presentation of evidence in this case:  First, that the parties will be given no more than 10 trial days between them (or whatever period the Court feels is appropriate), dividing the trial time equally; second, that the parties inform each other of the witnesses they intend to call 48 hours in advance of the witness' appearance; and third that the parties not require every witness under subpoena appear at the courthouse to wait until they are called.  As to the last two requested orders, Defendants have repeatedly urged the Department of Labor ("DOL") to agree to these customary, mutually beneficial arrangements.  Both will aid the presentation of the evidence, streamline the trial, and prejudice no party.  Both are standard in federal trials, especially trials of more than a day or two, in which the logistics of witness scheduling require a good deal of advance planning outside of courtroom.

1. <u>Trial Length</u>

This is a straightforward case.  It can be tried no more than 10 court days, maximum.  Jasmine Hall, for its part, can certainly present the within that time-frame and  the Department of Labor has previously represented to this Court that it is prepared to do the same.

Whether it is 10 court days or some other period that the Court deems appropriate, Jasmine Hall respectfully requests that the Court set a time limit on this action and divide the time equally.  Jasmine Hall suggests two weeks but will abide by whatever limits the Court sets.  What is essential is that some limits be set on this trial at the outset so that the parties may plan appropriately.

2. <u>Witness Notification</u>

Although no rule requires it, it is standard practice in federal trials (civil and criminal) for the parties to inform each other reasonably in advance which witnesses they intend to call.   The advantages of the practice are self-evident: the required witnesses may then arrange their affairs so that they are certain to be present exactly when needed, the necessary documents are always in the courtroom and set aside for ready use, and both sides are better prepared to examine the witnesses in question, which results in smoother (and typically shorter) examinations.  If there are

1  evidentiary issues that pertain to a particular witness, they can be raised and resolved in advance
2  without delaying the presentation of evidence.  Both sides benefit from such an agreement, as
3  does the Court.
4      Such an agreement would be especially useful in the context of this case, where the parties
5  are trying the case based on a joint pretrial statement that lists at least ***63 witnesses***.  There is no
6  way that 63 witnesses can possibly testify in the time the Court has available to try this case.
7  Thus, one of the practical advantages of an advance witness notification arrangement is to force
8  the parties to reveal to one another as the case proceeds who they genuinely intend to call.
9  Indeed, in the absence of such an agreement the trial threatens to devolve into trial by ambush.  In
10  the absence of this type of agreement, counsel would necessarily be required to prepare for
11  dozens of cross examinations no more than three or four might actually be required.
12      Defendants are, quite frankly, a bit flummoxed as to why any experienced lawyer would
13  decline to enter into such an agreement, which is obviously in the interests of every party and the
14  Court.  They have repeatedly sought such an agreement from the DOL which has declined to
15  agree for reasons it has declined to explain, other than to say that taking away its desire to
16  announce witnesses at the eleventh-hour would somehow be "unfair" to it.  The gamesmanship is
17  all too familiar among some lawyers, but what they overlook is that both parties have an
18  obligation to the Court to present this case in the most efficient way possible.
19      Defendants respectfully request that the Court issue an order that the parties to give 48-
20  hour notice of the witnesses they intend to call.
21      3.   <u>Witness Standby Agreements</u>
22      Defendants also request the Court order that subpoenaed witnesses not be required to
23  appear at the Courthouse until the day that a party reasonably believes they will be required to
24  appear.  They have also sought agreement from the DOL on this issue, which has again declined
25  to agree for reasons it will not explain.
26      The DOL has subpoenaed at least 20 of Jasmine Hall's employees (as far as Defendants
27  know – they have not served Defendants with any subpoenas). The return date on the subpoenas
28  is, in more than a dozen cases, the first day of trial.  As a result, DOL expects approximately half

1  of Jasmine Hall's workforce to sit in the courthouse day after until they are called – or not called,
2  as the case may be, as it is hard to imagine even 12 witnesses being called by one side in a two-
3  week trial.  This is utterly impractical and completely pointless.
4        Indeed, the DOL's position is deeply ironic. One of DOL's primary contentions in this
5  case is that Jasmine Hall's employees need to be home at all times to care for their disabled
6  charges.  At their own insistence, a huge percentage of those employees will be prevented from
7  offering the care they normally provide.  Jasmine Hall, obviously, has ready access to its own
8  employees and the Court has the assurance of Jasmine Hall's counsel that, if these employees are
9  needed, they will be produced.  They all have a good deal of flexibility and freedom to attend to
10 things other than work tasks – as the evidence will show – but only if they are able to collaborate
11 with one another, and, with management's assistance, arrange appropriate coverage for their
12 client.  To accomplish that, a customary witness standby arrangement under which counsel,
13 having accepted service, is responsible to ensure the appearance of witnesses when requested.
14       Defendants respectfully request the Court enter the requested orders.

Respectfully submitted,

Dated:  June 18, 2012                                KEKER & VAN NEST LLP

By:  /s/ Jon Streeter
JON STREETER
MICHAEL D. CELIO

Attorneys for Defendants JASMINE HALL CARE HOMES, INC., HALL CARE HOMES, INC., GEORGE K. HALL, and ESTELA HALL