Janet Herold, Regional Solicitor
David M. Kahn, Counsel For Employment Standards
**Jan M. Coplick**, Senior Trial Attorney
*Lead Attorney* (CSNB124503)
Andrew Schultz, Attorney
Leon Pasker, Attorney
Office Of The Solicitor
United States Department Of Labor
90 7th Street, Suite 3-700
San Francisco, California 94103
   Telephone: (415) 625-7751
   Facsimile: (415) 625-7772
Coplick.Jan@Dol.Gov
Schultz.Andrew@Dol.Gov
Pasker.Leon@Dol.Gov

FILED
JUL 3 2012
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HILDA L. SOLIS,**<br>Secretary of Labor<br>United States Department of Labor,<br><br>   Plaintiff,<br><br>   v.<br><br>**JASMINE HALL CARE HOMES, INC.,**<br>A California corporation, *et al.*,<br><br>   Defendants. | Case No. 2:05-cv-1306-GEB-KJM<br><br>**CONSENT JUDGMENT**<br><br>Judge:   Hon. Garland Burrell |

Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Secretary"), and Defendants JASMINE HALL CARE HOMES, INC., a corporation, HALL CARE HOMES, INC., a corporation, GEORGE K. HALL, an individual, and ESTELA HALL an individual (hereafter collectively referred to as the "Employer" or "Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

    A.    The Secretary has filed a Complaint and Amended Complaint, alleging that the Defendants violated provisions of Sections 15(a)(2) and 15(a)(5), 29 U.S.C. § 215(a)(2) and 29 U.S.C. § 215(a)(5), of the Fair Labor Standards Act of 1938, as amended ("FLSA").

    B.    The Defendants have appeared through counsel, have answered the com plaint, have been duly advised on the proceedings, and have agreed to resolve the matters in controversy in this civil action by entry of this Consent Judgment.

    C.    The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

    D.    The Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Eastern District of California.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

**I.    INJUNCTIVE RELIEF**

**ORDERED, ADJUDGED, AND DECREED** pursuant to section 17 of the FLSA that the Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(2) and 15(a)(5), 29 U.S.C. § 215(a)(2) and 29 U.S.C. § 215(a)(5) of the Fair

Labor Standards Act of 1938, as amended ("FLSA"), in any of the following manners:

### A. Minimum Wage

Defendants shall not, contrary to sections 6 and 15(a)(2) of the FLSA, pay any of their employees who in any workweek is engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at a rate less than the applicable minimum hourly rate prescribed by said § 6 as now in effect or which hereafter may be made applicable by amendment thereto for each Hour Worked (or at a rate less than such other applicable minimum rate as may hereinafter be established by amendment to the Act); the term Hours Worked is defined in Paragraphs E through G below.

### B. Overtime

Defendants shall not, contrary to sections 7 and 15(a)(2) of the FLSA, employ any of their employees who in any workweek is engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his or her employment in excess of forty Hours Worked at a rate not less than one and one-half times the regular rates at which he or she is employed.

### C. Recordkeeping

Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the FLSA, fail to make, keep and preserve records of their employees and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the regulations promulgated under Section 11(c) of the Act at 29 C.F.R. Part 516, and, in particular, to keep records of all Hours Worked by employees, including

during each shift, all sleep interruptions and the total straight time and overtime earnings for each workweek.

### D. Withholding of Back Wages

Defendants shall not withhold payment of unpaid minimum wage and overtime compensation, as set forth in Paragraph II(A) below, for the period from June 1, 2002, through the date of entry of this Consent Judgment, to Defendants' present and former employees named in Exhibit A, attached hereto and made a part hereof. Payment of the monetary terms prescribed below in Paragraph II (A) below shall be deemed to satisfy any and all obligations for back wages owing to said employees through the date of entry of this Consent Judgment.

### E. Hours Worked

The parties intend that the term "Hours Worked" as used will in this Consent Judgment shall mean Hours Worked as provided by 29 CFR Part 785, and shall specifically include all hours that Defendants' employees are on-duty, as follows:

1. All hours that an employee is on-duty during a 24-hour shift constitute compensable Hours Worked within the meaning of 29 C.F.R. Section 785.14 and 785.15, except for those time periods which meet all applicable criteria listed in either Section F for Off-Duty time or Section G for Sleep time (below). Each of the criteria applies unless an exception is specified in this document.

2. Hours Worked shall include all hours during which employees, including employees who reside on Defendants' premises on a permanent basis or for extended periods of time, are required to be On-Duty in order for Defendants to comply with conditions of their licenses, contracts, governing state regulations and Alta California Regional Center.

3. Hours Worked include all hours spent providing direct client care, including supervision and monitoring, and such hours are not rendered non-

compensable solely because the employee also engages in normal personal pursuits at the same time.

### F. Off-Duty

The only non-sleep hours during the employees' shifts that Defendants will exclude from Hours Worked as non-compensable are periods meeting all of the following criteria:

1. All meal breaks which are 30 minutes long or longer AND for which the employee is completely relieved from supervising or monitoring clients for the entire period;

2. All hours in which an employee is given a break from duty at least four (4) consecutive hours long, is scheduled in advance in writing with a definite start and end time, during which he or she is relieved of all duties, including client monitoring, and can leave the premises, which details are recorded by Defendants.

### G. Sleep Time

For employees on duty for 24 hours or more, Defendants may exclude from compensable daily Hours Worked no more than eight (8) sleep hours per 24-hour shift, if all of the following criteria are met:

1. With the exception of a married couple or some other consenting pair of individuals sharing a sleeping room with each other, no one may be requested to share a sleeping room with any other person and no sleeping room may accommodate more than two persons;

2. Defendants will establish and actively implement a bona fide system to record all interruptions in sleep and count all calls to duty as Hours Worked; and

3. Defendants will count the entire sleep period as Hours Worked if the sleep period is interrupted to such an extent that the employee cannot get five hours of uninterrupted sleep.

### H. Right to Inspect

Defendants agree that they will provide to Plaintiff such documents as it shall request without the requirement of a subpoena or other formal legal process. Defendants shall not withhold any documents or information from Plaintiff on the basis of client confidentiality, but shall provide any documents containing

4
CONSENT JUDGMENT
Case No. 2:05-cv-1306-GEB-KJM

672212.06

confidential client information to Plaintiff under the same terms of confidentiality as the Protective Order entered into and filed previously in this action. Nothing in this Judgment is intended to limit Plaintiff's right to conduct investigations into Defendants' FLSA compliance.

## I.  Surrender of License Upon Adjudicated Violation

Defendants agree to surrender their care home operating license if any of them or any entity they own or control is adjudicated in a final, enforceable judgment to be in violation of any state or federal minimum wage or overtime law (an "Adjudicated Violation") in any proceeding before a state or federal court or any state or federal administrative tribunal, subject to all rights of appeal or reinstatement that might otherwise be available to care home licensees who suffer license suspensions or revocations. Defendants agree that Plaintiff may intervene and participate in any proceeding in which Defendants' licensing status is at issue following an Adjudicated Violation so that it may raise any wage and hour concerns or objections that it may have.

## II.  MONETARY RELIEF

**JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c) of the FLSA, in favor of the Secretary and against George Hall, Jasmine Hall, Inc. and Hall Care Homes in the total amount of $850,000, as follows:

### A. Payment Terms

George Hall, Jasmine Hall, Inc. and Hall Care Homes shall pay to the Secretary a total sum of $850,000 upon the following payment schedule. The first payment of $100,000 shall be made upfront (i.e. within 60 days of the entry of this judgment); a payment of $200,000 within six months of the date of the judgment; and the remaining amount of $550,000 shall be due September 30, 2013. An extension of time to pay hereunder may be granted by the Plaintiff or by this Court upon a showing of clear financial hardship. The availability of discretionary extensions

shall not confer upon Defendants any entitlement to such an extension.

Plaintiff shall distribute the proceeds of the payments described in paragraph II(A) to those persons and in those amounts determined by plaintiff. Plaintiff shall be responsible for deducting from the amounts paid to said persons the employees' share of F.I.C.A. and federal income taxes, and for remitting said deductions to the appropriate federal agencies.

Defendants shall pay interest of .21%, pursuant to 28 U.S.C. 1961, on all payments made 90 days after the entry of the instant consent judgment. Defendants may pay the remaining balance due in full at any time with no additional penalty or interest. Upon any failure to make a required payment without the express approval of Plaintiffs or the Court, the entire balance will become due and owing immediately. Interest on the unpaid balance shall accrue at a rate of 10% per annum. In addition, liquidated damages in an amount equal to the unpaid back wages still owing pursuant to this Section II(b) shall also become due.

**B. Covered Employees**

The attached Exhibit A shows the names of each employee of Defendants, the period of employment covered by this Consent Judgment, and the gross backwage amount due to the employee. The Secretary shall allocate and distribute the remittances, or the proceeds thereof, after deducting the amount of legal deductions and forwarding said funds to the appropriate agencies, to the persons named in the attached Exhibit A, or to their estates if that be necessary, in her sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be deposited by the Secretary in a special deposit account for payment to the proper persons and upon such inability to pay within 3 years, shall then be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

### C. Other terms

Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the defendants or to someone else for the defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of his judgment or the Act; nor shall defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the defendants under the provisions of this judgment or the Act.

## III. OTHER RELIEF

### A. Preclusive Effect

The filing, pursuit, and/or resolution of this proceeding with the filing of this Consent Judgment shall not act as or be asserted as a bar to any action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named on the Exhibit A attached to the Consent Findings and incorporated hereto by reference, nor as to any employee named on the Exhibit A for any period not specified herein for the back wage recovery provisions.

### B. Fees

Each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended.

### C. Jurisdiction

This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

**SO ORDERED.**

Dated: July 3, 2012

U.S. DISTRICT COURT JUDGE

1 | For the Defendants:

3 | Dated:
  | 7/3/12

JASMINE HALL CARE HOMES, INC., a corporation

By: *George Hall*
Its: Owner

7 | Dated:
  | 7/3/12

HALL CARE HOMES, INC., a corporation

By: *George Hall*
Its: Owner

11 | Dated:
   | 7/3/12

By: *George Hall*
GEORGE J. HALL, in his individual capacity

16 | Dated:
   | 7/3/2012

By: *Estella O Hall*
ESTELLA OCAMPO HALL, in her individual capacity

21 | Dated:
   | 7/3/2012

KEKER & VAN NEST LLP

By: *[signature]*
JON STREETER
MICHAEL D. CELIO

Attorneys for Defendants JASMINE HALL CARE HOMES, INC., HALL CARE HOMES, INC., GEORGE K. HALL, and ESTELA HALL

1  Dated: 7/3/12

|  |  |
|---|---|
|  | M. PATRICIA SMITH<br>Solicitor of Labor<br>JANET HEROLD<br>Regional Solicitor<br>DAVID KAHN<br>Counsel For Employment Standards |
| By: | */s/ Jan M. Coplick*<br>JAN M. COPLICK<br>Senior Trial Attorney<br>ANDREW SCHULTZ<br>Trial Attorney<br>LEON PASKER<br>Trial Attorney |
|  | Attorneys for the Plaintiff<br>U.S. Department of Labor |

## EXHIBIT A

| NAME | BACK WAGES | INTEREST | TOTAL |
|---|---|---|---|
| Alemendrias, Feliciano | $44,496.75 | $82.45 | $44,579.20 |
| Alemendrias, Lourdes | $41,295.14 | $76.52 | $41,371.66 |
| Alemendrias, Oliver | $9,227.90 | $17.10 | $9,245.00 |
| Alviz, Ofelia | $1,339.18 | $2.48 | $1,341.66 |
| Arreola, Rebecca | $8,368.81 | $15.51 | $8,384.32 |
| Aying, Thelma | $18,380.44 | $34.06 | $18,414.50 |
| Bangayan, Erlinda | $2,494.79 | $4.62 | $2,499.41 |
| Camba, Virginia | $27,628.03 | $51.19 | $27,679.22 |
| Conley, Jamie | $10,626.39 | $19.69 | $10,646.08 |
| Daproza, Rosita | $29,132.75 | $53.98 | $29,186.73 |
| Darwin, Antonio | $35,950.37 | $66.61 | $36,016.98 |
| Darwin, Grace | $37,359.67 | $69.23 | $37,428.90 |
| Darwin, Lanie | $7,258.19 | $13.45 | $7,271.64 |
| DeGuzman, Da | $7,359.66 | $13.64 | $7,373.30 |
| DeGuzman, Jer | $22,745.98 | $42.15 | $22,788.13 |
| Dissanayaka, Priyanka | $31,961.82 | $59.22 | $32,021.04 |
| Fernandez, Erlinda | $4,978.94 | $9.23 | $4,988.17 |
| Glover, Joyce | $2,702.13 | $5.01 | $2,707.14 |

*Exhibit A to Consent Judgment*     Page- 1

| | | | |
|---|---|---|---|
| Greene, Darin | $1,908.68 | $3.54 | $1,912.22 |
| Kennedy, Arnita | $2,704.40 | $5.01 | $2,709.41 |
| Lastimosa, Josefa | $7,903.84 | $14.65 | $7,918.49 |
| Lowery, V. | $2,433.62 | $4.51 | $2,438.13 |
| Magpali, Teresita | $1,371.71 | $2.54 | $1,374.25 |
| Mangosing, Lozviminda | $29,587.47 | $54.82 | $29,642.29 |
| Mangosing, Sergio | $27,456.70 | $50.88 | $27,507.58 |
| Manteaw, Samuel | $2,399.02 | $4.45 | $2,403.47 |
| Marose, Tiffany | $903.74 | $1.67 | $905.41 |
| Mata, Gloria | $10,376.51 | $19.23 | $10,395.74 |
| Mendoza, Genoveva | $26,909.61 | $49.86 | $26,959.47 |
| Mendoza, Louzon | $1,810.86 | $3.36 | $1,814.22 |
| Mendoza, Rosa | $22,197.69 | $41.13 | $22,238.82 |
| Panares, Evelyn | $20,352.04 | $37.71 | $20,389.75 |
| Pilar, Emiliana | $37,382.14 | $69.27 | $37,451.41 |
| Pilar, Miliano | $42,434.05 | $78.63 | $42,512.68 |
| Ramirez, L. | $6,799.99 | $12.60 | $6,812.59 |
| Rowe, Kimberly | $964.42 | $1.79 | $966.21 |
| Saducos, Adelaide | $27,653.25 | $51.24 | $27,704.49 |
| Santiago, Ian | $5,548.05 | $10.28 | $5,558.33 |
| Santiago, Josefina | $4,638.79 | $8.60 | $4,647.39 |

*Exhibit A to Consent Judgment*     Page- 2

| | | | |
|---|---:|---:|---:|
| Santiago, Larry | $9,120.36 | $16.90 | $9,137.26 |
| Santiago, Leo | $26,249.44 | $48.64 | $26,298.08 |
| Santiago, Luz | $1,119.93 | $2.08 | $1,122.01 |
| Santiago, Virgil | $22,924.89 | $42.48 | $22,967.37 |
| Santiago, Virginia | $10,268.30 | $19.03 | $10,287.33 |
| Sobrepena, Benita | $1,086.07 | $2.01 | $1,088.08 |
| Sorkness, Amy | $22,835.63 | $42.31 | $22,877.94 |
| Stephson-Minor, M. | $6,614.63 | $12.26 | $6,626.89 |
| Tetteh, Mabel | $39,276.02 | $72.78 | $39,348.80 |
| Vasquez, Josefa | $30,038.80 | $55.66 | $30,094.46 |
| Wellington, Grace | $23,318.92 | $43.21 | $23,362.13 |
| Williams, Marsha | $1,817.80 | $3.37 | $1,821.17 |
| Ybanez, Constancia | $28,285.67 | $52.41 | $28,338.08 |
| | **$850,000.00** | **$1,575.05** | **$851,575.05** |